IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00886 - *MEH*

Malibu Media, LLC,

      Plaintiff,

v.

Jeff Fantalis and Bruce Dunn

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 3 2012

GREGORY C. LANGHAM
CLERK

---

DEFENDANT'S OPPOSITION TO FIRST AMENDMENT LAWYERS ASSOCIATION'S
MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

Defendant, Jeff Fantalis, by way of Response to the Motion of First Amendment Lawyers Association (the "FALA"), for Leave to File an Amicus Curiae brief (the "proposed amicus brief") says:

1. Only this Court can determine whether and to what extent the proposed amicus brief offered by FALA may be of assistance to this court. However, Defendant respectfully submits the following in opposition to the interference of FALA in this litigation.

2. FALA offers no citation to the Federal Rules of Civil Procedure or any statute which would justify or support its highly unusual request for involvement in this litigation, merely suggesting that it would be "useful" to this Court and has been done before. It is rarely and not, as FALA suggests, "regularly" that a trial court will permit an outsider to insert itself into a litigation.   In fact, it is only at the Appellate level that the Rules of Court anticipate the involvement of an *amicus curiae*. Fed. R. App. P. 29.

1

3. If judged by the standards set forth by that Rule, the papers submitted by FALA are deficient. For example:

    a. Fed. R. App. P. 29(c)(1) requires that any corporate entity wishing to file an amicus brief must file a disclosure statement pursuant to Fed. R. App. P. 26.1. FALA is, according to their website, a not-for-profit "incorporated association";

    b. Fed. R. App. P. 29(c)(2) requires a table of contents;

    c. Fed. R. App. P. 29(c)(3) requires a table of authorities;

    d. Fed. R. App. P. 29(c)(5) requires a statement that indicates whether (A) a party's counsel authored or co-authored the brief, or (B) whether a party or party's counsel contributed money to the preparation or submission of the brief, or (C) whether any person other than FALA, its counsel or its members contributed money to the preparation or submission of the brief.

4. It is this last aspect of the Appellate rule that is the most troubling to Defendant and that should cause this Court the most concern. For it is very clear, despite FALA's assertion that it has "no fiscal or direct interest in this litigation" (Motion, p.2) that there is in fact an obvious connection between FALA and the plaintiff, and a financial motive behind the filing of the amicus brief by FALA.

5. Connection between FALA and Plaintiff: As noted above, FALA is deeply entrenched in protecting and defending the interests of the pornography industry. Many of FALA's clients are involved in precisely the kind of mass Bittorrent copyright infringement litigation being pursued by Plaintiff against Defendant. In fact, the attorney on the brief, Mark Randazza, has filed no fewer than one dozen lawsuits on behalf of pornography purveyor Liberty Media Holdings LLC, utilizing the same general litigation model as described in the First Amended Answer and Counterclaim in this matter. By becoming involved as an "amicus," FALA is able to bring to bear additional attorney resources on behalf of Plaintiff. Thus, despite FALA's claim that it has "no position" and "supports

neither party" on any of the other issues in this case, many of FALA's member attorneys, including the attorney on the brief, have a definite and substantial financial interest in the outcome of this litigation being favorable to Plaintiff, and that financial interest motivates their involvement.  If Plaintiff succeeds here, FALA's member attorneys can continue to harass and intimidate citizens across the country with their Bittorrent lawsuits; if Defendant prevails, FALA attorneys will lose that lucrative source of income.

6. Financial motive behind the proposed amicus brief:  FALA asserts in its motion that its "mission" is to "protect and defend" the First Amendment, which is certainly a noble and laudable goal.  But what FALA is primarily concerned with, and what is abundantly clear from even a cursory review of the proposed brief, is protecting the financial interests of its clients and by extension, of itself.

7. In the papers submitted to this court, FALA states that its "members often represent adult entertainment companies' interests in copyright matters" and that FALA members have "successfully prosecuted significant copyright infringement matters on behalf of numerous adult entertainment companies." Proposed Amicus Brief at 3-4.  In another amicus brief filed in a Florida appeal, the FALA asserted, "The membership of the First Amendment Lawyers Association collectively represents the vast majority of adult website operators in the United States." *Wilson v. Judd*, Fla. Dist. Ct. of App. Case # 2D-05-6073 at 5.  In every one of the cases FALA points to as evidence of its expertise (Proposed Brief, p. 3-4; Motion, p. 2), FALA represented the interests of the pornography industry.

