IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 27 2012

GREGORY C. LANGHAM
CLERK

Civil Action No. 1:12-cv-00886 MEH

Malibu Media, LLC,

    Plaintiff,

v.

Jeff Fantalis and Bruce Dunn

    Defendants.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION
TO DISMISS DEFENDANT'S COUNTERCLAIM

Defendant, Jeff Fantalis, by way of response to Plaintiff, Malibu Media LLC's motion pursuant to Fed. R. Civ. P. 12(b)(6) says:

1. Today, August 24, 2012, I have filed a Second Amended Answer and Counterclaim with the Clerk of this Court. A copy of the filing letter is attached hereto as **Exhibit A**.

1

2. This Second Amended Answer and Counterclaim is filed pursuant to Fed. R. Civ. P. 15(a)(1) which provides in relevant part: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

3. As Plaintiff filed a Motion to Dismiss pursuant to Rule 12(b)(6) on August 8, 2012, Defendant is within the 21 days provided by Rule 15(a)(1)(B).

4. The Plaintiff's Motion to Dismiss pursuant to Rule 12(b)(6) is rendered moot by the filing of this Second Amended Answer and Counterclaim. The factual and legal issues raised by Plaintiff in its Motion either were without merit or have been addressed by the Second Amended Answer and Counterclaim. It is respectfully submitted that no purpose would be served, and that on the contrary, needless judicial time and resources would be spent if Plaintiff were to insist upon a decision on this Motion. Accordingly, it is respectfully requested that the Court enter an order dismissing Plaintiff's motion as moot.

5. In the event that the Court decides to rule on the merits of the motion, Defendant respectfully requests the opportunity to respond to the merits and additional time in which to do so.

6. Defendant also respectfully requests that, prior to filing yet another Motion to Dismiss, Plaintiff be instructed to comply with Judge Krieger's practice standards or similar guidelines which require counsel to confer and specify exactly where counsel believes the pleadings to be insufficient, so that further motion practice may be avoided on this issue of the pleadings.

7. This is Plaintiff's second Motion to Dismiss, and the third time Defendant is filing an Answer and Counterclaim in this action. At this point, nearly five months

2

since Plaintiff filed its Complaint, it is respectfully requested that the Plaintiff be directed to cease its delaying tactics and move forward with the substantive issues in this case which, it should not require pointing out, the Plaintiff started. Plaintiff's R.26(a) disclosure did not identify a single witness or list a single document upon which Plaintiff intends to rely at trial. Discovery requests have been met with demands for a blanket protective order covering everything up to and including the identity of Plaintiff's owners. Plaintiff clearly has no desire to move forward with this case.

8. Even if Plaintiff succeeds in winning a dismissal of any or all of Defendant's claims against it (which is highly unlikely), said dismissal will be without prejudice. Discovery will continue, and Defendant will be able to renew those claims at a later date, and may possibly uncover new claims to assert against Plaintiff during the course of discovery. Thus, Plaintiff's repeated attempts to dismiss Defendant's claims are truly misplaced and can only be viewed as a delaying tactic. Plaintiff will have ample opportunity to renew its opposition to Defendant's claims by bringing a motion for summary judgment after full and complete discovery is obtained by both sides whereupon the Court can evaluate the issues more completely, which, it is respectfully submitted, is the proper way for this issue to be handled.

WHEREFORE, Defendant respectfully requests that this Court enter an Order,

(A) Dismissing Plaintiff's Motion to Dismiss Defendant's Counterclaim as moot; and

(B) Denying Plaintiff's request for sanctions; and

(C) For such other and further relief as the Court may deem equitable and just.

Respectfully submitted,

Jeff Fantalis
Defendant *pro se*
818 Trail Ridge Drive
Louisville CO 80027
(303) 482-1211

Dated: August 24, 2012

## CERTIFICATION OF SERVICE

I, Jeff Fantalis, hereby certify that on August 24, 2012, I caused this Defendant's Response to Plaintiff's Second Motion to Dismiss Defendant's Counterclaim to be filed with the Clerk of the Court by U.S. Mail, Priority Delivery with Delivery Confirmation, at the following address:

Clerk's Office
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589

On the same date, I served a copy of this Defendant's Response to Plaintiff's Second Motion to Dismiss Defendant's Counterclaim upon Plaintiff by mailing to Plaintiff's attorney of record, by U.S. Mail, Priority Mail with Delivery Confirmation, at the following address (with a courtesy email):

Jason A. Kotzker
Kotzker Law Group
9609 S. University Blvd. #632134
Highlands Ranch CO 80163
jason@jklgip.com

*(signature)*
Jeff Fantalis
Defendant *pro se*

Dated: August 24, 2012

Jeff Fantalis
818 Trail Ridge Drive
Louisville CO 80027
jfantalis@hotmail.com
303-482-1211

August 24, 2012

Clerk of the Court
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589

Re:   Malibu Media LLC v. Fantalis and Dunn
      Case No. 1:12-cv-00886-MEH

Dear Sir/Madam:

Enclosed for filing please find the following:

(1) an original of the Defendant's Second Amended Answer and Counterclaim in the above referenced matter;
(2) an original of the Defendant's Response to Plaintiff's Second Motion to Dismiss Defendant's Counterclaim.

Defendant submits his Second Amended Answer and Counterclaim as of right pursuant to Rule 15(a)(1) which provides: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." As the Plaintiff in the above-referenced matter filed a Motion to Dismiss pursuant to Rule 12(b)(6) on August 8, 2012, Defendant is within the 21 days provided by Rule 15(a)(1)(B).

By copy of this letter, I am serving copies of these documents upon the plaintiff's counsel, Jason Kotzker, Esq.

Thank you for your assistance in this matter. If you need anything further from me, please do not hesitate to contact me.

Very truly yours,

/s/

Jeff Fantalis
Defendant *pro se*

CC:   Jason Kotzker, Esq. (w/ enclosures)

**EXHIBIT A**