# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00886-MSK-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JEFF FANTALIS and BRUCE DUNN,

    Defendants

_____/

## UNOPPOSED MOTION TO STRIKE DEFENDANT'S SECOND AMENDED COUNTERCLAIM AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Fed.R.Civ.P. 7 & 15, Plaintiff moves for the entry of an order striking Defendant's Second Amended Counterclaim, and files the following memorandum in support.

### I.    INTRODUCTION

On August 27, 2012, Defendant filed a Second Amended Counterclaim without leave of court or Plaintiff's permission. Under binding 10th Circuit precedent, the Second Amended Counterclaim has no legal effect and should be stricken.

### II.    FACTUAL BACKGROUND

#### A.    Defendant Filed a Second Amended Counterclaim Without Leave of Court or Plaintiff's Consent

On May 29, 2012, Defendant filed an Answer, Affirmative Defenses and Counterclaim. See CM/ECF 18. On June 25, 2012, Plaintiff filed a Motion to Dismiss the Counterclaim and served a Rule 11 Motion on Defendant for raising claims that were are not warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law. On July 16, 2012, the same day Defendant had to respond to the motion to

1

dismiss or voluntarily dismiss the frivolous claims contained in the Counterclaim, to avoid liability under Rule 11, Defendant filed an Amended Counterclaim, as a matter of right, under Fed. R. Civ. P. 15(a)(1).  On August 8, 2012, Plaintiff filed a motion to dismiss the Amended Counterclaim and simultaneously served Defendant with a Rule 11 motion.  On August 27, 2012, two (2) days before Defendant had to respond to the motion to dismiss or voluntarily dismiss the frivolous claims contained in the Amended Counterclaim, in an apparent attempt to avoid liability under Rule 11, Defendant filed a Second Amended Counterclaim erroneously believing it would moot the Motion to Dismiss the Amended Counterclaim.

      **B.**     **Defendant Erroneously Claimed Rule 15(a) Permits a Second Amendment**

Amazingly, Defendant filed its response to Plaintiff's Second Motion to Dismiss Defendant's Counterclaim quoting Rule 15(a) in which he erroneously claims that the Second Amended Complaint could be filed as a matter of right, see CM/ECF 61.   With all due respect to Defendant, the assertion that Rule 15(a) permits a second amendment is undermined by the plain language of the rule.

    **III.**     **ARGUMENT**

      **A.**     **The Second Amended Counterclaim Has No Legal Affect**

Fed.R.Civ.P. 15(a) states:

A party may amend its pleadings ***once*** as a matter of course:

(A)    Before being served with a responsive pleading; or

(B)    Within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

(Emphasis added.)  Here, Defendant ignored the limitation that a party may amend its pleading only ***once***, despite it being expressly set forth in Rule 15(a).  Consequently, under 10th Circuit

precedent, Defendant's Second Amended Counterclaim has no legal effect and should be stricken:

> [A]n amendment that has been filed or served without leave of court or consent of the defendants is without legal effect. *See Hoover v. Blue Cross & Blue Shield,* 855 F.2d 1538, 1544 (11th Cir.1988); *6 Charles Alan Wright et al., Federal Practice & Procedure § 1484,* at 601 (2d Ed.1990). It follows, then, that only an amended complaint that is in effect-that is, properly filed pursuant to the requirements of Rule 15-can supersede the original.

<u>Murray v. Archambo</u>, 132 F.3d 609, 612 (10th Cir. 1998).  <u>See also</u>, <u>Kanzler v. McLaughlin</u>, 2010 WL 1931026 (D. Colo. 2010), citing <u>Murray</u> approvingly in dicta.

### B.  The Second Amended Counterclaim Should Be Stricken

Striking the Second Amended Counterclaim is appropriate.  <u>See</u> <u>Coit v. Zavaras</u>, 2006 WL 3392949 (D. Colo. 2006) wherein Chief Judge Babcock, upon the recommendation of United States Magistrate Judge Hegarty, found "Plaintiff previously amended her complaint as matter of course under Fed.R.Civ.P. 15(a) . . . .  Accordingly, Plaintiff must seek leave of Court or consent of the Defendants to further amend her pleadings.  <u>See</u> Fed.R.Civ.P. 15(a).  Pro se status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants."  Based upon these finding, Chief Judge Babcock entered an order <u>striking</u> Coit's second amended complaint.

### IV.  CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court enter an order striking Defendant's Second Amended Counterclaim.

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH D.C. Colo. L. Civ. R. 7.1

Pursuant to D.C. Colo. L. Civ. R. 7.1(A), Plaintiff has conferred with Defendant, Mr. Fantalis. concerning the relief Plaintiff seeks herein. Mr. Fantalis consents to the present motion.

By: /s/*Jason Kotzker*
Jason Kotzker

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ *Jason Kotzker*

Jason Kotzker