IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 3 1 2012

GREGORY C. LANGHAM
CLERK

Civil Action No. 1:12-cv-00886-MEH

_____

Malibu Media, LLC,

       Plaintiff,


v.

Jeff Fantalis and Bruce Dunn

       Defendants.

_____


### DEFENDANT/COUNTERCLAIMANT'S MOTION TO WITHDRAW SECOND AMENDED ANSWER & COUNTERCLAIM

       Defendant, Jeff Fantalis, hereby moves the court for leave to withdraw the Second Amended Answer and Counterclaim (Docket 62) and says:

1. On or about August 24, 2012, I submitted to the Clerk's Office for filing a Second Amended Answer and Counterclaim in this matter, as well as a Response to Plaintiff's Second Motion to Dismiss. I am attaching a copy of the filing letter as **Exhibit A**.

2. I believed that I was entitled to file this Amended Answer and Counterclaim as of right pursuant to Fed.R.Civ.P. 15(a)(1) which provides for amending pleadings as a matter of course within 21 days of the filing by the opposing party of a motion to dismiss. However, I made a mistake, in that the Rule provides that this is a one time

opportunity as of right; after that, any amendments may only be made by leave of the Court.

3. Plaintiff's attorney pointed out this error in an email on August 28, 2012 at approximately 1:07 p.m.  Unfortunately, that day was also the last day for me to submit a response to Plaintiff's Motion to Dismiss. This placed me in a difficult position as far as timing, because since I cannot access the ECF filing system, I cannot file anything via email and must rely on the mail.

4. I immediately checked the Court Rules and realized I had made a mistake.  What had happened was a simple misreading of the rule. Because Plaintiff's Motion to Dismiss alleged that there were insufficiencies in the pleading, I had decided that the best response to the Motion would be to file an amended pleading.  Unfortunately, I had not realized that the Rule required filing a Motion to seek the Court's permission to do so.

5. I apologize to the Court for this mistake and I respectfully ask for the opportunity to make it right.

6. The first step I took toward trying to make it right was to email Plaintiff's attorney Mr. Kotzker to agree with him that his reading of the rule was correct.  I told him that I would file a motion to withdraw the Second Amended Answer and Counterclaim and also file a motion to amend.  I asked him to consent to a short, three day extension so that I could file these documents (as Mr. Kotzker is aware, I do not have access to the ECF, and I have consented to extensions for him in the past). I also asked for his consent to a conference call with the court so that we could apprise the court of these developments.  That email was sent at approximately 2:13 p.m.

7. At approximately 4:19 p..m. Mr. Kotzker emailed me back agreeing to the three day extension for me to file my motion to amend.  He said he would be unable to have a

conference call on Thursday, August 30, 2012, but that he would be available on Friday. In reliance upon his consent, I proceeded to prepare these papers.

8. Then, at approximately 9:15 p.m., I received a second email from Mr. Kotzker withdrawing his consent to the three day extension and providing me with copies of three documents which he said he had filed via ECF:  an Unopposed Motion to Strike, a Notice of Withdrawal of the Unopposed Motion to Strike, and an Agreed Motion to Strike.

9. I was stunned that Mr. Kotzker could have done such a thing which was so clearly in contravention of what we had agreed to and which was so obviously a pointless litigation tactic (because the end result of his Motion to Strike will be precisely the same as the result of my Motion to Withdraw). Such a tactic could fairly be described as a display of bad faith.  We had an agreement with regard to what was going to be done, and then, after court had closed for the day and I had no recourse, Mr. Kotzker reneged on that agreement.

10. I am filing this motion to withdraw the Second Amended Answer and Counterclaim (Docket 62) and I am simultaneously filing a motion to file the proposed Second Amended Answer and Counterclaim. I respectfully ask that the court consider and rule upon these motions which are brought in good faith.  In addition, I would ask that the Court delay ruling on Plaintiff's Motion to Dismiss the First Amended Answer & Counterclaim pending the outcome of these two motions. In the event that the Court denies my Motion to Amend, it is respectfully requested that I be given additional

time in which to respond to Plaintiff's Motion to Dismiss the First Amended Answer &

Counterclaim.

Respectfully submitted,

Jeff Fantalis
Defendant *pro se*
818 Trail Ridge Drive
Louisville CO 80027
(303) 482-1211

Dated:          August 30, 2012

## CERTIFICATION OF SERVICE

I, Jeff Fantalis, hereby certify that on August 30, 2012, I caused this Motion to Withdraw Second Amended Answer & Counterclaim to be filed with the Clerk of the Court by U.S. Mail, with Delivery Confirmation, at the following address:

Clerk's Office
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589

On the same date, I served a copy of this Motion to Withdraw Second Amended Answer & Counterclaim upon Plaintiff by U.S. Mail with delivery confirmation and courtesy e-mail to Plaintiff's attorney of record, pursuant to agreement with counsel:

Jason A. Kotzker
Kotzker Law Group
9609 S. University Blvd. #632134
Highlands Ranch CO 80163
Email: jason@klgip.com

_____
Jeff Fantalis
Defendant *pro se*

Dated:          August 30, 2012

Jeff Fantalis
818 Trail Ridge Drive
Louisville CO 80027
jfantalis@hotmail.com
303-482-1211

August 24, 2012

Clerk of the Court
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589

Re:   Malibu Media LLC v. Fantalis and Dunn
       Case No. 1:12-cv-00886-MEH

Dear Sir/Madam:

Enclosed for filing please find the following:

(1) an original of the Defendant's Second Amended Answer and Counterclaim in the above referenced matter;
(2) an original of the Defendant's Response to Plaintiff's Second Motion to Dismiss Defendant's Counterclaim.

Defendant submits his Second Amended Answer and Counterclaim as of right pursuant to Rule 15(a)(1) which provides: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." As the Plaintiff in the above-referenced matter filed a Motion to Dismiss pursuant to Rule 12(b)(6) on August 8, 2012, Defendant is within the 21 days provided by Rule 15(a)(1)(B).

By copy of this letter, I am serving copies of these documents upon the plaintiff's counsel, Jason Kotzker, Esq.

Thank you for your assistance in this matter. If you need anything further from me, please do not hesitate to contact me.

Very truly yours,


Jeff Fantalis
Defendant pro se

CC:   Jason Kotzker, Esq. (w/ enclosures)

EXHIBIT A