**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:12-cv-00886

MALIBU MEDIA, LLC,

        Plaintiff,

v.

JEFF FANTALIS, BRUCE DUNN, and
STEPHEN DEUS,

        Defendants.

---

**REPLY TO FANTALIS OPPOSITION TO
FIRST AMENDMENT LAWYERS ASSOCIATION'S
MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

---

The First Amendment Lawyers Association ("FALA," or the "*Amicus*") disagrees with Defendant Jeff Fantalis' ("Fantalis[']" or the "Defendant['s]") reasoning behind his objection to the proposed *amicus* before this Court.

**I. INTRODUCTION**

In his Opposition, Fantalis raises a number of misdirected and irrelevant arguments in an effort to keep *Amicus*' research and analysis away from the Court's eyes. As a layperson, Fantalis should be forgiven for his misunderstanding with regards to the purpose and function of an *amicus*. However, he should understand that the adversarial process is not one that functions on wild unfounded accusations. Fantalis claims that *Amicus*' proposed *amicus curiae* Brief (Doc. #56-1) (hereinafter, the "Brief"), which addressed the copyrightability of pornography, should be excluded because Fantalis concocts a fanciful tale of commercial gain. Fantalis' fantasy has no basis in fact or logic. *Amicus'* only interest here is to advocate for content neutrality. *Amicus'* concern is for continued rights for all original works and continued equal

protection for speech, even if that speech is offensive to Mr. Fantalis. In fact, *Amicus* advocates for a position that ultimately benefits Mr. Fantalis, even if it dispense with one of his claims.

## II. ARGUMENT

### A. The Proposed *Amicus* Should Not Be Denied for a Failure to Follow <u>Appellate</u> Rules

Defendant notes that *amicus* briefing is primarily considered in the Federal Rules for Appellate Procedure. Defendant fails to note that trial and district courts, including this one, regularly consider *amicus* briefs. See, e.g., *Righthaven LLC v. Wolf et al.*, Case No. 1:11-cv-00830 (Doc. # 26) (D. Colo. Sept. 6, 2011) (granting leave for *amici* Electronic Frontier Foundation and Citizens Against Litigation Abuse to file their respective amicus briefs); *Elektra Enter. Group. v. Barker*, 551 F. Supp. 2d 234, 237 (S.D.N.Y. 2008); *Liberty Media Holdings, LLC v. Tabora et al*, Case No. 12-cv-02234 (S.D.N.Y. June 25, 2012) (trial court accepted *amicus* briefing).

Defendant claims that the *amicus* brief is deficient because it does not adhere to the Appellate Rules. However, FALA's briefing complied with <u>this</u> Court's rules. If this Court requests that FALA modify its briefing to comply with some other court's rules prior to acceptance of its submission to this Court, FALA will comply.

Defendant expresses the most concern over the disclosure required by Fed. R. App. P. 29(c)(5). *Amicus* submits that no counsel for either party in this case has any authorship claim to the proposed brief. Furthermore, no counsel for either party in this case provided any compensation to FALA for the submission of the proposed brief. Finally, no other individuals or entities outside of FALA contributed money to the preparation of submission of the proposed brief. In fact, no party whatsoever provided any financial or other support to the preparation or submission of the brief except for the undersigned and his brilliant associate, J. Malcolm DeVoy, IV, Esq, who contributed only their labor. In fact, to remove the appearance of any outside interference, FALA declined to provide preview copies of its brief to either side, despite being asked for it by both.

**B.     *Amicus*' Participation in this Case is Appropriate Given *Amicus'* Nature, Membership, and Relationship to Issues at Bar.**

*Amicus*' participation in this case is appropriate because of its stake regarding both Copyrights and the First Amendement.  Fantalis overlooks the trend of allowing *amicus* briefs by parties interested in the litigation.  See, *U.S. v. Perelman*, Case No. 2:09-CR-00443-KJD-LRL, 2010 WL 3312627 (D. Nev. Aug. 19, 2010) (accepting non-participant's *amicus* brief); *PEST Committee v. Miller*, 648 F. Supp. 2d 1202, 1214 (D. Nev. 2009) (treating motions to intervene as amicus briefs); *Righthaven LLC v. Ctr. For Intercultural Organizing*, Case No. 2:10-cv-01322, Doc. # 19 (D. Nev., Filed Dec. 15, 2010).

