**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-00886-MSK-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JEFF FANTALIS and BRUCE DUNN,

    Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO**
**EXTEND TIME TO FILE SECOND AMENDED ANSWER AND COUNTERCLAIM**
**AND MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM**

**I.    INTRODUCTION**

Defendant's irrelevant *ad hominen* attacks and frivolous claims should be brought to an

end.  The first step in doing that is to fix and analyze his pleadings.   In a desperate attempt to

avoid this analysis, on the eve of his counterclaim being evaluated, Defendant has twice

attempted to moot Plaintiff's motion to dismiss.   His last attempt should fail.   Indeed, to file a

tardy pleading, Defendant must satisfy the requirements of both Rule 16(b) and Rule 15(a).  But,

he cannot satisfy either rule.  Diligence is the *sin qua non* of "good cause" under Rule 16(b).

Nevertheless, Defendant *completely* fails to explain why, had he been diligent, he could not have

timely filed his Second Amended Answer, Affirmative Defenses and Counterclaim (the "2nd

Amended Pleadings.")  Instead, Defendant's sole basis for seeking the untimely enlargement is

that he thought Rule 15(a) permitted him to amend pleadings multiple times without leave.  First,

that claim is dubious, given the unambiguous *"once as a matter of right"* language in Rule 15(a).

Second, a party's "mistake of law," which is the only reason Defendant gave for the delay, has been universally adjudged insufficient to satisfy the "good cause" standard.

Additionally, Defendant cannot satisfy the requirements of Rule 15(a) because here the proposed 2nd Amended Pleadings would be futile. And, Defendant's actions demonstrate he is bringing the motion in bad faith and with a dilatory motive. Finally, permitting the 2nd Amended Pleading should not be allowed under Rule 15(a) because it will substantially prejudice Plaintiff.

## II.    PROCEDURAL HISTORY

### A. Defendant Moots Plaintiff's First Motion to Dismiss – Plaintiff Files A Second One

On May 29, 2012, Defendant filed an Answer and Counterclaim, CM/ECF 18. On June 25, 2012, Plaintiff filed a Motion to Dismiss the Counterclaim, CM/ECF 30. On July 10, 2012, Defendant filed an Amended Answer and Counterclaim, and a letter in Response to Plaintiff's Motion to Dismiss stating it was now moot, [CM/ECF 37]. Notably, Defendant's letter quotes Rule 15(a)(1): for the proposition that he is allowed to amend *once* as a matter of course. *Id*. On August 8, 2012, Plaintiff timely filed a Motion to Dismiss Defendant's Amended Counterclaim [CM/ECF 55].

### B. The Court Set August 17th As the Amendment Deadline

On July 17, 2012, this Court entered a Scheduling Order setting August 17, 2012 as the deadline to amend the pleadings. [CM/ECF 45].

### C.    14 Days After the Deadline, Defendant Filed A Motion For Leave to File a 2nd Amended Pleading

On August 31, 2012, fourteen (14) days after the deadline to amend pleadings, Defendant filed the instant motion for leave to file the 2nd Amended Pleading. [CM/ECF 69].[1]

---

[1] On August 27, 2012 Defendant filed the 2nd Amended Pleading, which was stricken because Defendant did not obtain leave of Court. *See* CM/ECF 61-68.

D.    The Amended Counterclaim and Proposed Second Amended Counterclaim Are Virtually Identical

Defendant's 2nd Amended Pleading contains the exact same counts as the First Amended Counterclaim:  (a) Abuse of Process (Count I), (b) Invasion of Privacy (Count II), (c) Defamation (Count III), (d) Intentional Infliction of Emotional Distress (Count IV), (e) Declaratory Judgment that Defendant is Not Liable to Plaintiff for Copyright Infringement (Count V), and (f) Declaratory Judgment that Plaintiff's Works are Not Entitled to the Protections of United States Copyright Law and (Count VI) [CM/ECF 39 & 66].

All of the new allegations in the 2nd Amended Pleading could have been set forth in the original or first amended counterclaim.  To wit: none of these allegations are based on information obtained from Plaintiff.  Further, Plaintiff agrees with Defendant that the new allegations "do[] not change the nature of the lawsuit," [CM/ECF ¶ 19].  Nor do the new allegations change the legal analysis in the motion to dismiss.   Underscoring this point is that none of Defendants' new allegations assert *anything* new that Plaintiff purportedly did to Defendant.

**III.    ARGUMENT**

A.  Legal Standard – Defendant Must Satisfy Rule 16(b) and 15(a)

Courts in the Tenth Circuit "repeatedly [] look[] to Rule 16(b)(4) when a party seeks leave to amend pleadings after the deadline for amending pleadings has passed." *Squires, ex rel. Squires v. Goodwin*, 2012 WL 37508, at *2 (D. Colo. 2012).  Rule 16(b)(4) states "[a] schedule may be modified ***only*** for good cause and with the judge's consent."   (Emphasis added.) "'Good cause'" means that [a] scheduling deadline[] cannot be met despite a party's diligent efforts." *Squires*, 2012 WL 37508, at *3 (citations omitted).  Only if the "good cause" standard is met, must a Court consider whether leave should be granted under Rule 15(a). *Id.* at *4.

