FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 26 2012

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00886-MEH

---

Malibu Media, LLC,

    Plaintiff,

v.

Jeff Fantalis and Bruce Dunn

    Defendants.

---

### DEFENDANT'S REPLY TO PLAINTIFF'S
### RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO AMEND

Defendant Jeff Fantalis, by way of reply to Plaintiff Malibu Media LLC's response to Defendant's Motion for Leave to File a Second Amended Answer & Counterclaim, says:

The essential legal foundation of this motion is that a decision to allow or not to allow a party to amend its pleading rests firmly within the Court's discretion. Fed.R.Civ.P. 15(a)(2) provides that the Court "should freely give leave when justice so requires." Further, there is a presumption in favor of granting leave to amend. *See*, Moore, 3-15 Moore's Federal Practice – Civil § 15.14; *see also*, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

In the instant case, it is in the interests of justice to permit Defendant to amend his First Amended Answer and Counterclaim, as the filing of the Second Amendment was intended not only to supplement the record with critical information regarding Defendant's claims and defenses against Plaintiff, but also to respond to Plaintiff's accusations that its claims lacked factual support. In point of fact, Defendant made specific averments in the Second Amended Answer and Counterclaim, with evidentiary support not previously available to it, that Plaintiff knew or should have known of serious flaws in its IP collection techniques resulting in a 100% certainty that innocent individuals would be ensnared in its massive, nationwide litigation campaign.[1] Clearly, such facts, taken as true, are not futile and cannot be so easily dismissed as Plaintiff would claim. If Defendant is not permitted to file the Second Amended Answer and Counterclaim the record will not contain factual allegations critical to Defendant's claims. Such a result would be inequitable and contrary to the interests of justice.

Plaintiff claims that the allegations in the Second Amended Answer and Counterclaim could have been contained in the First Amended Answer & Counterclaim. However, such an unsupported assertion fails as a matter of fact. First, this statement is groundless as Plaintiff does not and cannot know when Defendant discovered his information. Indeed, the facts of this case are very fluid. As this Court is surely aware, there are, at any one time, hundreds of identical BitTorrent cases with literally thousands of defendants going on simultaneously around the country. The explosion in this kind of mass for-profit copyright litigation has invited increasing scrutiny from Courts. Indeed, Judge Baer of the Eastern District of New York recently likened such

---

[1] Malibu Media has filed some 341 cases against nearly 5,000 Does in 14 jurisdictions representing 10 Circuits.

plaintiffs to "copyright locusts [that] have descended on the federal courts..." Opinion and Order Vacating Prior Early Discovery, Case No. 1:12-cv-3719-HB, filed 9/4/12. As a result, literally each week, information is discovered and made public that alters and redefines this case in multiple ways despite Plaintiff's best efforts to remain behind a cloud of secrecy. Regardless, Plaintiff certainly is correct in saying that "none of these allegations are based on information obtained from Plaintiff" because to date, Plaintiff has not provided a single document or more than a handful of non-evasive answers to Defendant's discovery requests.[2]

Be that as it may, if as Plaintiff asserts, there is no substantial difference between the claims in the First Amended Answer and Counterclaim and the Second Amended Answer and Counterclaim, there can be no prejudice to the Plaintiff in allowing Defendant to file it. When Plaintiff filed its Motion to Dismiss, a great deal was made of factual insufficiencies, which Defendant has responded to in the Second Amended Answer and Counterclaim. The legal flaw regarding the "false light" tort has been removed. Thus, it is hard to see where filing the Second Amended Answer and Counterclaim, which attempts to respond to the problems Plaintiff complained of in the First Amended Answer and Counterclaim, will prejudice Plaintiff.[3]

Moreover, it is also hard to see how allowing these amendments now as opposed to another point before trial would prejudice Plaintiff, because, as the Court observed in the parties' last telephone conference, what really matters as far as defining

---

[2] The fact that Plaintiff uses the pending Motion to Dismiss as an excuse not to answer 60% of Defendant's discovery requests, which Plaintiff freely admits in its responding papers, gives a clear indication of which of these parties is attempting to work within the court rules and which party is purposefully attempting to circumvent them.

[3] As to the timing of these filings and Plaintiff's accusations of bad faith, Defendant leaves it to the Court to decide if any party acted in bad faith.

the issues for trial is what comes out of the pre-trial conference. If, after the filing of the Second Amended Answer and Counterclaim, Plaintiff decides it wants to file another motion to dismiss, it certainly is entitled to do that and further delay the progress of this case.  The better, more appropriate, proper course of action would be to answer the Counterclaim, assert as affirmative defenses those privileges which Plaintiff improperly seeks to use as a sword rather than a shield, proceed with discovery, and, if appropriate, bring a motion for summary judgment when the issues are ripe for such disposition.

