IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00886-MEH

MALIBU MEDIA, LLC,

    Plaintiff/Counter-Defendant,

v.

JEFF FANTALIS,

    Defendant/Counter-Claimant,

BRUCE DUNN,

    Defendant.

---

## ORDER ON MOTION FOR PROTECTIVE ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiffs' Motion for Entry of Protective Order [filed August 24, 2012; docket #60]. A response has been filed, and oral argument will not assist the Court in its adjudication. The Court **grants** the request for entry of a protective order, as follows.

This is one of dozens of similar cases in this District and hundreds or more currently in federal courts. In the Complaint, Plaintiff alleges that Defendants collectively infringed its copyrighted works using a BitTorrent file transfer protocol, resulting in a number of unrelated computers being connected and downloading movies without permission from or payment to the owner. Computers are connected in this manner for the purpose of sharing a file (otherwise known as a "swarm") that would otherwise be too large for one computer to download. The movies are broken into pieces, collected to another computer and given specific file names, and the reassembled into the stolen work.

An overwhelming number of these cases settle prior to any judicial proceedings, for

hundreds or low thousands of dollars. Sometimes dozens of defendants are joined in one lawsuit, although many district judges reject joinder and permit the case to proceed only against the first named defendant. The defendants are typically identified as "Does" in the Complaint. If these cases proceed far enough that a court appearance is necessary, the "Does" almost universally (current Defendant Fantalis excepted) request permission to proceed anonymously, due largely to the fact that the works allegedly being illegally downloaded are hardcore pornography.

In this current Motion, Plaintiff seeks entry of a protective order which will govern the confidentiality of documents shared in the discovery process. Defendant Fantalis wants a completely open and transparent discovery and trial process, with few limitations on use of discovery documents, in particular documents showing the names and affiliations of the various persons who run the Plaintiff's business and/or participate in the pervasive litigation currently ongoing in federal courts around the country. Defendant Fantalis asserts the public's right to monitor litigation and the presumption against secrecy in federal courts. Plaintiff alleges that it and its agents (including lawyers) have received threats and internet attacks because of the lawsuits, and it needs confidentiality for that reason as well as to protect trade secrets and other sensitive business information. Plaintiff has offered a form of protective order with its Motion, and Defendant has objected to it although has not offered any specific counterproposal.

The judicial officers in this District routinely enter protective orders following the basic outline of *Gillard v. Boulder Valley Sch. Dist. RE-2*, 196 F.R.D. 382 (D. Colo. 2000). I have done so numerous times. I believe these are appropriate tools to assist the exchange of sensitive information. I believe Plaintiff has established the need for a protective order here and, indeed, Defendant Fantalis does not object to the idea of an appropriate protective order. I have tried to fashion such an order considering the legitimate interests of both parties, and will enter the attached

Protective Order.  I have not included an "attorney's eyes only" provision, because Defendant Fantalis is *pro se* and does not seek such a designation.  If such need arises, I would consider an amended protective order.

Therefore, Plaintiffs' Motion for Entry of Protective Order [filed August 24, 2012; docket #60] is **granted** as set forth herein.

Dated at Denver, Colorado, this 26th day of September, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge