IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00886-MEH

MALIBU MEDIA, LLC,

   Plaintiff/Counter-Defendant,

v.

JEFF FANTALIS,

   Defendant/Counter-Plaintiff,

BRUCE DUNN,

   Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

   Plaintiff has filed a Motion for Entry of Default Judgment against Bruce Dunn [filed July 17, 2012; docket #41]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1.C, the Court adjudicates the motion by issuing this Report and Recommendation to the assigned District Judge.[1] For the reasons that follow, the Court recommends that United States District Judge Marcia Krieger **grant** the motion as set forth herein.[2]

---

[1]28 U.S.C. § 636(c) confers jurisdiction on me only as to parties who consent. Because a defaulting party by definition has not consented, the jurisdiction for entry of default judgment belongs to a United States District Judge. As this case was originally Judge Krieger's and was referred to me upon consent of Plaintiff and the only appearing Defendant, Jeff Fantalis, it appears that Judge Krieger would be the appropriate District Judge to rule on this Report and Recommendation.

[2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those

## **FINDINGS OF FACT**

1.    Plaintiff is the owner of numerous copyrighted movies.

2.    Defendant Dunn is the owner of a computer using an Internet Protocol (IP) address that, through the use of BitTorrent software, participated in a "swarm" by which numerous IPs uploaded and downloaded Plaintiff's copyrighted works from a website (known as a "Torrent site") that made the works available (without Plaintiff's permission) for copying and distribution. Because Plaintiff can only identify potential infringers by IP addresses associated with computers that were used to download Plaintiff's films, the Court previously granted Plaintiff leave to serve subpoenas on Internet Service Providers (ISPs) to determine the names and contact information of subscribers using those IP addresses. The identity and participation of a computer at Defendant Dunn's IP was determined though the use of IPP, Limited, a forensic investigative services firm, to locate and identify the IP address that participated in this swarm.

3.    In a recent opinion by District Judge William Martinez in this District, the court described the BitTorrent process as follows:

> In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm

findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."

The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

*Third Degree Films, Inc. v. Does 1-47*, No. 12-cv-02391-WJM-MEH, 2012 WL 4005842, at *1 (D. Colo. Sept. 12, 2012) (quoting *Diabolic Video Prods., Inc. v. Does 1-2099*, 2011 WL 3100404, *2 (N.D. Cal. May 31, 2011).

4.      By means of the BitTorrent process, a computer at Defendant Dunn's residence obtained copyrighted movies from the Plaintiff without authorization or payment.

5.      Plaintiff neither alleges nor requests actual damages in this case.

## PROCEDURAL HISTORY

Plaintiff initiated this action on April 4, 2012.  The case was originally drawn to United States District Judge Marcia Krieger and United States Magistrate Judge Michael Watanabe.  On May 6, 2012, Chief District Judge Wiley Daniel reassigned the case to the undersigned as a result of a decision to have the numerous, related cases in this District assigned to a single Magistrate Judge for efficiency purposes.  On May 4, 2012, a summons and complaint was personally served on Defendant Dunn.  Docket #16.  On June 1, 2012, Plaintiff filed a request for Clerk's Entry of Default as to Defendant Dunn.  Docket #19.  After filing an affidavit on June 13, 2012 attesting to the fact that Defendant Dunn is not serving in the military (docket #23), an Entry of Default was

docketed by the Clerk of the Court on June 14, 2012. Docket #24. Upon Judge Krieger's order and the consent of Plaintiff and Defendant Fantalis (the only parties appearing in the case), pursuant to 28 U.S.C. § 636(c) and D.C. Colo. L. Civ. R. 72.2(E), the case was transferred to me on July 18, 2012. Dockets #29 and #47.

## LEGAL STANDARDS

Fed. R. Civ. P. 55 governs motions for default judgment. Rule 55(b)(2) provides the authority for the District Court to enter default judgment. After an entry of default, a defendant cannot defend a claim on the merits. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) ("defendant, by his default, admits the plaintiff's well-pleaded allegations of fact") (quoting *Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir. 2002) (finding that "[a] default judgment is unassailable on the merits.")); *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990) ("[A] default judgment generally precludes a trial of the facts except as to damages.").

Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *See McCabe v. Campos*, No. 05-cv-00846-RPM, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008) (unpublished) (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994)). In determining whether a claim for relief has been established, the well-pleaded facts of the complaint relating to liability are deemed true. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *see also Personal Indus. Loan Corp. v. Forgay*, 240 F.2d 18, 20 (10th Cir. 1957) ("By failing to appear and permitting a default judgment to be entered, [defendant] admitted only facts well pleaded"). In addition, the court accepts the undisputed facts set forth in any affidavits and exhibits. *Deery American Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN, 2007 WL 437762, at *3

4

(D. Colo. Feb. 6, 2007) (unpublished).

