FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 13 2012

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00886-MEH

Malibu Media, LLC,

    Plaintiff,

v.

Jeff Fantalis and Bruce Dunn

    Defendants.

DEFENDANT'S OBJECTION PURSUANT TO FED.R.CIV.P.72
TO ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT BRUCE DUNN

    Defendant, Jeff Fantalis (hereinafter Defendant), pursuant to Fed.R.Civ.P.72, hereby respectfully objects to the magistrate judge's Report and Recommendation (Docket #84) which recommends the entry of a default judgment against defendant Bruce Dunn (hereinafter Dunn) in this matter, and says:

    Defendant does not object to the statement of procedural history set forth by the magistrate judge with regard to Dunn. There is no question that Dunn has not answered or otherwise appeared in this matter, and as such, has no right to participate in the discovery or trial of this matter. However, that fact should not prejudice this

1

Defendant, and the entry of a default judgment against Dunn, with attendant findings of fact, would do so.

Specifically, the magistrate judge proposes the following findings of fact: that Plaintiff "is the owner of numerous copyrighted movies"; that Dunn "participated in a 'swarm' by which numerous IPs uploaded and downloaded Plaintiff's copyrighted works"; that Dunn is liable to Plaintiff for damages; and fixing the amount of damages owed by Dunn.

Defendant has disputed nearly all of these findings in the First Amended Answer and Counterclaim, and has alleged an alternative set of facts which, if and when proven, would greatly influence the court's decision in Dunn's default judgment. Defendant has asserted a nationwide for-profit litigation business undertaken by Plaintiff, its attorneys and the IP harvesting company IPP Ltd. Defendant will show that the technology utilized by IPP Ltd. is flawed and inaccurate, and that Plaintiff knew or should have known this fact, yet proceeded to sue thousands of individuals across the country in spite of that knowledge. Defendant will show that Plaintiff knew that obtaining the IP address of an individual would not necessarily reveal the identity of the infringer, but that Plaintiff brought hundreds of lawsuits against thousands of defendants regardless of this knowledge and unequivocally represented to the court that the owner of the IP address was without question the infringer. Defendant will show that Plaintiff, its attorneys, and IPP Ltd., entered into a business relationship that is at minimum unethical and possibly illegal, for the purpose of using the federal court system as a means to coerce financial settlements out of individuals whether they were actual infringers or not, relying on those individuals' desire to avoid public exposure as illegal

2

downloaders of pornography. Defendant will show all of this and more, as alleged in the First Amended Answer and Counterclaim. If these facts are established, they will impact the case between Plaintiff and Dunn because the magistrate judge's recommendations would be quite different under the facts as Defendant has described than they are when based solely on Plaintiff's unchallenged allegations.

It is a long-standing principle of justice that where one defendant defaults in an ongoing case, the other defendants should not be prejudiced thereby, nor should contradictory findings result. *Frow v. De La Vega*, 82 U.S. 552 (1872). In *Frow*, the Supreme Court cautioned against the possibility of an absurd result where an early default judgment resulted in one finding, and a trial resulted in the opposite conclusion:

> If the court in such a case as this lawfully can make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill.... Such a state of things is unseemly and absurd, as well as unauthorized by law.

*Id.* at 554.

Such a result is entirely possible here, where the magistrate judge's findings would give Plaintiff complete victory against Dunn due to his default but Defendant may very well prevail, not only at proving his innocence of Plaintiff's charges against him but of his claims against Plaintiff.

Moreover, the findings of fact proposed by the magistrate judge would be prejudicial to Defendant in the ongoing trial of his case against Plaintiff. For example,

3

Defendant has alleged in its First Amended Answer and Counterclaim that Plaintiff's copyrights are invalid for several reasons and therefore the question of the validity of Plaintiff's copyrights will be tested at trial. If there is already a finding of valid copyright on record in this case, Plaintiff will simply be able to point to that finding and claim that there is no triable issue. In other words, the magistrate judge's proposed finding of fact could have the effect of rendering untriable one of Defendant's central factual and legal issues.

Similarly, a finding that Dunn participated in a "swarm" that uploaded and downloaded Plaintiff's copyrighted works would create a similar factual problem. Plaintiff's Complaint alleges that Defendant participated with Dunn and with another defendant, Stephen Deus[1], in the same swarm, and further, seeks damages based upon a theory of contributory infringement asserting joint and several liability between the defendants[2]. Finding as a matter of fact that Dunn committed the alleged conduct would be prejudicial to Defendant because that finding would go a long way towards making Plaintiff's case... without Plaintiff's having to prove anything at trial.

