IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00886-MEH

MALIBU MEDIA, LLC,

      Plaintiff/Counter-Defendant,

v.

JEFF FANTALIS,

      Defendant/Counter-Claimant,

BRUCE DUNN,

      Defendant.

---

## ORDER ON MOTION TO AMEND AND MOTION FOR SANCTIONS

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court are Defendant/Counter-Claimant's Motion to Extend Time to File Second Amended Answer & Counterclaim and Motion for Leave to File Second Amended Answer and Counterclaim [filed August 31, 2012; docket #69] and Plaintiff's Notice and Motion for Rule 11 Sanctions [filed August 31, 2012; docket #68]. These matters are fully briefed, and the Court finds oral argument would not assist the Court in its adjudication of the motions. For the reasons that follow, the Court **grants** the Defendant/Counter Claimant's motion to amend and **denies without prejudice** Plaintiff's motion for sanctions. Further, because the Second Amended Answer and Counterclaim supercedes the operative pleading, Plaintiff's Motion to Dismiss Defendant/Counter Claimant's Amended Counterclaim [filed August 8, 2012; docket #55] is **denied as moot**.

## BACKGROUND

      The facts of this case have been described in previous orders in this case and, thus, need not be set forth in detail here. Essentially, Plaintiff alleges that Defendants collectively infringed its

copyrighted works using a BitTorrent file transfer protocol, resulting in a number of unrelated computers being connected and downloading movies without permission from or payment to the owner. Computers are connected in this manner for the purpose of sharing a file (otherwise known as a "swarm") that would otherwise be too large for one computer to download. The movies are broken into pieces, collected to another computer and given specific file names, and the reassembled into the stolen work.

In response to the Complaint, Defendant Fantalis, proceeding *pro se*, filed an Answer and Counterclaims on May 29, 2012. Docket #18. After having been granted an extension of time, Plaintiff filed a motion to dismiss the counterclaims on June 25, 2012. Docket #30. Fantalis timely filed a response to the motion, together with a First Amended Answer and Counterclaim pursuant to Fed. R. Civ. P. 15(a)(1) on July 16, 2012. Dockets #38 and #39. Meanwhile, the Court had held a scheduling conference and issued a Scheduling Order on July 17, 2012 listing, among other deadlines, the deadline for amendment of pleadings as August 17, 2012. Docket #45.

On August 2, 2012, the Court issued an order denying Plaintiff's motion to dismiss as moot in light of the First Amended Counterclaims and Plaintiff's concession that the motion was rendered moot. Docket #50. Plaintiff then filed a motion to dismiss the First Amended Counterclaims on August 8, 2012. Docket #55. On August 27, 2012, Fantalis filed a response to the motion and erroneously filed a Second Amended Answer and Counterclaims at the same time. Dockets #61 and 62. The Court granted Plaintiff's motion to strike the Second Amended Answer and Counterclaim (docket #67), and on August 31, 2012, Fantalis filed the present motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2). Docket #69. That same day, Plaintiff filed the present motion for sanctions concerning the First Amended Counterclaims. Docket #68.

In his motion, Fantalis concedes that he erred by filing the Second Amended Counterclaims without first seeking leave and argues that he demonstrates good cause to allow amendment after

the deadline, and that justice requires amendment, particularly considering that he has corrected identified deficiencies and dropped a claim that is not recognized by Colorado law. Plaintiff counters that Fantalis' amendments are futile, and that he fails to demonstrate diligence or good cause for amending after the deadline.

In its motion for sanctions, Plaintiff contends that Fantalis' amended counterclaims are frivolous and wholly unwarranted by existing law. Plaintiff relies fully on its arguments set forth in the motion to dismiss for support of the present motion. Fantalis counters that the standards for analyzing motions to dismiss and motions for sanctions are entirely different and, thus, Plaintiff may not rely on its motion to dismiss. Further, Fantalis claims that he has acted reasonably and in good faith throughout the litigation.

