**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-00886-MSK-MEH

MALIBU MEDIA, LLC,

Plaintiff,

v.

JEFF FANTALIS and BRUCE DUNN,

Defendants.

_________________________________/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S OBJECTION PURSUANT TO FED. R. CIV. P. 72 TO ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT BRUCE DUNN**

## I. INTRODUCTION

Defendant Fantalis's Objection is premised entirely on an erroneous assumption. Namely, that the entry of default judgment against Defendant Bruce Dunn will impact Plaintiff's claims against Defendant Fantalis. This is not true because Plaintiff expressly waived its claim for contributory infringement against Defendant Fantalis. Accordingly, whether Defendant Fantalis contributed to Mr. Dunn's infringement is not at issue in this case. And, the default judgment against Mr. Dunn will not affect Plaintiff's claim for direct infringement against Mr. Fantalis nor will the default judgment affect any defense Mr. Fantalis may raise. Mr. Fantalis's argument that Plaintiff will obtain multiple recoveries would only be relevant if Plaintiff was seeking actual damages. As Mr. Fantalis knows, Plaintiff waived the right to seek its actual damages and elected instead to recover statutory damages. With this in mind, Mr. Fantalis's objection to the Court's entry of a default judgment against Mr. Dunn makes no sense. Indeed, Mr. Fantalis does not even have standing to challenge the entry of this judgment because he is not affected by it.

For these reasons, as set forth more fully below, the Court should overrule Mr. Fantalis's objection and sustain the default judgment.

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After an entry of default, the court may enter a default judgment pursuant to Rule 55(b)(1). Magistrate Judge Hegarty correctly noted that "[i]n determining whether a claim for relief has been established, the well-pleaded facts of the complaint relating to liability are deemed true." Report and Recommendation, [DKT. 84] (citing Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F. 2d 1319, 1323 (7th Cir. 1983)). In actions involving multiple defendants, entry of a judgment against one party is permissible and expressly provided for in the Federal Rules. "[W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Defendant Fantalis admits that Defendant Dunn is properly subject to entry of default judgment under Rule 55 but incorrectly argues that such judgment will prejudice the determination of his case and that the judgment should only be entered after his trial on the merits. A default judgment against Mr. Dunn will have no prejudicial or other effect on Mr. Fantalis's case because, as Mr. Fantalis is well aware, Plaintiff is solely pursuing its claim for direct infringement. Plaintiff has expressly waived its right to recover actual damages and withdrawn its claim for contributory infringement. See Plaintiff's Response to First Request for Production, Response No. 3 ("Plaintiff hereby elects to recover statutory damages and waives its right to recover actual damages); Response No. 13 ("Plaintiff hereby withdraws its claim for

contributory infringement and states its intention to instead proceed solely on its claim for direct infringement.”) Accordingly, there is no just reason for delay of entry of default judgment against Mr. Dunn.

Entering a judgment pursuant to Rule 54 requires clear articulation of “two express determinations: (1) that the judgment is final, and (2) that there is no just reason for delay. . . . To be a final judgment for purposes of Rule 54(b), the claims resolved must be distinct and separable from the claims left unresolved.” Richfield Hospitality, Inc. v. Shubh Hotels Pittsburgh, LLC, 10-CV-00526-PAB-MJW, 2010 WL 5129532 (D. Colo. Dec. 9, 2010) (quoting Oklahoma Turnpike Auth. v. Bruner, 259 F.3d 1236, 1242 (10th Cir.2001)). A default judgment against Mr. Dunn due to his failure to plead or otherwise defend is proper because the claim against him is distinct and separate from that against Mr. Fantalis. Mr. Dunn’s direct infringement occurred under separate circumstances and has no bearing on the claims against Mr. Fantalis, which have yet to be resolved. Therefore, no prejudice results if Mr. Dunn is deemed to have admitted the well-pled facts in Plaintiff’s complaint (through the entry of a default judgment) while Mr. Fantalis challenges Plaintiff’s claim on the merits. There can be no just reason for delay asserted by Mr. Fantalis which would require entry of default judgment only after trial.

