# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00886-MSK-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

JEFF FANTALIS and BRUCE DUNN,

      Defendants

_____/

**PLAINTIFF'S MOTION TO STAY DISCOVERY PENDING THE RESOLUTION OF PLAINTIFF'S MOTION TO DISMISS THE SECOND AMENDED COUNTERCLAIM**

Pursuant to Fed.R.Civ.P. 26(c), Plaintiff moves for the entry of an order staying discovery until the resolution of Plaintiff's Motion to Dismiss the Second Amended Counterclaim and files the following memorandum in support.

**I.**     **INTRODUCTION**

Defendant has propounded discovery a great deal of which seeks information which can only be deemed relevant, or likely to lead to discovery of admissible evidence related, to unsustainable claims, and facts which do not support the elements of the claims, asserted in Defendant's Second Amended Counterclaim. Plaintiff timely moved to dismiss the Second Amended Counterclaim <u>with</u> prejudice. The Motion to Dismiss should and will likely be granted as a matter of well-settled law. Prior to adjudicating Plaintiff's outcome dispositive motion to dismiss, it is premature to ascertain the scope of discovery Defendant is permitted to conduct. For this reason, Plaintiff respectfully requests that this Court stay all discovery pending resolution of the Motion to Dismiss the Second Amended Counterclaim.

## II. SUMMARY OF THE MOTION TO DISMISS

Each count in Defendant's Second Amended Counterclaim: (1) Abuse of Process, (2) Invasion of Privacy, (3) Defamation, (4) Intentional Infliction of Emotional Distress, (5) a Declaration of Non-Infringement, and (6) a Declaration that Plaintiff's Works Are Not Subject to the Protections of the United States Copyright Law – fails to state a claim upon which relief may be granted and should be dismissed. As to the abuse of process count, Defendant failed to plead that Plaintiff performed any action in this suit or in the suit in which Plaintiff obtained his identifying information, which is improper. To the contrary, the record demonstrates that this Court found that there was "good cause" for Plaintiff to obtain Defendant's identity and that joinder was proper. Under the law of the case doctrine, these findings preclude a finding that Plaintiff's conduct was improper. Further, Plaintiff is using the process of the underlying copyright infringement lawsuit against Defendant for its intended purpose; namely, to seek redress for the injury caused by Defendant's infringement of Plaintiff's copyright. Under such circumstances, the law makes clear that there is no abuse of process. Additionally, Defendant failed to plead that Plaintiff is using the copyright litigation against him to obtain a "collateral advantage" against *Defendant*, as is required to state a claim for abuse of process, and therefore the abuse of process count unsustainable. Plaintiff's Declaration of Tobias Feiser, attesting to the infringement, creates factual support for its action, and was attested to under oath. *See Malibu Media, LLC v. John Does 1-30*, 12-cv-402-WYD-MJW, at CM/ECF 6-1. For all these reasons, the abuse of process count should be dismissed.

Defendant's counts for invasion of privacy, defamation and intentional infliction of emotional distress are barred – as a matter of well-known black letter law – by the *absolute*

*privilege* afforded to litigants to speak during a civil proceeding without the possibility of incurring liability based upon that party's communications during the proceeding.  On that basis alone, those counts should be dismissed.   The intentional infliction of emotional distress claim also fails to plead conduct that is outrageous, meaning outside the bounds of all decency, and so should be dismissed on that basis as well.

The invasion of privacy count attempts to plead intrusion.  In addition to it being barred by the litigation privilege, this claim should also be dismissed because: (1) Defendant consented to the intrusion via his contract with Qwest, (2) the intrusion, namely obtaining his identity, was not "unwarranted;" indeed, this Court held that "good cause" existed for Plaintiff to obtain Defendant's identity.  Under the law of the case doctrine, there is no basis upon which this finding may now be disturbed.

Finally, the two declaratory judgment counts should be dismissed.  The count seeking a declaration of non-infringement is merely a denial and under established law should not be permitted to continue as a standalone count.  The count seeking a declaration that Plaintiff's work is not copyrightable because the work is pornographic should be dismissed.  First, the work was registered by the United States Copyright Office and therefore is therefore presumptively copyrightable. Second, the only two Circuit courts (the 5th and 9th) which have ever addressed the issue held that pornography is copyrightable.  Significantly, Congress, well aware of these decisions for decades, has not passed legislation over turning them.  Third, as explained by the dean of copyright law, Professor Nimmer, there are numerous compelling reasons why courts should not endeavor to ascertain whether a work is copyrightable based upon its subject matter. Fourth, even considering this count would render suspect the contractual rights of thousands of people working in adult entertainment industry and have severe adverse consequences on a

multi-billion dollar U.S. industry.  In short, since there is *no reason to believe* that the 10th Circuit would erroneously disagree with the 5th and 9th Circuits by finding that pornographic films are not copyrightable, this count should be dismissed.

### III. REPRESENTATIVE EXAMPLES OF DISCOVERY THAT ARE ONLY RELEVANT TO CLAIMS THAT WILL BE DISMISSED

What follows is only a very <u>small</u> sampling of the discovery requests, which are not relevant to any element of a legally cognizable claim that will survive a motion to dismiss.