8. Thus, FALA is not a disinterested entity seeking to protect a high-minded legal principle. It is financially interested in this court's decision with regard to whether pornography can be validly copyrighted.  The bulk of its clients' income results from the production and sale of pornography (and proceeds from lawsuits for infringement, as noted above). Therefore, for all its noble words about "chilling effects," the bottom line of FALA's brief is

that FALA's clients will lose their source of income if this court finds that pornography is not protected by copyright. By extension, FALA, as their attorneys, would lose the money they make from representing their pornography industry clients. For FALA, this case isn't about freedom of speech; it's about money.

9. The FALA request to dismiss, out of hand, Defendant's counterclaim that Plaintiff's works are obscene and therefore not copyrightable is wholly inappropriate, especially at this stage of the litigation. As has been noted previously to the Court, neither the 10th Circuit, nor the Supreme Court has ever decided this issue directly. The proposed amicus brief is devoid of any precedential authority for the position that it asserts. In essence, the FALA seeks, *inter alia*, for this Court to *sua sponte* grant summary judgment for the Plaintiff finding that: 1) pornographic depictions of sexual acts are not obscene; 2) pornographic depictions of sexual acts in the works at issue are not obscene; 3) pornographic depictions of sexual acts are broadly original and creative as a whole and thus copyrightable; and 4) the pornographic depictions of sexual acts in the works at issue are original and creative as a whole and thus copyrightable; and 5) obscenity is not an affirmative defense to copyright infringement. Such factual determinations remain within the purview of the jury as the sole finder of fact which will be called upon to evaluate the works in question and apply the proper community standards to determine if, in fact, the works are obscene. *Miller v. California*, 413 U.S. 15 (1973). As a matter of law such factual determinations are exclusively for a jury to decide. After the jury has determined the facts, if one the parties wish to appeal such findings, the role of the FALA as *amici* would be more appropriate to help inform the appellate process, always bearing in mind, however, their financial interests in this case.

10. Finally, the nature of the summary relief sought by both FALA and Plaintiff is premature as no discovery has even taken place in this case making any factual determinations speculative at best. Defendant's affirmative defense is a question of first impression in

the 10th Circuit, and with no Supreme Court direction, a legally valid defense at this stage. Further, Defendant has pled sufficient facts to support a plausible and valid affirmative defense and as such, summary adjudication, whether in the form of a 12(b) motion to dismiss or summary adjudication under Rule 56 should not even be considered at this stage of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). (Rule 56(f) requires "that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to [their] opposition."); *see also Hellstrom v. United States Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2nd Cir 2000) ("Only in the rarest cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.")

11. For all of the foregoing reasons, it is respectfully requested that the Court deny FALA's motion to submit the proposed amicus brief. If, however, the Court determines that it wants to allow FALA's amicus brief, it is respectfully requested that the Court carefully weigh the financial motivations and biases underlying FALA's submission. Neither FALA nor its client base wishes to see their profits erode because of the outcome of this case, and that, with all due respect, is the only reason for their request to become involved.

Respectfully submitted,

Jeff Fantalis
Defendant *pro se*
818 Trail Ridge Drive
Louisville CO 80027
(303) 482-1211

Dated:        August 21, 2012

## CERTIFICATION OF SERVICE

I, Jeff Fantalis, hereby certify that on August 21, 2012, I caused this Opposition to First Amendment Lawyers Association's Motion for Leave to File an *Amicus Curiae* Brief to be filed with the Clerk of the Court by U.S. Mail, with Delivery Confirmation, at the following address:

Clerk's Office
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589

On the same date, I served a copy of this Opposition to First Amendment Lawyers Association's Motion for Leave to File an *Amicus Curiae* Brief upon Plaintiff by U.S. Mail with delivery confirmation and courtesy e-mail to Plaintiff's attorney of record, pursuant to agreement with counsel:

Jason A. Kotzker
Kotzker Law Group
9609 S. University Blvd. #632134
Highlands Ranch CO 80163
Email: jason@klgip.com

On the same date, I served a copy of this Opposition to First Amendment Lawyers Association's Motion for Leave to File an *Amicus Curiae* Brief upon amicus First Amendment Lawyers Association (FALA) by U.S. Mail with delivery confirmation and courtesy e-mail to FALA's attorney of record, in the same manner it was provided to Defendant:

Marc J. Randazza
National Secretary
First Amendment Lawyers Association
c/o Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
Email: mjr@randazza.com

Jeff Fantalis
Defendant *pro se*

Dated:          August 21, 2012