The applicable rule is general, permissive, and commits the fundamental decision to the Court's discretion.  A party may appear and submit briefing as *amicus curiae* if, as here, "the amicus has unique information or perspective that can help the court," and if the information offered is both timely and useful. *Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003); *Long*, 49 F. Supp. 2d at 1178, (quoting *Waste Mgmt. of Pennsylvania v. City of York*, 162 F.R.D. 34 (M.D. Pa. 1995)).  The primary purpose of allowing *amicus* briefs is that the *amicus curiae* offers "insights not available from the parties," aiding the Court in making its decision. *Citizens Against Casino Gambling v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007).  In this case, a critical issue of law and policy is illuminated by the *amicus* brief, and the First Amendment Lawyers Association is not content to allow these critical issues to be addressed by the Plaintiff, whose interest in this case seems solely focused on addressing copyright infringement.  The Plaintiff cannot be expected to engage in public interest litigation when it is here to vindicate property interests and the Plaintiff may be willing to look past the larger public interest issues in vindicating its property rights.

Fantalis takes the position that the *Amicus* is an improper friend of the court because it is not "neutral."  It is neutral, but even if it were not, there is no requirement that an *amicus* be impartial. Indeed, the very notion of an impartial *amicus* is impossible to square with Fed. R. App. P. 29, which requires an *amicus* to have some "interest" in the case. *Neonatology Assocs.,*

*P.A. v. Comm'r*, 293 F.3d 128 (3d Cir. 2002). If an *amicus* had no view of the issues at bar it would have no cause to file papers in the first place.

As a party with an interest in the outcome of one portion of this litigation, but no direct involvement as plaintiff or defendant, *Amicus* has standing to submit its *amicus curiae* brief in this case. *Amicus* has not entered this case on either parties' behalf, nor does it seek to involve itself in any aspect of this case beyond Counterclaim VI. *Amicus*' participation is limited to the submission of its Motion for Leave and attached Brief (Docs. #56) relating to the copyrightability of pornography. *Amicus*' submission satisfies the requirements that all amicus briefs be useful and timely submitted.

**C.**     ***Amicus'* Brief is Useful to the Court**

For a court to properly consider an *amicus* brief, the *amicus*' submission must be useful. The basis for meeting this test is found in the submitting party's "unique information or perspective" found in its brief. *Sonoma Falls*, 272 F. Supp. 2d at 925. This unique viewpoint is most needed when, as here, the submission contains a perspective or information that is "not available from the parties," and upon satisfying themselves that an amicus offers it, courts are likely to grant leave to file an *amicus* brief in cases, such as this one, involving matters of public interest. *Andersen v. Leavitt*, Case No. 03-cv-6115 (DRH) (ARL) *2007 U.S. Dist. LEXIS 59108* at *6-7 (E.D.N.Y. Aug. 13, 2007).

*Amicus* is uniquely positioned to discuss the full panoply of ramifications both in terms of existing copyright and First Amendment law and the far-reaching effects a ruling on Counterclaim VI could have. The constitutionally-protected expressive activities all Americans would be chilled by an unjust result. In short, the *Amicus* has an organizational interest in how this Court rules and it is uniquely positioned to bring the most relevant perspective possible to the arsenal of understanding the Court will use when rendering its decision.

Defendant also claims that FALA's proposed briefing should not be accepted because the FALA has a financial interest in this issue at hand, due to the fact that a number of its member attorneys work on behalf of the pornography industry on a regular basis. While many FALA

members represent adult entertainment clients, this is hardly a "connection between FALA and the Plaintiff."

### III. CONCLUSION

This Court is justified in granting *Amicus'* Motion for Leave and should do so, allowing the First Amendment Lawyers Association's *Amicus* Brief to be part of the record in this case. *Amicus'* brief is not a motion to set aside Defendant's answer or counterclaims – not in any form, including any subversive means Fantalis might imagine – but is, rather, a presentation of the utmost relevance to the Court in assessing the copyrightability of erotic works of expression in light of applicable precedent and constitutional considerations. *Amicus'* submissions contain relevant information that is not available from any other party, and is unique for that reason alone, but it is of additional value because of *Amicus'* perspective as the representative of other content creators.

For the foregoing reasons, the First Amendment Lawyers Association requests that the Court grant the motion for leave to file the accompanying *amicus curiae* brief.

Dated this 6th day of September, 2012.

                                      COUNSEL FOR AMICUS CURIAE:

By:   /s/ Marc J Randazza
       Marc J. Randazza
       National Secretary
       First Amendment Lawyers Association
       c/o Randazza Legal Group
       6525 W. Warm Springs Road, Suite 100
       Las Vegas, NV 89118
       O: (888) 667-1113
       F: (305) 437-7662

CERTIFICATE OF SERVICE

       Undersigned hereby certifies that a true and accurate copy of the foregoing **MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF** was sent through the District of Colorado's ECF system on this 7th day of September 2012. Despite multiple attempts, this document was unable to be filed on the 6th of September 2012, because of system outages in the Court's ECF system. A copy was also sent via U.S. Mail to Defendant Jeff Fantalis at the address listed on the Court's docket.

                                           /s/ Marc J. Randazza
                                            Marc J. Randazza