Under 15(a), an amendment should be denied when it would be "futile" or when there has been "delay, bad faith, dilatory motive, repeated failure to cure deficiencies, [or] prejudice to the opposing party." *Id*. (citation omitted).   *Id*., *citing Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993), *and T.V. Communications Network*, 964 F.2d 1022, 1028 (10th Cir. 1992).

   B.  Defendant Cannot Satisfy Rule 16(b)

Defendant has not demonstrated good cause exists.  Indeed, he did not even cite Rule 16(b) nor argue he was diligent.  Nor could he make such an argument because all of the "new" allegations could have been pled in the original or amended counterclaim.   Moreover, Defendant's asserted failure to understand Rule 15(a)'s "once" language is incredible.  And, he does not even attempt to explain why he did not understand the plain language of this Court's Scheduling Order.   Instead, Defendant admits the amendment was desirable "[b]ecause Plaintiff's Motion to Dismiss asserted there were insufficiencies in the pleading, [and therefore,] Defendant had decided the best response to the Motion would be to file an amended pleading." CM/ECF 69 at ¶ 12.  This argument was expressly rejected in *Whitsitt v. County of San Mateo*, 2012 WL 174850, *2 (N.D. Cal. 2012), holding that Plaintiff's failure to figure out why his claims failed, until he read Defendant's  motion to dismiss, did not constitute good cause:

> The court agrees that Plaintiff did not establish good cause for the delay [in amending his pleadings].  Plaintiff provides neither case law for its position nor any reasonable supporting analysis.  At its core, Plaintiff's argument implies that it was Defendant's responsibility to make sure that Plaintiff conducted adequate preliminary research regarding the basic elements of Plaintiff's claim in a timely fashion.  Such an argument fails to establish good cause.

"Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Squires*, 2012 WL 37508, at *3.  *See also*, *Brown v. Commission on Human rights and Opportunities*, 2008 WL 687358, *5 (D. Conn. 2008) ("mistake of law" does not constitute "good cause" under the federal rules to enlarge a deadline.)   Here, Defendant's purported

inability to understand the plain language of Rule 15(a), this Court's Scheduling Order, and how to plead his case does not constitute good cause. And, "it is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend…especially when the party filing the motion has no adequate explanation for the delay…[.]") *Frank*, 3 F.3d at 1365-66.

   C.   Defendant's Fails to Satisfy Rule 15(a)

   Defendant fails to satisfy Rule 15(a) because the 2nd Amended Pleading would be "futile." Indeed, the 2nd Amended Pleading does not allege *anything* new that Plaintiff purportedly did to Defendant. And, every one of the actions taken by Plaintiff *vis-a-vis* Defendant was part of an-going federal court litigation. Consequently, each of Plaintiff's actions is absolutely privileged and Defendant's claims are barred as a matter of law. "It is well-settled in the Tenth Circuit that the Court "properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason…[.]" *Bradshaw v. Lappin*, 2012 WL 2045762, at *7 (10th Cir., June 7, 2012), *citing Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997).

   Defendant's *two* motions for leave demonstrate that Defendant is intentionally waiting until the midnight hour, after Plaintiff invests substantial resources into dismissing his claims, to sand bag Plaintiff with an attempted avoidance of Plaintiff's dispositive arguments. Defendant's actions are intended to "delay" the inevitable. And, his pattern of conduct demonstrates both his bad faith and his dilatory motive. Further, Defendant failed to cure deficiencies initially pointed out in Plaintiff's first motion to dismiss. Allowing Defendant yet another bite of the apple simply does not make sense. Further, it will prejudice Plaintiff by causing Plaintiff to incur more attorneys' fees for a third motion to dismiss, and because the pleadings need to be closed for the case to progress in a rationale manner. Indeed, Plaintiff objected to many of Defendant's

hundred plus discovery requests on the basis that they sought information that was neither relevant nor likely to lead to the discovery of admissible evidence that would be relevant to any claim will survive Plaintiff's motion to dismiss.  In short, this case and the discovery simply cannot proceed until Plaintiff's outcome dispositive motion is adjudged.  Toward that end, and perhaps out of an over-abundance of caution, as is undersigned custom, Plaintiff is waiting for the pleadings to close prior to propounding discovery.  Thus, if Defendant's amendment is allowed, it will prejudice Plaintiff by causing another four month delay.  Thus, the entire calendar will likely need to be enlarged by four to six months.  And, this is Defendant's intent.  Under these circumstances, Rule 15(a) does not permit an amendment.

## IV.    CONCLUSION

Since Defendant cannot satisfy either Rule 16(b) or Rule 15(a), his motion for leave to file the 2nd Amended Pleading should be denied.

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2012, a true and correct copy of foregoing document was served by U.S. Mail and e-mail to: Jeff Fantalis, 818 Trail Ridge Dr., Louisville, CO 80027.

By: /s/*Jason Kotzker*