Defendant has always been completely candid with the Court about his error with regard to his reading of Rule 15, both in these moving papers and in the telephone conference call with the Court and Plaintiff's counsel.  Once the error was brought to Defendant's attention, he acted with diligence and as quickly as possible to remedy the situation.  Defendant has proceeded in good faith throughout these proceedings, and has worked within the boundaries of the Court Rules to the best of his knowledge and ability.

Plaintiff presents itself to the Court as the aggrieved party that has been "put-upon" by Defendant's actions.  Such benefit of the doubt should not be extended.  Indeed, it is Plaintiff and its counsel who have repeatedly been taken to task by this Court and others for inappropriate, even abusive, litigation practices.  In Colorado, Judge Martinez has described Plaintiff's pattern of mass litigation as a shake-down. *Malibu Media, LLC v. John Does 1-5*, 1:12-cv-1405 (D.Colo.), Order Finding Joinder Improper and Dismissing Without Prejudice All Defendants Other Than John Doe 1,

July 25, 2012, pp. 9-10; see also *Malibu Media, LLC v. Felitti*, 2012 U.S. Dist. LEXIS 103393 at *14 (D. Colo. 2012) (same).

Plaintiff's abusive and inappropriate litigation tactics have been documented in this case already, as provided to the Court in Defendant's First Amended Answer & Counterclaim (Exhibit E, Declaration of John Doe) as well as in Defendant's most recent filing, where three attorneys and one other litigant who has been sued by Plaintiff have all provided signed Declarations. These Declarations attest to Plaintiff's refusal to comply with even the most basic Rule 11 duties in being offered – and refusing to accept – exculpatory evidence such as access to computers and proof of a verifiable hacking incident. See Exhibit A to Defendant's Response to Plaintiff's Motion for Rule 11 Sanctions, Docket 80). Such conduct indicates not isolated incidents but a pattern of inappropriate litigation behavior. Furthermore, in the Eastern District of New York, in *In Re BitTorrent Adult Film Copyright Infringement Cases,* Plaintiff's attorney Mr. Kotzker is currently under threat of sanctions for his failure to comply with a clearly worded court order; his excuse for his failure was that he made a mistake because he was busy with his personal life. 2:12-cv-1147-JS-GRB, Declaration of Jason Aaron Kotzker, Docket 131, Filed 8/15/12.[4] Yet Plaintiff does not want the same generosity or courtesy extended to Defendant that was extended to him. An accumulation of such questionable actions and lack of candor in its Rule 11, discovery and other statements to federal Courts cast doubt on the credibility of Plaintiff's complaints.

---

[4] This potential sanction is in addition to previous admonishments by the E.D.N.Y. Court that Plaintiff and counsel had engaged in litigation behavior was inappropriate, abusive and unfair. *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 U.S. Dist. LEXIS 61447 at *19 (E.D.N.Y. 2012) (noting that "plaintiffs have employed abusive litigations tactics to extract settlements from John Doe defendants"). Indeed, the Court went so far as to describe Plaintiff's justifications for such tactics as "rambling" and "farcical." *Id*. at n7.

For all of the foregoing reasons, it is respectfully requested that Defendant be permitted to file the Second Amended Answer and Counterclaim. Should Plaintiff decide that it wants to further delay this proceeding by filing yet another motion to dismiss, Defendant will have no hesitation in responding to the merits of that motion.

**WHEREFORE**: Defendant respectfully reiterates his request that the Court grant Defendant permission to file the Second Amended Answer and Counterclaim.

Respectfully submitted,

_____
Jeff Fantalis
Defendant *pro se*
818 Trail Ridge Drive
Louisville CO 80027
(303) 482-1211

Dated:     September 25, 2012

## CERTIFICATION OF SERVICE

I, Jeff Fantalis, hereby certify that on September 25, 2012, I caused this Response to Plaintiff's Motion for a Protective Order upon Plaintiff to be filed with the Clerk of the Court by U.S. Mail, with Delivery Confirmation, at the following address:

Clerk's Office
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589

On the same date, I served a copy of this Response to Plaintiff's Motion for a Protective Order upon Plaintiff by U.S. Mail with delivery confirmation and courtesy e-mail to Plaintiff's attorney of record, pursuant to agreement with counsel:

Jason A. Kotzker
Kotzker Law Group
9609 S. University Blvd. #632134
Highlands Ranch CO 80163
Email: jason@klgip.com

_____
Jeff Fantalis
Defendant *pro se*

Dated:     September 25, 2012