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Cablevision of Southern Connecticut, Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001) (quoting *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A trial court is vested with broad discretion in deciding whether to enter a default judgment. *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987); *see also Weft, Inc. v. G.C. Inv. Assocs.*, 630 F. Supp. 1138, 1143 (E.D.N.C. 1986) ("upon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof").

## LEGAL ANALYSIS

Upon review of the record, the Court recommends finding that default judgment be entered in Plaintiff's favor against Defendant Dunn pursuant to Fed. R. Civ. P. 55(b)(2). In determining whether entry of default judgment is warranted, the court must first consider personal and subject matter jurisdiction. *See, e.g.*, *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) (lack of subject matter jurisdiction constitutes good cause to set aside a default judgment); *see also Dennis Garber & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (district court erred in failing to determine personal jurisdiction issue before considering entry of default judgment). Here, the record reveals that Defendant Dunn resides in Colorado and was served with process at his residence, 11441 E. Adriatic Place, Aurora, Colorado. *See* docket #16. As such, the Court has personal jurisdiction over Defendant Dunn. In addition, this is a copyright infringement case, and the federal courts have original jurisdiction in such cases. *See* 28 U.S.C. § 1338. The

Copyright Act creates a cause of action in favor of the owner of a copyright for direct infringement. 17 U.S.C. § 501.

Furthermore, taking its allegations as true, Plaintiff has established a violation of its copyright by Defendant Dunn, in that a computer at Dunn's residence participated in an illegal download of Plaintiff's copyrighted works.  Plaintiff seeks statutory damages and costs.  Under federal copyright law, "the copyright owner may . . . recover . . . an award of statutory damages for all infringements involved in the action, with respect to any one work . . . a sum of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  Damages may be increased to up to $150,000 if the infringement is willful.  17 U.S.C. § 504(c)(2).  Here, Plaintiff seeks $30,000.00 on the basis of its allegation of willful infringement.  Plaintiff also seeks proportionate attorney's fees and costs, in the amount of $550.00 and $189.26 respectively.  These are also authorized under the statute.  *Id.* § 505.  Finally, Plaintiff seeks injunctive relief to prevent any further violations by Defendant Dunn, pursuant to 28 U.S.C. § 502.

This case is one of dozens filed in this District and handled by me as Magistrate Judge.  It is also one of hundreds or perhaps thousands filed around the country in recent months by Plaintiff and other owners of pornographic films.  Many of the defendants named in these lawsuits settle very early in the case.  Some of those who do not settle have denied any participation in copyright infringement, including Defendant Fantalis in this case.  *See also, e.g.*, *Raw Films, Ltd. v. John Does 1-20*, No. CV-11-1603-PHX-JAT, 2012 WL 2379300, at *2 (D. Ariz. June 22, 2012) (defendant moved to vacate default and alleged that he did not even own a computer or know how to use BitTorrent software).  Other defendants allege that their wireless connection may have been used by someone else to participate in the alleged swarm against Plaintiff's protected movies.  There is

no allegation that Defendant Dunn has participated in repeated infringement.  For these reasons, I do not believe that Plaintiff has established entitlement to willful infringement damages.  As an exercise of judicial discretion, I believe a statutory damage award of $2,500.00 is appropriate and just in this case to accomplish the intent set forth by Congress in passing the Copyright Act.  In addition, Plaintiff's request for $739.26 should be granted.

Finally, Plaintiff seeks injunctive relief prohibiting Defendant Dunn from infringing Plaintiff's copyrighted works and requiring Defendant Dunn to delete the torrent file relating to Plaintiff's movies from each computer in Defendant Dunn's possession, custody or control, and to delete any actual copy of Plaintiff's copyrighted works from such computers.  This is a reasonable request and should be granted.

## CONCLUSION

Based on the foregoing, and the entire record provided to the Court, I do hereby RECOMMEND that the District Court Judge Marcia Krieger **GRANT** Plaintiff's Motion for Entry of Default Judgment against Defendant Dunn [filed July 17, 2012; docket #41] as follows:

1.   Enter judgment in Plaintiff's favor against Defendant Bruce Dunn for direct copyright infringement of the Plaintiff's copyrighted works, as set forth in Count I of the Complaint;

2.   Order Defendant Dunn to pay to Plaintiff the sum of $2,500.00 in statutory damages, as authorized by 17 U.S.C. § 504(c)(1), and $739.26 for attorney's fees and costs as authorized by 17 U.S.C. § 505;

3.   Enjoin Defendant Dunn from directly or indirectly infringing Plaintiff's protected works by using the internet, BitTorrent or any other online media distribution system

to reproduce or distribute the copyrighted works, or to make the works available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff; and

4.      Order Defendant Dunn to destroy all copies of Plaintiff's copyrighted works that he has downloaded onto any computer hard drive or server without Plaintiff's authorization, and destroy all copies of the copyrighted works transferred onto any physical medium or device in Defendant's possession, custody or control.

Dated at Denver, Colorado, this 2nd day of October, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

8