The requirement of consistency laid down in *Frow* is especially important where joint and several liability is at issue, as it is here. "[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985);

---

[1] Defendant Stephen Deus settled several months ago and the case against him was therefore dismissed.
[2] Despite Plaintiff's assertion in its discovery documents that it was not going to pursue its claim of contributory infringement, Plaintiff has yet to file a motion seeking to amend its Complaint.

4

citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2690, at 455-56 (1983). Further, "[t]he *Hunt* rule has been extended to joint and several liability in tort and contract. *See Richard E. Gash Elec. Co.*, 2009 U.S. Dist. LEXIS 18169, 2009 WL 508165 at *3, *4." *Benton v. Avedon Engineering Inc.*, 2012 U.S.Dist. LEXIS 88083 at *2 (Dist. Colo. June 26, 2012). See also, *e.g., United States v. Peerless Insurance Co.*, 374 F.2d 942, 944-45 (4th Cir. 1967) (joint and several liability); *Exquisite Form Industries Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403, 416 (S.D.N.Y. 1974) (joint liability).

It is also well settled that where defendants are alleged to be jointly and severally liable, fundamental principles of tort law limit a plaintiff's recovery to a single recovery for the alleged wrong. This principle applies to copyright infringement as well:

> Noting that "[c]opyright infringement is in the nature of a tort, for which all who participate in the infringement are jointly and severally liable," and that "[u]nder elementary principles of tort law a plaintiff is entitled to only one recovery for a wrong," the Second Circuit held "that the Copyright Act allows only a single recovery for a single sale; where multiple defendants are all involved with sales, as are the [nonsettling] and the settling defendants here, their liability is joint and several and recovering from one reduces the liability of the others." Id. at 554.

*BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1278 (11th Cir. 2007)(quoting *Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.*, 453 F.2d 552, 553–54 (2d Cir. 1972). As Plaintiff herein has already settled with defendant Deus, a judgment against Dunn would be a second recovery for the same alleged acts of infringement, and proceeding against Defendant could result in a third. As the court in *BUC Int'l* stated, this "would allow a plaintiff to recover multiple times for a single injury, frustrating

5

this elementary principle of tort law in a manner that we cannot imagine envisioned by Congress." *Id*. It is only after a full trial of all of the issues that a proper determination of liability and damages can be made: a trial at which Dunn may not appear but at which Defendant may present the full facts surrounding Plaintiff's entire case without any harmful inferences resulting from previous, unlitigated findings of fact.

At this point in the litigation, any findings of fact are premature and prejudicial. Defendant served discovery upon Plaintiff and the responses were so inadequate that Defendant has been forced to file a motion to compel. During the telephone call Defendant initiated to try to discuss Plaintiff's multitude of objections and failures to answer, Plaintiff's counsel actually referred to this litigation as a "game".[3] The validity of Plaintiff's copyrights, the fact of Dunn's participation in the swarm, and the fact of his downloading of the Plaintiff's works, if found as facts in the default judgment, would all be prejudicial to Defendant's case and potentially conflict with facts that Defendant is exploring in discovery and intends to prove at trial.

Moreover, if this court enters default judgment now, finding Dunn participated in the swarm, and a jury later disagrees and finds that there is no proof of the swarm after a full trial based on the facts presented by Defendant, the absurdity discussed by the Supreme Court in *Frow* would result. Finally, giving Plaintiff a default judgment against Dunn could permit Plaintiff to seek to execute that judgment against Defendant based on its theory of joint and several liability, unfairly bringing further pressure to bear on Defendant to prevent him from defending himself against these baseless charges.

---

[3] Plaintiff's attorney said, "This is how the game is played" and refused to amend any of Plaintiff's answers to discovery saying, "Let the judge decide."

For all of the foregoing reasons, it is respectfully requested that a default judgment against Bruce Dunn not be entered until after a full trial on the merits of the case between Plaintiff and Defendant Fantalis.

Respectfully submitted,

Jeff Fantalis
Defendant *pro se*
818 Trail Ridge Drive
Louisville CO 80027
(303) 482-1211

Dated:      October 11, 2012

## CERTIFICATION OF SERVICE

I, Jeff Fantalis, hereby certify that on October 11, 2012, I caused this Objection Pursuant to Fed.R.Civ.P.72 to Entry of Default Judgment Against Defendant Bruce Dunn to be filed with the Clerk of the Court by U.S. Mail, with Delivery Confirmation, at the following address:

Clerk's Office
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589

On the same date, I served a copy of same upon Plaintiff by U.S. Mail with delivery confirmation and courtesy e-mail to Plaintiff's attorney of record, pursuant to agreement with counsel:

Jason A. Kotzker
Kotzker Law Group
9609 S. University Blvd. #632134
Highlands Ranch CO 80163
Email: jason@klgip.com

_____
Jeff Fantalis
Defendant *pro se*

Dated: October 11, 2012

8