The Court will address each of the motions in turn.

## MOTION TO AMEND

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend

its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2011). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Because Fantalis filed his motion after the deadline for amendment of pleadings, Plaintiff is correct that granting Fantalis' motion pursuant to Rule 15(a) would require a modification of the Scheduling Order. Thus, the Court employs a two-step analysis. First, the Court evaluates whether Fantalis demonstrates good cause allowing modification of the Scheduling Order. Second, if Fantalis shows good cause, he must also meet the requirements of Fed. R. Civ. P. 15(a).

## I.    Good Cause for Modification under Rule 16(b)

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* In order to show good cause, Fantalis "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Notably, rigid adherence to the Scheduling Order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to seek amendment within the deadline may be excused if due to oversight, inadvertence or excusable neglect. *Id.* Additionally, learning information underlying the amendment through discovery that occurs after the deadline set forth in the Scheduling Order constitutes good cause to justify an extension of that deadline. *Pumpco, Inc.*

4

*v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

The Court finds that Fantalis has demonstrated good cause to modify the Scheduling Order by fourteen (14) days in this case. Fantalis contends that his proposed Second Amended Counterclaims correct certain defects raised in Plaintiff's motion to dismiss, filed just one week before the deadline to amend, including dropping a claim (invasion of privacy - false light) that is not recognized under Colorado law. As set forth in the Advisory Committee comments to the 2009 Amendments to Rule 15(a), "[t]his provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion [to dismiss]. A responsive amendment may avoid the need to decide the motion or reduce the number of issued to be decided, and will expedite determination of issues that otherwise might be raised seriatim."

Further, the Court finds that Fantalis has been diligent in attempting to file viable counterclaims in this action. The deadline for amendment fell on August 17, 2012, just nine days after Plaintiff filed its motion to dismiss. Under the local rules, Fantalis had twenty-one days within which to respond to the motion, and within that time, he responded by attempting to file his Second Amended Counterclaims. Mindful that Fantalis proceeds in this action *pro se*, the Court finds that Fantalis has demonstrated an adequate explanation for the brief delay in meeting the amendment deadline. Therefore, the Court finds that Fantalis' attempt to correct deficiencies by filing the Second Amended Counterclaims demonstrates good cause to modify the deadline for amendment of pleadings. Thus, the deadline for amendment of pleadings in this case is extended to August 31, 2012, the date on which Fantalis filed his motion.

## II.    Undue Delay

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir.2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether

Fantalis has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.* 3 F.3d 1357, 1365-66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, Plaintiff contends that Fantalis knew of the facts underlying his amended counterclaims, at the time of or well before the original counterclaims were filed in May 2012. Fantalis responds that it has learned of new facts not necessarily through discovery in this action, but through discovery in many other similar actions filed across the United States. Further, Fantalis became aware of deficiencies in his First Amendment Counterclaims through Plaintiff's motion to dismiss.

The Court agrees that there is no undue delay in correcting deficiencies in the counterclaims at this early stage of the litigation. Moreover, the Court notes that there should be no prejudice to Plaintiff with the addition of the Second Amended Counterclaims. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at at 1207 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)). Here, the discovery deadline is December 21, 2012, more than two months hence. If Plaintiff should require additional time to obtain discovery on the new counterclaims, the Court will entertain a motion seeking a reasonable extension, considering the trial and trial preparation conference dates set in this case.