## III. DEFENDANT DEUS’ SETTLEMENT DOES NOT BAR PLAINTIFF FROM RECOVERY AGAINST REMAINING DEFENDANTS

Defendant Fantalis incorrectly argues that “a judgment against Dunn would be a second recovery for the same alleged acts of infringement and proceeding against Defendant could result in a third.” Objection, [DKT. 87] p. 5. While all Defendants participated in the same swarm and exchanged pieces of the copyrighted movies amongst themselves, each Defendant is liable for their own independent acts of direct infringement. Thus, because each Defendant directly

infringed Plaintiff's copyrights, Plaintiff is entitled to recover damages against each Defendant separately. Such recovery is specifically contemplated by the Copyright Act. "17 U.S.C. § 501(a) provides that "*anyone* who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 ... is an infringer of the copyright." Sony BMG Music Entm't v. Tenenbaum, 660 F.3d 487, 498 (1st Cir. 2011) cert. denied, 132 S. Ct. 2431, 182 L. Ed. 2d 1075 (U.S. 2012). Indeed, Congress specifically "extended liability to "*anyone*" who violates a copyright owner's exclusive rights and allowed those owners to pursue actions against "*any* infringement." Id. (quoting 17 U.S.C. § 501).

**IV. DEFENDANT'S CASES ARE OFF POINT**

Mr. Fantalis relies on Frow v. De La Vega, 82 U.S. 552 (1872), based on the erroneous assumption that Plaintiff is seeking actual damages for all harm jointly caused by the infringing swarm. This argument misses the mark and is a red herring that should be ignored and rejected. "*Frow* stands for the proposition that when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F. Supp. 2d 995, 1006 (N.D. Cal. 2001) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3D § 2690 (2001)). Frow is inapplicable because Plaintiff is holding Mr. Fantalis liable only for his own direct infringement unrelated to the acts committed by any other Defendant. Mr. Fantalis's liability will be proven with respect to his own conduct and involvement. Subsequently, it is possible that one Defendant may be found liable while another Defendant successfully proves its innocence. "[W]hen different results as to different parties are not logically inconsistent or contradictory, the rationale for the Frow rule is lacking." In re Uranium

Antitrust Litig., 617 F.2d 1248, 1257-58 (7th Cir. 1980). It is clear in this case that varying outcomes are not illogical and that there is no need for consistent determinations since Mr. Fantalis is only being held accountable for his own direct infringement.

Furthermore, Mr. Fantalis is unreasonably concerned that a determination of certain facts against Mr. Dunn will "render[] untriable one of Defendant's central factual and legal issues." Objection, [DKT. 87] p. 4. "The rule of issue preclusion is operative where the second action is between the same persons who were parties to the prior action, and who were adversaries with respect to the particular issue." Restatement (Second) of Judgments § 27 comment *a* (1982). Thus any determination made in the case against Mr. Dunn is only established as conclusive in further actions between Plaintiff and Mr. Dunn. Such issues are not precluded from determination in a case against Mr. Fantalis, as a non-party to Plaintiff's case against Mr. Dunn. Furthermore, "[i]n the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section [describing issue preclusion's domain] does not apply with respect to any issue in a subsequent action." Arizona v. California, 530 U.S. 392, 414, supplemented, 531 U.S. 1, (2000) (quoting Restatement (Second) of Judgments § 27, p. 257. comment *e* (1982)). Accordingly, because issue preclusion only applies to actions between the same persons who were parties to a prior action and because it does not operate where judgment is entered by default, Mr. Fantalis's argument must be rejected.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court overrule the subject objection.

Dated: October 29, 2012

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system. In addition, Plaintiff served a copy of the foregoing document on Mr. Fantalis via U.S. Mail and email.

By: /s/*Jason Kotzker*