(A) <u>Interrogatories</u>

(i) <u>Interrogatory Number 10:</u>  Describe your settlement process from the moment an ISP provides you with the personal identifying information required by a subpoena including all steps, individuals, and organizations involved, including how much money each person or entity receives from any settlement.

(a) <u>Response to Interrogatory No. 10:</u>  Plaintiff objects to this request on the basis that the requested information is not relevant to any claim or defense in this case that will remain after the pleadings are finalized.  The only claim that will remain in this case after the pleadings are finalized is Plaintiff's count for direct infringement against Defendant.  Plaintiff's actions with respect to third parties are not likely to make it more or less likely that Defendant committed the infringement.  Additionally, Plaintiff objects on the basis that this interrogatory would require Plaintiff to disclose work product and attorney-client privileged information, including Plaintiff's strategy with respect to handling of its claims against third parties.

(ii) <u>Interrogatory Number 10 Can Only Relate To Defendant's Improper Attempt to Interject the Non-Existent Defense Of Champerty Into An Abuse of Process Claim That Should Be Dismissed</u>

The only issue in this case which will survive a motion to dismiss is whether Defendant directly infringed Plaintiff's copyrights by using his computer, internet service, and the

BitTorrent Protocol. Plaintiff has not settled with Defendant. And, Plaintiff's settlements with third parties are simply not relevant to whether this Defendant committed the subject infringement.

Nevertheless, Defendant's Memorandum in Opposition (Defendant's Memorandum) to Plaintiff's Motion for Rule 11 Sanctions disingenuously argues "common law claims [for champerty, etc.] are still recognized in other jurisdictions, [so] Plaintiff seeks a good faith extension of the [abuse of process] law" to incorporate these separate and distinct claims and defenses into the abuse of process tort. Defendant's Memorandum at p. 10.

First, champerty, barratry, maintenance and intermeddling are distinct claims and defenses, which are separate and apart from the tort of abuse of process.[1] Notably, Defendant only attempts to plead abuse of process. While ostensibly couched in the language of Rule 11, Defendant is not seeking to *extend* the abuse of process law. Instead, Defendant seeks to overturn one hundred and twelve (112) years of binding precedent, and, thereafter, to insert that rejected law into the tort of abuse of process. Indeed, Defendant admits "the common law torts of maintenance and champerty no longer exist in Colorado." Defendant's Memorandum at p. 10, *citing Fastenau v. Engel*, 125 Colo. 119, 122 (Colo. 1952); *Accord, Casserleigh v. Wood,* 14 Colo. App. 265, 267 (Colo. 1900) (same).

Defendant's case, *Fastenau,* further illuminates the frivolousness of his argument. In *Fastenau* at p. 122, the Court answered *no* in response to its question whether "a [champertous] contract can . . . bar . . . recovery on the [plaintiff's claim]." To explain, champerty is an affirmative defense to a champertous contract. It can only be raised by the champertee against

---

[1] Defendant's factual allegations regarding champerty, etc. are both a work of great fiction and totally irrelevant. Worse, Defendant irrationally pursues this red-herring down a black-hole to nowhere, even after Defendant figures out the defenses do not exist – and, even if after

5

the champertor.  It is *not* a defense that can be raised by a third party to the allegedly champertous agreement.  *See, Seaton Mountain Elec. Light, Heat & Power v. Idaho Springs Inv. Co.*, 49 Colo. 112 (1910) "the prosecution of a cause of action cannot be interposed as a defense, but can only be set up between the parties when the champertous agreement itself is sought to be enforced."[2]  Defendant's long winded attempt to interject champerty into the tort of abuse of process is prohibited by over a hundred years of Colorado precedent.

Since Champerty is not recognized in Colorado, discovery aimed at "how much money each person or entity receives from any settlement" is not relevant to any claim that will survive a motion to dismiss.  Accordingly, Defendant is not legally entitled to this information.  Therefore, compelling Plaintiff to provide it during the pendency of a motion to dismiss would be unfair and unjust.  Defendant's Request For Production No. 24 is another example of discovery aimed at Champerty.  It seeks "Retainer agreement(s) or other business agreement(s), contract(s) or information arrangement(s) of any kind between Kotzker and M. Keith Lipscomb, Esq."

B.   Document Requests

Request For Production No. 1: All documents, things, and/or electronically stored information, including emails, phone records, recordings, text messages, correspondence or other communications between or among you and any person pertaining to any file sharing downloading technology.

Response No. 1:  Plaintiff objects to the request on the basis that it is vague and ambiguous, overly broad, unduly burdensome, and calls for a set of documents that contain

---

[2] In other words, *Fastenau* and *Seaton* both hold that champerty and maintenance are affirmative defenses to a breach of contract claim.  And, that parties who are not in privity with champerator cannot raise the defense.

confidential and attorney client information. As for it for being overly broad, the only claim that will survive a motion to dismiss is Plaintiff's claim for direct infringement against Defendant. The issue in this case is whether Defendant used BitTorrent to illegally distribute Plaintiff's copyrighted works. Other than receiving the evidence from IPP, Ltd. and Peer Media Technology, Plaintiff has not had any communication with any third party, except its attorney, that refers or relates to the Plaintiff's claim of direct infringement against Defendant. Notwithstanding the foregoing objections, and without waiving them, Plaintiff will produce all documents in its possession, custody or control that it received from IPP, Ltd. and Peer Media Technology that refer or relate to the claim against Defendant for direct infringement.

> Request No. 2 Can Only Relate To Defendant's Abuse of Process Claim Insofar As Defendant Alleges That Plaintiff Is Proceeding Against Him To Encourage Others To Settle

Defendant attempts to support his claim for Abuse of Process with the allegation that Plaintiff is only proceeding against him for purposes of encouraging other third parties to settle with Plaintiff. Absent a reversible and unwarranted extension of the abuse of process tort, Plaintiff's motivation for suing Defendant, absent the improper use of process, will not sustain an abuse of process claim. In its motion to dismiss the Second Amended Counterclaim, Plaintiff explained in great detail, process-by-process, that each legal process that it used were used for their intended purpose. Therefore, an abuse of process claim cannot survive. Consequently, discovery into Plaintiff's enforcement activities with third parties is not relevant to any claim that will survive a motion to dismiss. Consequently, compelling Plaintiff to produce documents related to its enforcement activities with third parties would be unfair and unjust.

7

## IV. ARGUMENT

"A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Blixseth v. Cusham & Wakefield of Colorado, Inc.*, 2012 WL 3962800, *1 (D.Col. 2012). "The decision to issue a stay of pretrial proceedings rests within the sound discretion of the trial court. . . . A stay is warranted upon a showing of good cause, to 'protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. Fed.R.Civ.P. 26(c)'" *Stender v. Cardewell*, 2008 WL 544924, *1 (D.Colo. 2008), internal citation committed. When there is an outcome dispositive motion that will affect the scope of permissible discovery, this Court has routinely stayed discovery. *See e.g.*, *Genberg v. Porter*, 2012 WL 640150 (D.Colo. 2012).

"The following five factors guide the Court's determination: (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential pretrial prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (b) the public interest." *Hehl- Gomez v. Nasa Space Center Shuttle*, 2008 WL 5216245, *1 (D.Colo. 2008).

Here, while both Plaintiff and Defendant have an interest in furthering the progress of this matter that interest is substantially outweighed by Plaintiff's interest in avoiding the necessity of culling documents, responding to discovery, and risking the public disclosure of private and confidential information that will have no bearing on this matter. As for prejudice, neither party will be prejudiced should the Court enter a short stay of the discovery in this matter pending its adjudication of Plaintiff's motion to dismiss. Delay alone is not legal prejudice. Instead, legal prejudice occurs only when the delay may lead to the destruction or spoliation of

evidence. There is no chance of that occurring here. Further, neither party will be burdened by putting the horse before the cart. Indeed, it makes much more sense for the Court to adjudicate Plaintiff's Motion to Dismiss so that all of the parties can ascertain the scope of Defendant's permissible discovery. Additionally, it would be more convenient for the Court to stay discovery during the pendency of the motion to dismiss because Defendant will likely withdraw many of its discovery requests once his claims are dismissed. Therefore, the Court may not ever have to resolve these issues. IPP, Limited is the only third party to this litigation. Clearly, it has an interest in avoiding the burden of responding to unnecessary and legally unwarranted discovery. The public interest favors construing the rules in such a way as to promote the inexpensive determination of every action. *See* Fed.R.Civ.P. 1. Here, absent a stay, should the Court grant Defendant's motion to compel, Plaintiff will be unnecessarily compelled to respond to irrelevant discovery. Any such course of action would not be consistent with the public policy underlying Rule 1.

This case is legally indistinguishable from *Hehl- Gomez v. Nasa Space Center Shuttle*, 2008 WL 5216245, *1 (D.Colo. 2008). In *Helh,* your Honor held "the complaint in many respects is nonsensical, states no discernible claim (whether federal or state) . . . and appears to be frivolous on its face." *Id.* at *2. As did the Defendant in *Hehl*, Plaintiff served Defendant with a motion to dismiss. To underscore the lack of merit in Defendant's Second Amended Counterclaim, Plaintiff again served Defendant with a motion for sanctions under Rule 11. Requiring Plaintiff to respond to discovery aimed at chasing down red-herrings in Defendant's nonsensical counterclaim just does not make any sense.

V. **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court stay discovery pending the resolution of the Motion to Dismiss the Second Amended Counterclaim.

Respectfully submitted,
By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

### CERTIFICATE OF COMPLIANCE WITH D.C. Colo. L. Civ. R. 7.1

Pursuant to D.C. Colo. L. Civ. R. 7.1(A), Plaintiff has conferred with Defendant, Mr. Fantalis, concerning the relief Plaintiff seeks herein. Mr. Fantalis opposes the relief sought hereunder.

By: /s/*Jason Kotzker*
Jason Kotzker

### CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system. In addition, the foregoing document was also provided to Mr. Fantalis via email.

By: /s/ *Jason Kotzker*