## III.   Futility of Amendments

Although the Court is aware of case law applying a Fed. R. Civ. P. 12(b) standard to a

futility challenge of proposed amendments under Rule 15(a), in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter, particularly in light of the motions to dismiss that have been filed thus far in this case.  *See Fluker v. Federal Bureau of Prisons*, No. 07-2426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. Apr. 21, 2009) (unpublished).  The Court finds that Plaintiff's argument is more properly raised and adjudicated in a Rule 12(b) motion, rather than indirectly through opposition of a Rule 15(a) motion.  *Id.*  Although the Plaintiff asserts undue prejudice in being required to file a third motion to dismiss, the Court expects that, because Fantalis' amendments include no new claims nor joinder of parties, it will see primarily many of the same arguments already raised in the pending motion to dismiss.   Further, the Court will entertain a motion to expedite briefing and adjudicate any subsequent motion to dismiss within a short period after it becomes ripe to ensure that the action proceeds as quickly as possible.  Therefore, the Court concludes that it will consider any futility arguments in a forthcoming Rule 12(b) motion on the Second Amended Counterclaims.  *See General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-1145-DME, 2008 WL 2520423, *4 (D. Colo. June 20, 2008) (unpublished).

## IV.     Conclusion

Rule 15(a) requires that courts "freely give leave when justice so requires."  The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

The Court emphasizes that, by granting leave for Fantalis to file his Second Amended Counterclaims, the Court is, in no way, making any rulings on the merits of such counterclaims. In addition, the Court is well aware of the Tenth Circuit's admonition against allowing pleadings to become "moving targets."  *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15

to make the complaint 'a moving target.'"). Therefore, the Court will grant no further amendments of the counterclaims absent a showing of exceptional cause.

Further, Plaintiff asserts that it has not, thus far, participated in any discovery in this action pending resolution of its motion to dismiss; the Court notes that, without a formal stay of proceedings, the parties are obligated to participate in discovery and comply with the deadlines set forth in the Scheduling Order. A pending motion to dismiss does not, in itself, justify any failure to participate in discovery in any federal action.

For the reasons set forth above, and in the interests of justice and efficiency, the Court **grants** Fantalis' motion for leave to file his Second Amended Answer and Counterclaims [filed August 31, 2011; docket #69]. Fantalis shall file the Second Amended Answer and Counterclaims, set forth as "Exhibit B" attached to the motion, on or before October 19, 2012. With the filing of such amended pleading, Plaintiff's pending Motion to Dismiss Defendant/Counter Claimant's Amended Counterclaim [filed August 8, 2012; docket #55] is **denied as moot**. *See Franklin v. Kansas Dep't of Corrs.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.") (citing *Miller v. Glanz*, 948 F. 2d 1562, 1565 (10th Cir. 1991)). Plaintiff shall file an answer or other response to the Second Amended Counterclaims in accordance with Fed. R. Civ. P. 15(a).

## MOTION FOR SANCTIONS

Plaintiff's motion for sanctions, by Plaintiff's own admission, is based primarily upon arguments made in its August 8, 2012 motion to dismiss. *See* Motion, ¶ 4, docket #68. Because the motion to dismiss has been rendered moot, the Court will **deny without prejudice** Plaintiff's Notice and Motion for Rule 11 Sanctions [filed August 31, 2012; docket #68], and allow Plaintiff to re-file the motion, if Plaintiff determines it to be appropriate, with any motion to dismiss the

Second Amended Counterclaims.

## CONCLUSION

Here, the Court finds that Fantalis demonstrates good cause to modify the Scheduling Order, and his amendments are not unduly delayed so as to prejudice the Plaintiff. Further, because the pending motion to dismiss has been rendered moot, the Court will deny without prejudice Plaintiff's motion for sanctions with leave to re-file, if the Plaintiff determines it proper with any forthcoming motion to dismiss.

Accordingly, the Court **grants** Defendant/Counter-Claimant's Motion to Extend Time to File Second Amended Answer & Counterclaim and Motion for Leave to File Second Amended Answer and Counterclaim [filed August 31, 2012; docket #69], **denies without prejudice** Plaintiff's Notice and Motion for Rule 11 Sanctions [filed August 31, 2012; docket #68], and **denies as moot** Plaintiff's Motion to Dismiss Defendant/Counter Claimant's Amended Counterclaim [filed August 8, 2012; docket #55].

Dated at Denver, Colorado this 18th day of October, 2012.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge