**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-00886-MSK-MEH

MALIBU MEDIA, LLC,

     Plaintiff,

v.

JEFF FANTALIS and BRUCE DUNN

     Defendants.

_____/

**MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL**

Pursuant to Fed.R.Civ.P. 37(c), Plaintiff opposes Defendant's Motion to Compel and files the following memorandum in opposition.

    I.    <u>Introduction</u>

Defendant's Motion to Compel fails under Rule 37(c) to explain why any specific discovery request, which was objected to is relevant to any element of a claim in this case. Instead, Defendant wastes this Court's, Plaintiff's and undersigned's time and resources complaining in general terms about Plaintiff's objections. Further, Defendant's Motion to Compel is so conclusory that Plaintiff cannot identify which specific discovery requests Defendant challenges and on what basis. For this reason alone, it should be denied. Nevertheless, as set forth below, each of Plaintiff's objections was well founded. As will become clear, Defendant's discovery clearly seeks irrelevant information and is obviously intended to unduly burden Plaintiff and harass Plaintiff by requiring Plaintiff to do unnecessary and extraordinary amounts of work.

II.     Legal Standard

"The scope of discovery in a civil action generally is governed by Rule 26(b)(1), Fed.R.Civ.P., which provides that '[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *Garcia v. Berkshire Life Ins. Co. of America,* 2007 WL 3407376, *3 (D.Colo. 2007).  "Although pretrial discovery is broad, it is not limitless, and discovery should not be allowed where the resulting benefit would be 'negligible.'" *Id.*, citing *Munoz v. St. Mary-Corwin Hospital,* 221 F.3d 1160, 1169 (10th Cir.2000).  Indeed, where the burden of producing relevant discovery outweighs the likely benefit, the Court has discretion to limit the discovery requested.  S*ee Qwest Commc'ns Int'l v. Worldquest Networks, Inc.,* 213 F.R.D. 418, 419 (D.Colo.2003), citing Fed.R.Civ.P. 26(b)(2)(C).  "An application of Rule 26(b)(1) <u>must</u> start with an explication of the specific claims and defenses asserted." *Simpson v. University of Colorado*, 220 F.R.D. 354, 360 (D.Colo. 2004).  (Emphasis added.)

III.     Applicable Elements of the Parties' Claims and Defenses

A.     Elements of Plaintiff's Count for Direct Infringement

Plaintiff's Complaint alleges Defendant is liable for direct (Count I) and contributory (Count II) copyright infringement. In its response to Defendant's Request for Documents, Plaintiff stated "Plaintiff hereby withdraws its claim for contributory infringement and states its intention to instead proceed solely on its claim for direct infringement."  See Response No.  13.  Further, Plaintiff informed Defendant that "Plaintiff hereby elects to recover statutory damages and waives its right to recover actual damages."  *See* Response No. 3.  The elements for direct copyright infringement are: (1) "ownership of a valid copyright, and (2) copying of constituent

elements of the work that are original." *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009).

B.  Elements of Defendant's Counts

As set forth in Plaintiff's Motion to Dismiss the Second Amended Counterclaim, each count in Defendant's Second Amended Counterclaim should be dismissed <u>with</u> prejudice. Accordingly, Plaintiff moved for the entry of an order continuing the hearing on Defendant's Motion to Compel pending resolution of Plaintiff's Motion to Dismiss. Additionally, Plaintiff has moved to stay discovery pending the resolution of the Motion to Dismiss. Presently, however, Defendant's Second Amended Counterclaim attempts to allege causes of action for: (a) Abuse of Process (Count I), (b) Invasion of Privacy (Count II), (c) Defamation (Count III), (d) Intentional Infliction of Emotional Distress (Count IV), (d) Declaratory Judgment that Defendant is Not Liable to Plaintiff for Copyright Infringement (Count V), and (e) Declaratory Judgment that Plaintiff's Works are Not Entitled to the Protections of United States Copyright Law and (Count VI). Significantly, Counts V and VI seeking declarations of non-infringement and that Plaintiff's copyrights are not copyrightable because they cover pornographic works, are: (1) a merely a denial, and (2) a pure legal issue. Accordingly, there are no facts, which are relevant to these counts, which are not also relevant to a previous count.

i.  Abuse of Process (Count I)

"A prima facie case for abuse of process includes proof of (1) an ulterior purpose in the use of judicial proceedings; (2) willful actions by a defendant in the use of process that are not proper in the regular conduct of a proceeding; and (3) damages." *Sterenbuch v. Goss, III*, 266 P.3d 428, 439 (Colo. App. 2011) (dismissing abuse of process count). *Accord, Tara Woods Ltd. Partnership v. Fannie Mae*, 731 F.Supp.2d 1103, 1122 (D. Colo. 2010) (reciting elements

and dismissing abuse of process count); *James H. Moore & Assoc. Realty v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo App. 1994) (same).

ii. <u>Invasion of Privacy by Intrusion (Count II)</u>

"The tort of invasion of privacy by intrusion requires an unreasonable manner of intrusion or an intrusion for an unwarranted purpose." *Slaughter v. John Elway Dodge Southwest/AutoNation*, 107 P.3d 1165, 1070 (Colo. App. 2005), citing *Denver Publ'g Co. v. Bueno,* 54 P.3d 893 (Colo. 2002); *Doe v. High-Tech inst., Inc.*, 972 P.2d 1060 (Colo. App. 1998).

iii. <u>Defamation (Count III)</u>

"Deliberateness or recklessness is a necessary element of a claim for defamation under Colorado law. To state a cause of action for defamation, plaintiff must prove defendant (1) made a statement; (2) which was published to third persons; (3) that the substance of the statement "was false when published"; and (4) that defendant "knew it was false" or made the statement "with reckless disregard as to whether it was false or not." *Zerr v. Johnson*, 894 F.Supp.372 (D. Colo. 1995). Here, all of the allegedly defamatory statements are contained in pleadings. Accordingly, Defendant's allegations do not give rise to liability for defamation because these allegations are privileged as a matter of law. *See, e.g., Swanson v. Bixler,* 750 F.2d 810, 814 (10th Cir. 1984); *accord Walters v. Linhof*, 559 F.Supp. 1231, 1237 (D. Colo. 1983) (holding that "statements made during judicial proceedings are absolutely immune" from liability for defamation). "Even if false, statements that stepson was going to abscond with stepfather's assets were absolutely privileged where made during course of proceedings seeking conservatorship for stepfather and temporary restraining order…[.]"); *accord Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 335 F.3d 1161, 1166 (10th Cir. 2003) ("recognize[ing]

the litigation privilege under which attorneys, parties, jurors, and witnesses are immune from defamation liability for statements made in the course of judicial or quasi-judicial proceedings, so long as the statements are relevant to the proceeding.")

    iv.    <u>Intentional Infliction of Severe Emotional Distress (Count IV)</u>

To establish a claim of extreme and outrageous conduct, or intentional infliction of emotional distress, Defendant must allege that: "1) the [Plaintiff] engaged in extreme and outrageous conduct; 2) recklessly or with the intent of causing [Defendant] severe emotional distress; and 3) which caused the [Defendant] to suffer severe emotional distress." *LaBrecque v. L3 Communication Titan Corp.*, 2007 WL 1455850, at *4 (D. Colo. 2007). The level of outrageousness necessary to meet the first element is "extremely high." *Id.*, at *4-5, *citing Archer v. Farmer Bros. Co.*, 70 P.3d 495, 499 (Colo. App. 2002). "Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities are insufficient; only conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community, will suffice." *Id.*

## IV.  ARGUMENT THAT PLAINTIFF'S RESPONSES AND OBJECTIONS ARE PROPER AND SHOULD BE SUSTAINED

### A.    <u>INTERROGATORIES</u>

Plaintiff did not object to interrogatories 1-7 but instead answered each to the best of its ability.

**<u>Interrogatory No. 8.</u>** Describe and identify any contacts or agreements (or your knowledge thereof) by and/or between the following persons that are pertaining to this lawsuit or the Prior Lawsuit, copyright infringement, civil litigation, retainers or payments, joint defense

agreements, confidentiality agreements, peer to peer file sharing, the Bittorrent Protocol or any technological services by or between the following persons:  Plaintiff, IPP Ltd., Tobias Fieser, Patrick Collins, Inc., M. Keith Lipscomb, Kotzker, X-Art.com, Click Here, LLC, Brigham Field a/k/a Brig Field, Colette Leah a/k/a Coco Leah, Guardaley Ltd. a/k/a Guardaley Ltd., BP Equity, IP Equity, Baseprotect, InterDA, and any internet service provider pertaining to this lawsuit or the Prior Lawsuit.

### Response to Interrogatory No. 8:

Plaintiff objects to this request on the basis that the requested information is not relevant to any claim or defense in this case that will remain after the pleadings are finalized.  The only claim that will remain in this case after the pleadings are finalized is Plaintiff's count for direct infringement against Defendant.   The business agreements that Plaintiff has with third parties are not likely to lead the discovery of any admissible information because these Agreements do not make the issue of whether Defendant committed the infringement more or less likely.  This is fact is underscored by the reality that the technology used by IPP, Ltd. is automated and not capable of subjectivity or interpretation.   Plaintiff additionally objects on the basis that the information requested contains confidential business information the terms of which if disclosed would damage Plaintiff's competitive disadvantage vis-à-vis its competitors.   Plaintiff additionally objects on the basis that the information is protected by the attorney-client and work product privileges.

### Argument that Plaintiff's Objection Should Be Sustained

This request does not seek any information that is relevant to any claims or defenses in this case.  To the extent that Defendant may argue it seeks information relevant to his Abuse of Process Claim, he is wrong.  Abuse of Process requires proof of "(1) an ulterior purpose in the

use of judicial proceedings; (2) willful actions by a defendant in the use of process that are not proper in the regular conduct of a proceeding; and (3) damages." *Sterenbuch v. Goss, III*, 266 P.3d 428, 439 (Colo. App. 2011) (dismissing abuse of process count). Plaintiff's agreements with third parties do not shed any light on whether Plaintiff "used process that is not proper in the regular conduct of a proceeding." And, Defendant has not pointed to even one such process being used.

Put another way, if Plaintiff had an agreement with IPP Ltd., Tobias Fieser, Patrick Collins, Inc., M. Keith Lipscomb, Kotzker, X-Art.com, Click Here, LLC, Brigham Field a/k/a Brig Field, Colette Leah a/k/a Coco Leah, Guardaley Ltd. a/k/a Guardaley Ltd., BP Equity, IP Equity, Baseprotect, InterDA, and any internet service provider pertaining to this lawsuit or the Prior Lawsuit any such agreement would not shed any light on whether Plaintiff "used process that is not proper in the regular conduct of a proceeding."

To the extent that Defendant seeks Plaintiff's agreement with IPP, Ltd. for purposes of impeaching IPP, Ltd.'s credibility at trial, any such request should be denied. First, IPP, Ltd. is <u>not</u> an expert witness. IPP, Ltd. is a fact witness. Second, (1) there is no subjectivity in IPP, Ltd.'s software. Third, IPP, Ltd. will testify at trial that its investigative server directly connected to a computer using Defendant's internet service and that said computer sent IPP, Ltd. a piece of Plaintiff's copyrighted work. Toward that end, IPP, Ltd. has electronic records evidencing Defendant's infringing transactions. Fourth, and accordingly, the only issue at trial will be whether IPP, Ltd.'s software works. The method through which IPP, Ltd. is paid is simply not relevant to the technical issue of whether IPP Limited's software works.

<u>Interrogatory No. 9.</u> Provide all information regarding your knowledge of the relationship between the German law firm Baumgarten, Brandt and Guardaley Ltd. a/k/a BP

Equity, BP Equity, IP Equity, Baseprotect, InterDA, and/or IPP Ltd., including but not limited to any litigation regarding allegations or Court decisions that Gaurdaley was aware of the flaws in its IP collection software but chose not to disclose them.

**Response to Interrogatory No. 9:**

Plaintiff objects to this request on the basis that the requested information is not relevant to any claim or defense in this case that will remain after the pleadings are finalized. The only claim that will remain in this case after the pleadings are finalized is Plaintiff's count for direct infringement against Defendant. The activities of third parties are not likely to make it more or less likely that Defendant committed the infringement.

**Argument that Plaintiff's Objection Should Be Sustained**

Plaintiff has never had a relationship Baumgarten, Brandt and Guardaley Ltd. a/k/a BP Equity, BP Equity, IP Equity, Baseprotect, InterDA and is not aware of IPP, Ltd. having a relationship with any of those entities. And, Plaintiff fails to understand how what third parties did in Germany could possibly be relevant to any claim in this proceeding.

**Interrogatory No. 10.** Describe your settlement process from the moment an ISP provides you with the personal identifying information required by a subpoena including all steps, individuals, and organizations involved, including how much money each person or entity receives from any settlement.

**Response to Interrogatory No. 10:**

Plaintiff objects to this request on the basis that the requested information is not relevant to any claim or defense in this case that will remain after the pleadings are finalized. The only claim that will remain in this case after the pleadings are finalized is Plaintiff's count for direct infringement against Defendant. Plaintiff's actions with respect to third parties are not likely to

make it more or less likely that Defendant committed the infringement. Additionally, Plaintiff objects on the basis that this interrogatory would require Plaintiff to disclose work product and attorney-client privileged information, including Plaintiff's strategy with respect to handling of its claims against third parties.

**Argument that Plaintiff's Objection Should Be Sustained**

Plaintiff adopts and incorporates its objection. An abuse of process claim cannot be predicated upon Plaintiff's actions with third parties. Accordingly, Plaintiffs' actions with third parties are simply not relevant. This interrogatory is similar to interrogatory no.1 in *Bituminious Casualty Corp. v. Monument Well Corp.*, 2007 WL 2712347 (D. Colo. 2007), which was found to be objectionable. Specifically, "Monument asks Plaintiff to identify every instance in the past ten years in which it has denied a defense to an insured under the pollution exclusion." Plaintiff argued "the issue here is limited to interpretation of an insurance contract, and other claims by other insureds are not relevant." Similarly, the issues in the subject suit are confined to whether Defendant infringed Plaintiff's copyright or whether Plaintiff: (a) abused the process against Defendant, (b) invaded Defendant's Privacy (Count II), (c) Defamed Defendant (Count III), (d) Intentional Inflicted Emotional Distress on Defendant (Count IV). Plaintiff's actions vis-à-vis other Defendants are simply not relevant to these causes of action.

## B. DOCUMENTS REQUESTED

Plaintiff did not object to Requests Nos. 2. , 4, 9, 10, 11, 12, 13, 14, 15, 16, 28, 29, 30, 52, 53, 59, 61; and, Plaintiff produced all documents in its possession, custody or control deemed responsive to Request No. 3.

**REQUEST FOR PRODUCTION NO. 1:** All documents, things, and/or electronically stored information, including emails, phone records, recordings, text messages, correspondence or other communications between or among you and any person pertaining to any file sharing downloading technology.

**RESPONSE NO. 1:** Plaintiff objects to the request on the basis that it is vague and ambiguous, overly broad, unduly burdensome, and calls for a set of documents that contain confidential and attorney client information. As for it for being overly broad, the only claim that will survive a motion to dismiss is Plaintiff's claim for direct infringement against Defendant. The issue in this case is whether Defendant used BitTorrent to illegally distribute Plaintiff's copyrighted works. Other than receiving the evidence from IPP, Ltd. and Peer Media Technology Plaintiff has not had any communication with any third party, except its attorney, that refers or relates to the Plaintiff's claim of direct infringement against Defendant. Notwithstanding the foregoing objections, and without waiving them, Plaintiff will produce all documents in its possession, custody or control that it received from IPP, Ltd. and Peer Media Technology that refer or relate to the claim against Defendant for direct infringement.

### Argument that Plaintiff's Objection Should Be Sustained

Plaintiff adopts and incorporates its objection. An abuse of process claim cannot be predicated upon Plaintiff's actions with third parties. Accordingly, Plaintiffs' actions with third parties are simply not relevant. This document request is similar to interrogatory no.1 in *Bituminious Casualty Corp. v. Monument Well Corp.*, 2007 WL 2712347 (D. Colo. 2007), which was found to be objectionable. Specifically, "Monument asks Plaintiff to identify every instance in the past ten years in which it has denied a defense to an insured under the pollution exclusion." Plaintiff argued "the issue here is limited to interpretation of an insurance contract,

and other claims by other insureds are not relevant." Similarly, the issues in the subject suit are confined to whether Defendant infringed Plaintiff's copyright or whether Plaintiff: (a) abused the process against Defendant, (b) invaded Defendant's Privacy (Count II), (c) Defamed Defendant (Count III), (d) Intentional Inflicted Emotional Distress on Defendant (Count IV). Plaintiff's actions vis-à-vis other Defendants are simply not relevant to these causes of action.

Additionally, Plaintiff has sued several thousand other infringers across the country. And, Plaintiff has thousands of pages of documents related to these disputes. Producing all of these documents would be a Herculean task and is unduly burdensome not only because of the amount of work it would take to produce these documents but because the burden is undue since Defendant could not use any of these documents in this suit. The documents are simply not relevant. Further, many of these documents are attorney-client privileged and or work product. Requiring Plaintiff to produce a multi-hundred page privilege log would be an absurd waste of Plaintiff's resources. Indeed, complying with this request would cost Plaintiff hundreds of thousands of dollars. Finally, many of the documents ,which would be produced are protected by a confidentiality clause between Plaintiff and the third parties. To comply, Plaintiff would have to advise each of the third parties that it was disclosing these documents and give each of the third parties an opportunity to file a motion for protective order in this case. That would needlessly waste this Court's and the parties' resources.

As for the request being ambiguous and vague, the Defendant's use of the words "related to any file sharing technology" is vague and ambiguous, and arguably pulls into the request all of plaintiff's enforcement efforts.

**REQUEST FOR PRODUCTION NO. 5:** All documents, things, and/or electronically stored information pertaining to the File.

**RESPONSE NO. 5:**

Plaintiff objects to this request on the basis that it is vague, ambiguous, overly broad unduly burdensome and because it is irrelevant and not likely to lead to the discovery of admissible evidence. Indeed, the File refers to the .torrent file which was illegally distributed by Defendant, and the movie contained within the File "pertains" to File. Accordingly, this request seeks all information pertaining to the movie, and therefore this request is overly broad and not likely to lead to the discovery of admissible information. To wit: Plaintiff is merely seeking statutory damages. Notwithstanding the foregoing objections, and without waiving them, Plaintiff states that the unique cryptographic hash value used on the File was identified and the File contained all of the works alleged in the Complaint.

**Argument that Plaintiff's Objection Should Be Sustained**

Plaintiff adopts and incorporates its objection. All documents related to the File would include: (a) all business and production documents related to the movies in the siterip that Defendant infringed, and (b) all litigation documents associated with the infringement of the siterip. First, the production documents are not relevant because Plaintiff is only seeking statutory damages. Second, an abuse of process claim cannot be predicated upon Plaintiff's actions with third parties. Accordingly, Plaintiffs' actions with third parties are simply not relevant. This document request is similar to interrogatory no.1 in *Bituminous Casualty Corp. v. Monument Well Corp.*, 2007 WL 2712347 (D. Colo. 2007), which was found to be objectionable. Specifically, "Monument asks Plaintiff to identify every instance in the past ten years in which it has denied a defense to an insured under the pollution exclusion." Plaintiff argued that "the issue here is limited to interpretation of an insurance contract, and other claims by other insureds are not relevant." Similarly, the issues in the subject suit are confined to

whether Defendant infringed Plaintiff's copyright or whether Plaintiff: (a) abused the process against Defendant, (b) invaded Defendant's Privacy (Count II), (c) Defamed Defendant (Count III), (d) Intentional Inflicted Emotional Distress on Defendant (Count IV). Plaintiff's actions vis-à-vis other Defendants are simply not relevant to these causes of action.

Additionally, Plaintiff has sued hundreds if not a thousand or more other infringers of the subject siterip across the country. And, Plaintiff has thousands of pages of documents related to these disputes. Producing all of these documents would be a Herculean task and is unduly burdensome not only because of the amount of work it would take to produce these documents but because the burden is undue since Defendant could not use any of these documents in this suit. The documents are simply not relevant. Further, many of these documents are attorney-client privileged and or work product. Requiring Plaintiff to produce a multi-hundred page privilege log would be an absurd waste of Plaintiff's resources. Indeed, complying with this request would cost Plaintiff hundreds of thousands of dollars. Finally, many of the documents, which would be produced are protected by a confidentiality clause between Plaintiff and the third parties. To comply, Plaintiff would have to advise each of the third parties that it was disclosing these documents and give each of the third parties an opportunity to file a motion for protective order in this case. That would needlessly waste this Court's and the parties' resources.

**REQUEST FOR PRODUCTION NO. 6:** All communications of any kind between you and anyone concerning enforcement of Plaintiff's copyrights against internet infringement, including all email communications of all present and past board members and present and past employees.

**RESPONSE NO. 6:** Plaintiff objects to this request on the basis that it is overly broad, unduly burdensome, not likely to lead to the discovery of admissible evidence, and because it

seeks documents covered by the attorney-client work privilege. To wit: the only claim in this suit that will survive a motion to dismiss is Plaintiff's claim for direct infringement against Defendant. The only communications that Plaintiff has had with anyone about this matter is with Plaintiff's attorneys.

### <u>Argument that Plaintiff's Objection Should Be Sustained</u>

Plaintiff adopts and incorporates its objection. An abuse of process claim cannot be predicated upon Plaintiff's actions with third parties. Accordingly, Plaintiffs' actions with third parties are simply not relevant. This document request is similar to interrogatory no.1 in *Bituminious Casualty Corp. v. Monument Well Corp.*, 2007 WL 2712347 (D. Colo. 2007), which was found to be objectionable. Specifically, "Monument asks Plaintiff to identify every instance in the past ten years in which it has denied a defense to an insured under the pollution exclusion." Plaintiff argued at "the issue here is limited to interpretation of an insurance contract, and other claims by other insureds are not relevant." Similarly, the issues in the subject suit are confined to whether Defendant infringed Plaintiff's copyright or whether Plaintiff: (a) abused the process against Defendant, (b) invaded Defendant's Privacy (Count II), (c) Defamed Defendant (Count III), (d) Intentional Inflicted Emotional Distress on Defendant (Count IV). Plaintiff's actions vis-à-vis other Defendants are simply not relevant to these causes of action.

Additionally, Plaintiff has sued thousands of infringers across the country. And, Plaintiff has thousands of pages of documents related to these disputes. Producing all of these documents would be a Herculean task and is unduly burdensome not only because of the amount of work it would take to produce these documents but because the burden is undue since Defendant could not use any of these documents in this suit. The documents are simply not relevant. Further, many of these documents are attorney-client privileged and or work product. Requiring Plaintiff

to produce a multi-hundred page privilege log would be an absurd waste of Plaintiff's resources. Indeed, complying with this request would cost Plaintiff hundreds of thousands of dollars. Finally, many of the documents, which would be produced are protected by a confidentiality clause between Plaintiff and the third parties. To comply, Plaintiff would have to advise each of the third parties that it was disclosing these documents and give each of the third parties an opportunity to file a motion for protective order in this case. That would needlessly waste this Court's and the parties' resources.

**REQUEST FOR PRODUCTION NO. 7:** All communications between you and M. Keith Lipscomb, Esq.

**RESPONSE NO. 7:**

Plaintiff objects to this request on the basis that it seeks attorney-client privileged information. M. Keith Lipscomb represents Plaintiff as its attorney and all of the communications between Plaintiff and M. Keith Lipscomb are protected by the attorney-client privilege and attorney-work product privileges. Additionally, Plaintiff objects to this request on the basis that it seeks documents that neither relevant nor likely to lead to the discovery of admissible information insofar as the great bulk of communications between Plaintiff and M. Keith Lipscomb do not relate to Plaintiff's claim against Defendant. Finally, Plaintiff objects on the basis that this request is unduly burdensome because M. Keith Lipscomb and Plaintiff regularly email and communicate with each other and providing all of these documents would be a Herculean task.

**Argument that Plaintiff's Objection Should Be Sustained**

Plaintiff adopts and incorporates its objection. First, M. Keith Lipscomb is an attorney representing Plaintiff in similar matters. Any communications between Plaintiff and Mr.

Lipscomb are privileged. Second, communications between Mr. Lipscomb and Plaintiff would relate to disputes Plaintiff has with third parties. An abuse of process claim cannot be predicated upon Plaintiff's actions with third parties. Accordingly, Plaintiffs' actions with third parties are simply not relevant. This document request is similar to interrogatory no.1 in *Bituminious Casualty Corp. v. Monument Well Corp.*, 2007 WL 2712347 (D. Colo. 2007), which was found to be objectionable. Specifically, "Monument asks Plaintiff to identify every instance in the past ten years in which it has denied a defense to an insured under the pollution exclusion." Plaintiff argued at "the issue here is limited to interpretation of an insurance contract, and other claims by other insureds are not relevant." Similarly, the issues in the subject suit are confined to whether Defendant infringed Plaintiff's copyright or whether Plaintiff: (a) abused the process against Defendant, (b) invaded Defendant's Privacy (Count II), (c) Defamed Defendant (Count III), (d) Intentional Inflicted Emotional Distress on Defendant (Count IV). Plaintiff's actions vis-à-vis other Defendants are simply not relevant to these causes of action.

Additionally, Plaintiff has sued thousands of infringers across the country. And, Plaintiff has thousands of pages of documents related to these disputes. Producing all of these documents would be a Herculean task and is unduly burdensome not only because of the amount of work it would take to produce these documents but because the burden is undue since Defendant could not use any of these documents in this suit. The documents are simply not relevant. Further, many of these documents are attorney-client privileged and or work product. Requiring Plaintiff to produce a multi-hundred page privilege log would be an absurd waste of Plaintiff's resources. Indeed, complying with this request would cost Plaintiff hundreds of thousands of dollars. Finally, many of the documents, which would be produced are protected by a confidentiality clause between Plaintiff and the third parties. To comply, Plaintiff would have to advise each of

the third parties that it was disclosing these documents and give each of the third parties an opportunity to file a motion for protective order in this case. That would needlessly waste this Court's and the parties' resources.

**REQUEST FOR PRODUCTION NO. 8:** All communications between you and anyone concerning the method of bringing legal proceedings to enforce Plaintiff's copyrights against internet infringement.

**RESPONSE NO. 8:**

Plaintiff objects to this request on the basis that it seeks documents and things covered by the attorney-client privilege and the privilege against disclosing attorney work product. The request is also ambiguous insofar as the word "method of bringing claims" can either be construed as seeking documents and things related to the legal process used or the process of identification. To the extent that the request merely seeks documents and things related to the legal process, to wit: Plaintiff does not have any documents or things outside the context of what it has been provided by its counsel concerning the method of bringing legal proceedings to enforce Plaintiff's copyrights against internet infringement. Plaintiff additionally objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Following the motion to dismiss, this suit will involve one claim for direct infringement against Defendant. Accordingly, to the extent that Defendant believes this information is relevant to one of the counterclaims that Defendant attempts to allege, any such counterclaim should and will likely be dismissed as a matter of law. As for it being vague, it is unclear as to what Defendant means by "method of bringing legal proceedings." Legal proceedings are brought by the filing of a complaint and that is the only method that Plaintiff has ever used.

**Argument that Plaintiff's Objection Should Be Sustained**

Plaintiff adopts and incorporates its objection.

**REQUEST FOR PRODUCTION NO. 17:** All documents, things, and/or electronically stored information pertaining to any contracts or agreements (or your knowledge thereof) pertaining to this lawsuit or the Prior Lawsuit, copyright infringement, civil litigation, retainers or payments, peer-to-peer file sharing, the Bittorrent Protocol or any technological services by or between any of the following persons: Plaintiff, IPP Ltd., Tobias Fieser, Patrick Collins, Inc., M. Keith Lipscomb, Kotzker, X-Art.com, Click Here LLC, Brigham Field a/k/a Brig Field, Colette Leah a/k/a Coco Leah, and any internet service provider pertaining to this lawsuit or the Prior Lawsuit.

**RESPONSE NO. 17:**

Plaintiff objects to this request on the basis that the requested information is not relevant to any claim or defense in this case that will remain after the pleadings are finalized. The only claim that will remain in this case after the pleadings are finalized is Plaintiff's count for direct infringement against Defendant. The business agreements that Plaintiff has with third parties are not likely to lead the discovery of any admissible information because these Agreements do not make the issue of whether Defendant committed the infringement more or less likely. This fact is underscored by the reality that the technology used by IPP, Ltd. is automated and not capable of subjectivity or interpretation. Plaintiff additionally objects on the basis that the information requested contains confidential business information the terms of which if disclosed would damage Plaintiff's competitive advantage vis-à-vis its competitors. Plaintiff additionally

objects on the basis that the information is protected by the attorney-client and work product privileges.

### Argument that Plaintiff's Objection Should Be Sustained

This request does not seek any documents that are relevant to any claims or defenses in this case. To the extent that Defendant may argue it seeks information relevant to his Abuse of Process Claim, he is wrong. Abuse of Process requires proof of "(1) an ulterior purpose in the use of judicial proceedings; (2) willful actions by a defendant in the use of process that are not proper in the regular conduct of a proceeding; and (3) damages." *Sterenbuch v. Goss, III*, 266 P.3d 428, 439 (Colo. App. 2011) (dismissing abuse of process count). Plaintiff's agreements with third parties do not shed any light on whether Plaintiff "used process that is not proper in the regular conduct of a proceeding." And, Defendant has not pointed to even one such process being used.

Put another way, if Plaintiff had an agreement with IPP Ltd., Tobias Fieser, Patrick Collins, Inc., M. Keith Lipscomb, Kotzker, X-Art.com, Click Here, LLC, Brigham Field a/k/a Brig Field, Colette Leah a/k/a Coco Leah, Guardaley Ltd. a/k/a Guardaley Ltd., BP Equity, IP Equity, Baseprotect, InterDA, and any internet service provider pertaining to this lawsuit or the Prior Lawsuit any such agreement would not shed any light on whether Plaintiff "used process that is not proper in the regular conduct of a proceeding."

To the extent that Defendant seeks Plaintiff's agreement with IPP, Ltd. for purposes of impeaching IPP, Ltd.'s credibility at trial, any such request should be denied. First, IPP, Ltd. is not an expert witness. IPP, Ltd. is a fact witness. Second, (1) there is no subjectivity in IPP, Ltd.'s software. Third, IPP, Ltd. will testify at trial that its investigative server directly connected to a computer using Defendant's internet service and that said computer sent IPP, Ltd.

a piece of Plaintiff's copyrighted work. Toward that end, IPP, Ltd. has electronic records evidencing Defendant's infringing transactions. Fourth, and accordingly, the only issue at trial will be whether IPP, Ltd.'s software works. The method through which IPP, Ltd. is paid is simply not relevant to the technical issue of whether IPP Limited's software works.

**REQUEST FOR PRODUCTION NO. 18:** Employment/retainer agreement(s) or other contract(s) by and between IPP Ltd., and Plaintiff.

**RESPONSE NO. 18:**

Plaintiff objects to this request on the basis that the requested information is not relevant to any claim or defense in this case that will remain after the pleadings are finalized. The only claim that will remain in this case after the pleadings are finalized is Plaintiff's count for direct infringement against Defendant. The business agreements that Plaintiff has with third parties are not likely to lead the discovery of any admissible information because these Agreement do not make the issue of whether Defendant committed the infringement more or less likely. This fact is underscored by the reality that the technology used by IPP, Ltd. is automated and not capable of subjectivity or interpretation. Plaintiff additionally objects on the basis that the information requested contains confidential business information the terms of which if disclosed would damage Plaintiff's competitive disadvantage vis-à-vis its competitors. Plaintiff additionally objects on the basis that the information is protected by the attorney-client and work product privileges.

### Argument that Plaintiff's Objection Should Be Sustained

This request does not seek any documents that are relevant to any claims or defenses in this case. To the extent that Defendant may argue it seeks information relevant to his Abuse of Process Claim, he is wrong. Abuse of Process requires proof of "(1) an ulterior purpose in the

use of judicial proceedings; (2) willful actions by a defendant in the use of process that are not proper in the regular conduct of a proceeding; and (3) damages." *Sterenbuch v. Goss, III*, 266 P.3d 428, 439 (Colo. App. 2011) (dismissing abuse of process count). Plaintiff's agreements with third parties do not shed any light on whether Plaintiff "used process that is not proper in the regular conduct of a proceeding." And, Defendant has not pointed to even one such process being used.

To the extent that Defendant seeks Plaintiff's agreement with IPP, Ltd. for purposes of impeaching IPP, Ltd.'s credibility at trial, any such request should be denied. First, IPP, Ltd. is not an expert witness. IPP, Ltd. is a fact witness. Second, (1) there is no subjectivity in IPP, Ltd.'s software. Third, IPP, Ltd. will testify at trial that its investigative server directly connected to a computer using Defendant's internet service and that said computer sent IPP, Ltd. a piece of Plaintiff's copyrighted work. Toward that end, IPP, Ltd. has electronic records evidencing Defendant's infringing transactions. Fourth, and accordingly, the only issue at trial will be whether IPP, Ltd.'s software works. The method through which IPP, Ltd. is paid is simply not relevant to the technical issue of whether IPP Limited's software works.

**REQUEST FOR PRODUCTION NO. 19:** All documents, things, and/or electronically stored information constituting records of any telephone calls made by Plaintiff and/or its employees and/or its agents and/or anyone acting on Plaintiff's behalf in connection with copyright infringement matters, including any efforts to enforce Plaintiff's copyrights or attempts to settle copyright infringement litigation whether or not prior to the filing of a lawsuit.

**RESPONSE NO. 19:**

Plaintiff objects to this request on the basis that the documents that Defendant seeks are neither relevant nor likely to lead to the discovery of admissible evidence. To wit: Plaintiff's

disputes with third parties are not likely to make it more or less likely that Defendant committed the infringement as alleged by Plaintiff. Plaintiff additionally objects on the basis that the requested information is confidential and subject to contracts which prohibit the disclosure of the requested information. Plaintiff additionally objects on the basis that the requested information contains confidential business information and trade secrets the disclosure of which would put Plaintiff in a competitive disadvantage vis-à-vis its competitors. Plaintiff additionally objects on the basis that the requested information is protected from disclosure by the attorney-client privilege and attorney-work product doctrines. Plaintiff additionally objects on the basis that the producing the requested information would be unduly burdensome and avers that Plaintiffs have reams of notes of information concerning its communications with third party infringers. Further, Plaintiff states that in order to produce this information it would have to redact the identities of the other infringers and that this process would take a Herculean effort.

### Argument that Plaintiff's Objection Should Be Sustained

Plaintiff adopts and incorporates its objection. An abuse of process claim cannot be predicated upon Plaintiff's actions with third parties. Accordingly, Plaintiff's actions with third parties are simply not relevant. This document request is similar to interrogatory no.1 in *Bituminous Casualty Corp. v. Monument Well Corp.*, 2007 WL 2712347 (D. Colo. 2007), which was found to be objectionable. Specifically, "Monument asks Plaintiff to identify every instance in the past ten years in which it has denied a defense to an insured under the pollution exclusion." Plaintiff argued that "the issue here is limited to interpretation of an insurance contract, and other claims by other insureds are not relevant." Similarly, the issues in the subject suit are confined to whether Defendant infringed Plaintiff's copyright or whether Plaintiff: (a) abused the process against Defendant, (b) invaded Defendant's Privacy (Count II), (c) Defamed

Defendant (Count III), (d) Intentional Inflicted Emotional Distress on Defendant (Count IV). Plaintiff's actions vis-à-vis other Defendants are simply not relevant to these causes of action.

Additionally, Plaintiff has sued several thousand other infringers across the country. And, Plaintiff has thousands of pages of documents related to these disputes. Producing all of these documents would be a Herculean task and is unduly burdensome not only because of the amount of work it would take to produce these documents but because the burden is undue since Defendant could not use any of these documents in this suit. The documents are simply not relevant. Further, all of Plaintiff's notes are either attorney-client privileged and or work product. Requiring Plaintiff to produce a multi-hundred page privilege log would be an absurd waste of Plaintiff's resources. Indeed, complying with this request would cost Plaintiff hundreds of thousands of dollars. Finally, many of the documents, which would be produced are protected by a confidentiality clause between Plaintiff and the third parties. To comply, Plaintiff would have to advise each of the third parties that it was disclosing these documents and give each of the third parties an opportunity to file a motion for protective order in this case. That would needlessly waste this Court's and the parties' resources.

**REQUEST FOR PRODUCTION NO. 20:** All documents, things, and/or electronically stored information constituting records of any correspondence sent by Plaintiff and/or its employees and/or its agents and/or anyone acting on Plaintiff's behalf in connection with copyright infringement matters, including any efforts to enforce Plaintiff's copyrights, attempts to settle copyright infringement litigation whether or not prior to the filing of a lawsuit.

**RESPONSE NO. 20:**

Plaintiff objects to this request on the basis that the documents that Defendant seeks are neither relevant nor likely to lead to the discovery of admissible evidence. To wit: Plaintiff's

disputes with third parties are not likely to make it more or less likely that Defendant committed the infringement as alleged by Plaintiff. Plaintiff additionally objects on the basis that the requested information is confidential and subject to contracts which prohibit the disclosure of the requested information. Plaintiff additionally objects on the basis that the requested information contains confidential business information and trade secrets the disclosure of which would put Plaintiff in a competitive disadvantage vis-à-vis its competitors. Plaintiff additionally objects on the basis that the requested information is protected from disclosure by the attorney-client privilege and attorney-work product doctrines. Plaintiff additionally objects on the basis that the producing the requested would be unduly burdensome and avers that Plaintiffs have reams of notes of information concerning its communications with third party infringers. Further, Plaintiff states that in order to produce this information it would have to redact the identities of the other infringers and that this process would take a Herculean effort.

**REQUEST FOR PRODUCTION NO. 21:** Retainer agreement(s) by and between Jason Kotzker, Esq., and Plaintiff.

**RESPONSE NO. 21:**

Plaintiff objects to this request on the basis that it is neither relevant nor likely to lead to the discovery of admissible evidence and because the agreement contains confidential business information which if disclosed would put Plaintiff at a competitive disadvantage vis-à-vis its competitors. Specifically, the terms of counsel's agreement with Plaintiff for the provision of services in exchange for fees will not shed any light on the issue of whether Defendant committed the infringement as alleged in the complaint. Additionally, the agreement contains attorney-client information and advice and so Plaintiff objects on the basis that it is protected by the privilege against disclosing attorney client information.

## Argument that Plaintiff's Objection Should Be Sustained

Plaintiff adopts and incorporates its objection.

**REQUEST FOR PRODUCTION NO. 22:** Retainer agreement(s) or other business agreement(s), contract(s) or information arrangement(s) of any kind between Plaintiff and M. Keith Lipscomb, Esq.

**RESPONSE NO. 22:**

Plaintiff objects to this request on the basis that it is neither relevant nor likely to lead to the discovery of admissible evidence and because the agreement contains confidential business information which if disclosed would put Plaintiff at a competitive disadvantage vis-à-vis its competitors. Specifically, the terms of counsel's agreement with Plaintiff for the provision of services in exchange for fees will not shed any light on the issue of whether Defendant committed the infringement as alleged in the complaint. Additionally, the agreement contains attorney-client information and advice and so Plaintiff object on the basis that it is protected by the privilege against disclosing attorney client information.

## Argument that Plaintiff's Objection Should Be Sustained

Plaintiff adopts and incorporates its objection.

**REQUEST FOR PRODUCTION NO. 24:** Retainer agreement(s) or other business agreement(s), contract(s) or information arrangement(s) of any kind between Kotzker and M. Keith Lipscomb, Esq.

**RESPONSE NO. 24:**

Plaintiff objects to this request on the basis that it is neither relevant nor likely to lead to the discovery of admissible evidence and because the agreement contains confidential business information which if disclosed would put Plaintiff at a competitive disadvantage vis-à-vis its competitors. Specifically, the terms of Plaintiff's counsels' agreement with each other will not shed any light on the issue of whether Defendant committed the infringement as alleged in the complaint. Additionally, any information exchanged between Plaintiff's counsel while acting in their capacity as counsel for Plaintiff is protected by the attorney client privilege and constitutes attorney client work product.

**Argument that Plaintiff's Objection Should Be Sustained**

Plaintiff adopts and incorporates its objection.

**REQUEST FOR PRODUCTION NO. 25:** Produce and identify any and all Digital Millennium Copyright Act (DMCA) takedown notices issued by Plaintiff to any ISP for any and all alleged infringement of the Work(s) upon which Plaintiff has commenced legal action in any jurisdiction.

**RESPONSE NO. 25:**

Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. The DMCA notices that Plaintiff sends to third parties will not shed any light on the issue of whether Defendant committed the subject infringement is more or less likely. Indeed, Plaintiff did not start sending DMCA notices until after the subject infringement was detected by IPP, Ltd. and uses a third party provider for this service because IPP, Ltd. does not offer it.

### Argument that Plaintiff's Objection Should Be Sustained

Plaintiff adopts and incorporates its objection. Plaintiff's DMCA notices to third parties are simply not relevant. First, copyright infringement is a strict liability tort. Notice is a not a condition precedent. Second, an abuse of process claim cannot be predicated upon Plaintiff's actions with third parties. Accordingly, Plaintiffs' actions with third parties are simply not relevant. This document request is similar to interrogatory no.1 in *Bituminious Casualty Corp. v. Monument Well Corp.*, 2007 WL 2712347 (D. Colo. 2007), which was found to be objectionable. Specifically, "Monument asks Plaintiff to identify every instance in the past ten years in which it has denied a defense to an insured under the pollution exclusion." Plaintiff argued "the issue here is limited to interpretation of an insurance contract, and other claims by other insureds are not relevant." Similarly, the issues in the subject suit are confined to whether Defendant infringed Plaintiff's copyright or whether Plaintiff: (a) abused the process against Defendant, (b) invaded Defendant's Privacy (Count II), (c) Defamed Defendant (Count III), (d) Intentional Inflicted Emotional Distress on Defendant (Count IV). Plaintiff's actions vis-à-vis other Defendants are simply not relevant to these causes of action.

**REQUEST FOR PRODUCTION NO. 26:** Produce and identify any and all "cease and desist" letters sent by Plaintiff to anyone with regard to any alleged infringement of the Work(s), whether or not Plaintiff has commenced legal action upon any alleged infringement.

**RESPONSE NO. 26:**

Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Any letters sent to third parties will not shed any light on the issue of whether Defendant committed the subject infringement is more or less likely. Plaintiff further objects on the basis that "cease and desist"

letters is an ambiguous term. Plaintiff further objects to this request on the basis that any such letters, should they exist, would contain confidential information and could only be disclosed on the after being redacted without violating Plaintiff's settlement agreements with third parties.

**Argument that Plaintiff's Objection Should Be Sustained**

Plaintiff adopts and incorporates its objection. Any letters Plaintiff may have sent to third parties are simply not relevant. An abuse of process claim cannot be predicated upon Plaintiff's actions with third parties. Accordingly, Plaintiffs' actions with third parties are simply not relevant. This document request is similar to interrogatory no.1 in *Bituminious Casualty Corp. v. Monument Well Corp.*, 2007 WL 2712347 (D. Colo. 2007), which was found to be objectionable. Specifically, "Monument asks Plaintiff to identify every instance in the past ten years in which it has denied a defense to an insured under the pollution exclusion." Plaintiff argued "the issue here is limited to interpretation of an insurance contract, and other claims by other insureds are not relevant." Similarly, the issues in the subject suit are confined to whether Defendant infringed Plaintiff's copyright or whether Plaintiff: (a) abused the process against Defendant, (b) invaded Defendant's Privacy (Count II), (c) Defamed Defendant (Count III), (d) Intentional Inflicted Emotional Distress on Defendant (Count IV). Plaintiff's actions vis-à-vis other Defendants are simply not relevant to these causes of action.

**REQUEST FOR PRODUCTION NO. 27:** All documents, things, and/or electronically stored information pertaining to and demonstrating Plaintiff's alleged loss of income on each of the Works due to internet copyright infringement and indicate the portion of such losses which Plaintiff alleges is due to any alleged actions of Defendant.

**RESPONSE NO. 27:**

Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiff has elected herein to only seek statutory damages. Therefore, Plaintiff's actual damages are not relevant.

### Argument that Plaintiff's Objection Should Be Sustained

Plaintiff adopts and incorporates its objection.

**REQUEST FOR PRODUCTION NO. 31:** Plaintiff's business license or substantially similar document.

### RESPONSE NO. 31:

Plaintiff objects to this request on the basis that it is neither relevant nor likely to lead to the discovery of admissible evidence.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection. Plaintiff's business licenses are neither relevant nor likely to lead to the discovery of admissible evidence. To prove a claim of copyright infringement all that must be shown is ownership of a valid copyright and copying. The copyright registration proves Plaintiff's ownership of the subject copyright. Producing Plaintiffs business licenses is unnecessary and harassing.

**REQUEST FOR PRODUCTION NO. 32:** All documents, things, and/or electronically stored information pertaining to all "C-level" executives of Plaintiff from date of incorporation to present, including but not limited to Chief Executive Officer, Chief Operating Officer, Chief Technology Officer, Chief Information Officer, and/or Chief Financial Officer, and providing as to each individual:

a.     His or her last known address and telephone number;

b.     His or her dates of service in that position;

c.      The position, if any, he or she took in Plaintiff company after leaving that position and dates of that service.

**RESPONSE NO. 32:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.   The infringement was detected by IPP, Ltd.   Notwithstanding the foregoing, Plaintiff directs Defendant to Plaintiff's Rule 26(a) disclosures which identifies the two co-owners of Malibu Media.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.   Notwithstanding the foregoing, Plaintiff states the only two people to ever hold a "C" Level position are the two co-owners of Malibu Media.

**REQUEST FOR PRODUCTION NO. 33:** All documents, things, and/or electronically stored information pertaining to all employees of Plaintiff from date of incorporation to present, and providing as to each individual:

d.      His or her last known address and telephone number;

e.      His or her dates of service in that position;

f.      The position, if any, he or she took in Plaintiff Company after leaving that position and dates of that service.

**RESPONSE NO. 33:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information.   The only claim, which will

survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. The identity of Defendant's employees will not shed any light on that issue.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. The identity of Plaintiff's employees is simply not relevant to any issue in this case.

**REQUEST FOR PRODUCTION NO. 34:** All documents, things, and/or electronically stored information pertaining to the responsibilities and obligations of Plaintiff's President, Officers, Board members and each employee for each year of Plaintiff's operation.

**RESPONSE NO. 34:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. The identity of Defendants' employees will not shed any light on that issue.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. The job duties of Plaintiff's employees is simply not relevant to any issue in this case.

**REQUEST FOR PRODUCTION NO. 35:** All documents, things, and/or electronically stored information pertaining to any and all amendments to the responsibilities and obligations of Plaintiff's President, Officers, Board members and each employee for each year of Plaintiff's operation.

**RESPONSE NO. 35:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will

survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. The identity of Defendants' employees will not shed any light on that issue.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. The job duties of Plaintiff's employees is simply not relevant to any issue in this case.

**REQUEST FOR PRODUCTION NO. 36:** All documents, things, and/or electronically stored information constituting records and minutes of corporate meetings, including meetings of Board of Directors and meetings of shareholders from date of incorporation to present.

**RESPONSE NO. 36:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. Plaintiff's Corporate Governance documents will not shed any light on that issue.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. The records and minutes of corporate meetings, including meetings of Board of Directors and meetings of shareholders from date of incorporation to present are simply not relevant to any issue in this case.

**REQUEST FOR PRODUCTION NO. 37:** All documents, things, and/or electronically stored information constituting records of all shareholders and/or participants in profit-sharing including names, addresses and telephone numbers of said individuals, inclusive dates of stock ownership, class of stock, number of shares, money or other consideration given for said shares of stock, and voting rights from date of incorporation through present.

**RESPONSE NO. 37:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. The identity of Plaintiff's shareholders and agreements concerning Plaintiff's distribution of profits are not likely to shed any light on the issue of whether Defendant committed the subject infringement.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection. The identity of all shareholders and/or participants in profit-sharing including names, addresses and telephone numbers of said individuals, inclusive dates of stock ownership, class of stock, number of shares, money or other consideration given for said shares of stock, and voting rights from date of incorporation through present are simply not relevant to any issue in this case.

**REQUEST FOR PRODUCTION NO. 38:** All documents, things, and/or electronically stored information constituting records of all shareholder votes from date of incorporation through present.

### RESPONSE NO. 38:

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. Records comprising Plaintiff's shareholders votes are not likely to shed any light on the issue of whether Defendant committed the subject infringement.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection. Documents, things, and/or electronically stored information constituting records of all shareholder votes from date of incorporation through present are simply not relevant to any issue in this case.

**REQUEST FOR PRODUCTION NO. 39:** All documents, things, and/or electronically stored information that identifies any predecessor in interest.

**RESPONSE NO. 39:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. Notwithstanding the foregoing objection, Plaintiff states that an unincorporated partnership preceded Malibu Media, LLC but that the owners were identical.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. All documents, things, and/or electronically stored information that identifies any predecessor in interest are simply not relevant to any issue in this case.

**REQUEST FOR PRODUCTION NO. 40:** All documents, things, and/or electronically stored information constituting records of all dividends paid to shareholders from date of incorporation through present.

**RESPONSE NO. 40:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant.

Records comprising Plaintiff's dividends are not likely to shed any light on the issue of whether Defendant committed the subject infringement.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection. All documents, things, and/or electronically stored information constituting records of all dividends paid to shareholders from date of incorporation through present are simply not relevant to any issue in this case.

**REQUEST FOR PRODUCTION NO. 41:** All documents, things, and/or electronically stored information constituting records of all insurance policies held by you.

**RESPONSE NO. 41:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. Records comprising Plaintiff's insurance policies are not likely to shed any light on the issue of whether Defendant committed the subject infringement.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection. All documents, things, and/or electronically stored information constituting records of all insurance policies held by Plaintiff are simply not relevant to any issue in this case.

**REQUEST FOR PRODUCTION NO. 42:** All documents, things, and/or electronically stored information constituting Plaintiff's Federal and State income tax returns for every year since incorporation to present.

**RESPONSE NO. 42:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. Plaintiff's income tax returns are not likely to shed any evidence on the issue of who committed the subject infringement. Additionally, this appears to be discovery in aid of execution prior to Defendant obtaining a judgment and it is improper on that basis as well.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. Plaintiff's tax returns are simply not relevant to any issue in this case. Further, discovery in aid of execution is premature during the pendency of a case.

**REQUEST FOR PRODUCTION NO. 43:** All documents, things, and/or electronically stored information constituting Plaintiff's annual filings submitted to California Secretary of State.

**RESPONSE NO. 43:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. Records comprising Plaintiff's annual filings are not likely to shed any light on the issue of whether Defendant committed the subject infringement.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. Plaintiff's annual filings submitted to California Secretary of State are simply not relevant to any issue in this case.

**REQUEST FOR PRODUCTION NO. 44:** All documents, things, and/or electronically stored information constituting annual statements to shareholders, if any.

**RESPONSE NO. 44:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. Plaintiff's annual are not likely to shed any evidence on the issue of who committed the subject infringement. Additionally, this appears to be discovery in aid of execution prior to Defendant obtaining a judgment and it is improper on that basis as well.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. Plaintiff's tax returns are simply not relevant to any issue in this case. Further, discovery in aid of execution is premature during the pendency of a case.

**REQUEST FOR PRODUCTION NO. 45:** All documents, things, and/or electronically stored information constituting records of profit-sharing for every year from incorporation through present including names of individuals to whom the profit-shares are distributed and what portion of profits those individuals received.

**RESPONSE NO. 45:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. Plaintiff's profit shares are not likely to shed any evidence on the issue of who committed the

subject infringement. Additionally, this appears to be discovery in aid of execution prior to Defendant obtaining a judgment and it is improper on that basis as well.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. All documents, things, and/or electronically stored information constituting records of profit-sharing for every year from incorporation through present including names of individuals to whom the profit-shares are distributed and what portion of profits those individuals received are simply not relevant to any issue in this case. Further, discovery in aid of execution is premature during the pendency of a case.

**REQUEST FOR PRODUCTION NO. 46:** All documents, things, and/or electronically stored information pertaining to Plaintiff's bank accounts for every year from incorporation through present.

**RESPONSE NO. 46:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. Plaintiff's bank accounts are not likely to shed any evidence on the issue of who committed the subject infringement. Additionally, this appears to be discovery in aid of execution prior to Defendant obtaining a judgment and it is improper on that basis as well.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. All documents, things, and/or electronically stored information pertaining to Plaintiff's bank accounts for every year from

incorporation through present are simply not relevant to any issue in this case. Further, discovery in aid of execution is premature during the pendency of a case.

**REQUEST FOR PRODUCTION NO. 47:** All documents, things, and/or electronically stored information pertaining to Plaintiff's start-up funding, including the names, addresses and telephone numbers of each individual and/or entity who contributed cash or furnished loans; the disposition of said funds; what said funds were utilized for; etc.

**RESPONSE NO. 47:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. Plaintiff's financial situation is not likely to shed any evidence on the issue of who committed the subject infringement. Additionally, this appears to be discovery in aid of execution prior to Defendant obtaining a judgment and it is improper on that basis as well.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. All documents, things, and/or electronically stored information pertaining to Plaintiff's start-up funding, including the names, addresses and telephone numbers of each individual and/or entity who contributed cash or furnished loans; the disposition of said funds; what said funds were utilized for; etc. are simply not relevant to any issue in this case. Further, discovery in aid of execution is premature during the pendency of a case.

**REQUEST FOR PRODUCTION NO. 48:** All documents, things, and/or electronically stored information pertaining to all corporate revenue (including specific breakdown of source, such as sales, settlement of lawsuit, etc.) for each year from incorporation to the present.

**RESPONSE NO. 48:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. Plaintiff's financial situation is not likely to shed any evidence on the issue of who committed the subject infringement. Additionally, this appears to be discovery in aid of execution prior to Defendant obtaining a judgment and it is improper on that basis as well.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. All documents, things, and/or electronically stored information pertaining to all corporate revenue (including specific breakdown of source, such as sales, settlement of lawsuit, etc.) for each year from incorporation to the present are simply not relevant to any issue in this case. Further, discovery in aid of execution is premature during the pendency of a case.

**REQUEST FOR PRODUCTION NO. 49:** All documents, things, and/or electronically stored information pertaining to all corporate expenditures (including purpose) for each year from incorporation to the present.

**RESPONSE NO. 49:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of relevant information. The only claim, which will survive a motion to dismiss is Plaintiff's claim of direct infringement against Defendant. Plaintiff's financial situation is not likely to shed any evidence on the issue of who committed the subject infringement. Additionally, this appears to be discovery in aid of execution prior to Defendant obtaining a judgment and it is improper on that basis as well.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. All documents, things, and/or electronically stored information pertaining to all corporate expenditures (including purpose) for each year from incorporation to the present are simply not relevant to any issue in this case. Further, discovery in aid of execution is premature during the pendency of a case.

**REQUEST FOR PRODUCTION NO. 50:** As to each of the Works:

a.      Produce and identify documents which pertain to the identity of the director, all producers, and all sources of funding for the creation of the Work;

**Response:** Plaintiff will produce all documents in its possession, custody or control deemed responsive to the request insofar as it relates to the identity of the director. Plaintiff objects to this request insofar as it seeks the identity of the sources of funding for the creation of the Work on the basis that this information is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection as all sources of funding for the creation of the Work are simply not relevant to any issue in this case.

b.      Produce and identify documents which pertain to the identity of the author of the Work for purposes of copyright registration;

**Response:** Plaintiff will produce all documents in its possession, custody or control deemed responsive to this request.

c.      Produce and identify documents which pertain to the date of acquisition of the Work by you;

**Response:** Plaintiff will produce all documents in its possession, custody or control deemed responsive to this request.

d.      Produce and identify documents pertaining to Plaintiff's acquisition of any and all rights in the Work;

**Response:** Plaintiff will produce all documents in its possession, custody or control deemed responsive to this request.

e.      Produce and identify the original applications for copyright registration filed by Plaintiff for the Work;

**Response:** Plaintiff objects on the basis that this request seeks original documents. Plaintiff will however produce true and accurate copies of all documents in its possession, custody or control deemed responsive to this request.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.

f.      Produce and identify all documents related to the copyright registration of the Work;

**Response**: Plaintiff will produce all documents in its possession, custody or control deemed responsive to this request.

g.      Produce and identify all documents evidencing marking of the Work as copyrighted;

**Response:** Plaintiff will produce all documents in its possession, custody or control deemed responsive to this request.

h.      Produce and identify all documents relating to federal record keeping relating to the age and consent of the actors in the Work;

**Response:** Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiff's works are copyrightable as a matter of law and there are no records, which need be kept about the age of the actors in Plaintiff's movies that undermine the copyrightablility of the works. Notwithstanding the foregoing, Plaintiff avers that these records do exist and that all of the actors were over the age of majority at the times that the movies were created.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.

i.      Produce and identify the original copyright registration certificates for the Work;

**Response**: Plaintiff objects to this request on the basis that it seeks and original document. Plaintiff will produce a true and correct copy of all documents in possession, custody or control deemed responsive to this request.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.

j.      Produce and identify documents pertaining to sales for the Work from date of creation, production or acquisition to present;

**Response:** Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiff has elected to seek statutory damages only and therefore discovery aimed at its actual damages is not relevant.

k.    Produce and identify all advertising and marketing materials and proposals, whether actually used or not, for the Work, and specify which advertising and marketing materials have in fact been used;

**Response:**  Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiff has elected to seek statutory damages only and therefore discovery aimed at its actual damages is not relevant.

l.    Produce and identify documents pertaining to funds spent for advertising and marketing for each of the Works.

**Response:**  Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiff has elected to seek statutory damages only and therefore discovery aimed at its actual damages is not relevant.

**REQUEST FOR PRODUCTION NO. 51:** As to all funds received from settlements of other internet infringement cases, provide all documents and electronically stored information pertaining to:

a.    Case number and jurisdiction;

b.    Name or "John Doe" designation of the settling party;

c.    Name of attorney who filed the case;

d.    Name of individuals who handled settlement negotiations;

e.    Produce and identify original(s) of any and all communications between that defendant and the negotiator, including voice recordings of any telephone conversations;

f.   Provide documentation (at a minimum, copies of the deposited check or proof of wire transfer) of the existence and amount of the settlement;

g.   Provide documentation of the account number and name of the bank into which that settlement amount was placed;

h.   Provide a list and produce documentation of any disbursements that were made out of that settlement amount, including but not limited to payments to attorneys, payments to negotiators, payments to researchers, payments to investigators, whether these payments were made to companies or to individuals;

i.   Indicate the current location of those funds, *i.e.*, whether they are still in that account, or whether they have been transferred out of that account, and if the latter, provide documentation of all subsequent transfers of those funds.

**RESPONSE NO. 51:**

Plaintiff objects to this request on the basis that the documents that Defendant seeks are neither relevant nor likely to lead to the discovery of admissible evidence. To wit: Plaintiff's disputes with third parties are not likely to make it more or less likely that Defendant committed the infringement as alleged by Plaintiff. Plaintiff additionally objects on the basis that this request is intended to harass Plaintiff. Plaintiff additionally objects on the basis that the requested information is confidential and subject to contracts which prohibit the disclosure of the requested information. Plaintiff additionally objects on the basis that the requested information contains confidential business information and trade secrets the disclosure of which would put Plaintiff in a competitive disadvantage vis-à-vis its competitors. Plaintiff additionally objects on the basis that the requested information is protected from disclosure by the attorney-client privilege and attorney-work product doctrines. Plaintiff additionally objects on the basis that

producing the requested would be unduly burdensome and avers that Plaintiffs have reams of notes of information concerning its communications with third party infringers. Further, Plaintiff states that in order to produce this information it would have to redact the identities of the other infringers and that this process would take a Herculean effort. Additionally, this appears to be discovery in aid of execution prior to Defendant obtaining a judgment and it is improper on that basis as well.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.


**REQUEST FOR PRODUCTION NO. 54:** All documents, things, and/or electronically stored information supporting Plaintiff's contention that persons who use Bittorrent software to download the Work(s) are jointly and severally liable for copyright infringement, including but not limited to settlement information.

**RESPONSE NO. 54:**

Plaintiff objects to this request on the basis that the information it seeks is neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiff additionally objects on the basis that this request calls for Plaintiff's counsel to cull documents that relate to a legal theory and by necessity would require Plaintiff's counsel to disclose its mental impressions.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.

**REQUEST FOR PRODUCTION NO. 55:** All documents, things, and/or electronically stored information supporting or refuting that Plaintiff has already been compensated for any

alleged infringement related to Defendant's alleged "swarm" and that any judgment against Defendant would be a double recovery.

**RESPONSE NO. 55:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiff is seeking statutory damages, only.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.

**REQUEST FOR PRODUCTION NO. 56:** All documents, things, and/or electronically stored information arising from and/or relating to persons other than Defendant that Plaintiff has alleged and/or claimed, whether in a "John Doe" lawsuit, in a personal lawsuit, in pretrial settlement negotiations, or in any other context, is liable for copyright infringement of the Work(s).

**RESPONSE NO. 56:**

Plaintiff objects to this request on the basis that the documents that Defendant seeks are neither relevant nor likely to lead to the discovery of admissible evidence.  To wit: Plaintiff's disputes with third parties are not likely to make it more or less likely that Defendant committed the infringement as alleged by Plaintiff.  Plaintiff additionally objects on the basis that this request is intended to harass Plaintiff.  Plaintiff additionally objects on the basis that the requested information is confidential and subject to contracts which prohibit the disclosure of the requested information.  Plaintiff additionally objects on the basis that the requested information contains confidential business information and trade secrets the disclosure of which would put Plaintiff in a competitive disadvantage vis-à-vis its competitors.  Plaintiff additionally objects on

the basis that the requested information is protected from disclosure by the attorney-client privilege and attorney-work product doctrines. Plaintiff additionally objects on the basis that the producing the requested documents would be unduly burdensome and avers that Plaintiffs has information concerning its communications with third party infringers. Further, Plaintiff states that in order to produce this information it would have to redact the identities of the other infringers and that this process would take a Herculean effort.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection and the arguments made above.

**REQUEST FOR PRODUCTION NO. 57:** All documents, things, and/or electronically stored information arising from and/or relating to the tracking and/or determination of the IP addresses of any purported infringer of the Work(s), including but not limited to a copy, including source code, of the software used to identify and/or track the IP addresses.

### RESPONSE NO. 57:

Plaintiff objects to this request on the basis that the documents that Defendant seeks are neither relevant nor likely to lead to the discovery of admissible evidence. To wit: Plaintiff's disputes with third parties are not likely to make it more or less likely that Defendant committed the infringement as alleged by Plaintiff. Plaintiff additionally objects on the basis that this request is intended to harass Plaintiff. Plaintiff additionally objects on the basis that the requested information is confidential and subject to contracts which prohibit the disclosure of the requested information. Plaintiff additionally objects on the basis that the requested information contains confidential business information and trade secrets the disclosure of which would put Plaintiff in a competitive disadvantage vis-à-vis its competitors. Plaintiff additionally objects on the basis that the requested information is protected from disclosure by the attorney-client privilege and

attorney-work product doctrines. Plaintiff additionally objects on the basis that the producing the requested documents would be unduly burdensome and avers that Plaintiffs has information concerning its communications with third party infringers. Further, Plaintiff states that in order to produce this information it would have to redact the identities of the other infringers and that this process would take a Herculean effort.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection and the arguments made above.

**REQUEST FOR PRODUCTION NO. 58:** All documents, things, and/or electronically stored information arising from and/or relating to the hiring of all persons depicted in the Work(s), including but not limited to drafts payable to all persons depicted in the Work(s), payroll information, contact information (street address, telephone number, and email address) of all persons depicted in the Work(s), all identifiable records (as defined in 18 U.S.C. §2257(a)) of all persons depicted in the Work(s), and Internal Revenue Service Forms 1099 and W-2 for all persons depicted in the Work(s).

**RESPONSE NO. 58:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiff's works are copyrightable as a matter of law and there are no records, which need be kept about the age of the actors in Plaintiff's movies that undermine the copyrightablility of the works. Notwithstanding the foregoing, Plaintiff avers that these records do exist and that all of the actors were over the age of majority at the times that the movies were created.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection and the arguments made above.


**REQUEST FOR PRODUCTION NO. 60:** All documents, things, and/or electronically stored information arising from and/or relating to 18 U.S.C. §2257 statements by Plaintiff regarding where and/or how the Work(s) can be accessed, copied, and/or downloaded.

### RESPONSE NO. 60:

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiff's works are copyrightable as a matter of law and there are no records which need be kept about the age of the actors in Plaintiff's movies that undermine the copyrightablility of the works. Notwithstanding the foregoing, Plaintiff avers that these records do exist and that all of the actors were over the age of majority at the times that the movies were created.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection and the arguments made above.

**REQUEST FOR PRODUCTION NO. 62:** All documents, things, and/or electronically stored information relating to any formal or informal ethics complaint(s) filed or proceedings instituted against you, your attorneys, and/or agents, whether instituted by an individual or a Court.

### RESPONSE NO. 62:

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the basis that it is intended to harass Plaintiff and its counsel.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made above.

**REQUEST FOR PRODUCTION NO. 63:** All documents, things, and/or electronically stored information relating to any communications relating to any formal or informal ethics complaint, admonishment by any Court, sanctions or threatened sanction by any Court against you, your attorneys and/or agents.

**RESPONSE NO. 63:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the basis that it is intended to harass Plaintiff and its counsel.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made above.

**REQUEST FOR PRODUCTION NO. 64:** All documents, things, and/or electronically stored information relating to all joint defense agreements.

**RESPONSE NO. 64:**

Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. The only claim in this litigation that will survive a motion to dismiss is Plaintiff's claim that Defendant committed a direct infringement of Plaintiff's copyrights. Plaintiff also objects to this request on the basis

that it contains confidential attorney-client privileged information and information that is protected by the attorney-client work product doctrine. Plaintiff additionally objects to this request on the basis that the information that sought contains confidential proprietary business information and trade secrets the disclosure of which would harm Plaintiff's competitive position vis-à-vis its competitors. Plaintiff also objects to this request on the basis that it is vague and ambiguous insofar as it does not state which joint defense agreements Defendants refer.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection and the arguments made above.

### REQUESTS FOR ADMISSIONS

**REQUEST NO. 46.** Out of the 30 "John Does" who were defendants in the Prior Lawsuit, Plaintiff has reached settlements with eight of these Doe defendants.

**RESPONSE TO REQUEST NO. 46:** Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection and the arguments made above. Specifically, Plaintiff is solely seeking statutory damages from Defendant. Accordingly, Plaintiff's settlements with third parties is simply not relevant.

**REQUEST NO. 47.** Out of the 3 defendants in this case, Plaintiff has reached a settlement with Stephen Deus.

**RESPONSE TO REQUEST NO. 47:** Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made above. Specifically, Plaintiff is solely seeking statutory damages from Defendant. Accordingly, Plaintiff's settlements with third parties is simply not relevant. To explain, here, Plaintiff's actual damages are the loss of a subscription to its website www.x-art.com. A monthly subscription is less than $40 dollars. However, "The Copyright Act , 17 U.S.C. § 504(c)(1), provides in pertinent part: "[T]he copyright owner may elect ... to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in that action, with respect to any one work ... in a sum not less than $750 or more than $30,000 as the Court considers just." "The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." _Harris v. Emus Records Corp.,_ 734 F.2d 1329, 1335 (9th Cir.1984); _see also F.W. Woolworth Co. v. Contemporary Arts, Inc.,_ 344 U.S. 228, 231-32, 73 S.Ct. 222, 97 L.Ed. 276 (1952). In _F.W. Woolworth Co. v. Contemporary Arts, Inc.,_ the United States Supreme Court held that merely awarding plaintiffs damages equal to lost profits does not sufficiently deter infringements. Thus, courts should formulate a damage award that will achieve the deterrent purposes served by the statutory damages provision. The Supreme Court said:

> [A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to the infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct.

_Id.,_ 344 U.S at 233, 73 S.Ct. 222. "In determining an award of statutory damages within the applicable limits set by the Act, a court may consider ""the expenses saved and profits reaped by

the defendant in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringers' state of mind—whether willful, knowing, or merely innocent.' " 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.04[B], at 14–41 (1991) (hereinafter "Nimmer"). Significantly, nowhere in the analysis is it relevant how much Plaintiff has recovered from third party infringers. The analysis is instead focused on the quantum of unjust enrichment received by the Defendant and the quantum of an award that is necessary to deter the Defendant. For this reason, all of Defendant's discovery aimed at the quantum of settlement or money Plaintiff has received from third parties is simply <u>not</u> relevant.

**REQUEST NO. 48.** For the calendar year 2011, more than 25% of Plaintiff's revenue was derived from settlements from copyright infringement litigation.

**RESPONSE TO REQUEST NO. 48:** Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above. Specifically, Plaintiff is solely seeking statutory damages from Defendant. The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant. And, Plaintiff's settlements with third parties are simply not relevant.

49. For the calendar year 2011, more than 50% of Plaintiff's revenue was derived from settlements from copyright infringement litigation.

<u>Response to Request No. 49</u>: Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

50.     For the calendar year 2011, more than 75% of Plaintiff's revenue was derived from settlements from copyright infringement litigation.

Response to Request No. 50:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

51.     For the calendar year 2011, more than 90% of Plaintiff's revenue was derived from settlements from copyright infringement litigation.

Response to Request No. 51:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from

Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

52.     For the calendar year 2012 to date, more than 25% of Plaintiff's revenue was derived from settlements from copyright infringement litigation.

<u>Response to Request No. 52</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**<u>Argument that Plaintiff's Objection Should be Sustained</u>**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.   Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

53.     For the calendar year 2012 to date, more than 50% of Plaintiff's revenue was derived from settlements from copyright infringement litigation.

<u>Response to Request No. 53</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**<u>Argument that Plaintiff's Objection Should be Sustained</u>**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.   Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

54.     For the calendar year 2012 to date, more than 75% of Plaintiff's revenue was derived from settlements from copyright infringement litigation.

<u>Response to Request No. 54</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**<u>Argument that Plaintiff's Objection Should be Sustained</u>**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.   Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

55.     For the calendar year 2012 to date, more than 90% of Plaintiff's revenue was derived from settlements from copyright infringement litigation.

<u>Response to Request No. 55</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**<u>Argument that Plaintiff's Objection Should be Sustained</u>**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.   Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

56.    For the calendar year 2011 and for the calendar year 2012 to date, Plaintiff's revenue derived from settlements of copyright infringement litigation is more than $10,000.

Response to Request No. 56:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.   Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

57.    For the calendar year 2011 and for the calendar year 2012 to date, Plaintiff's revenue derived from settlements of copyright infringement litigation is more than $100,000.

Response to Request No. 57: Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.   Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

58.    For the calendar year 2011 and for the calendar year 2012 to date, Plaintiff's revenue derived from settlements of copyright infringement litigation is more than $1,000,000.

Response to Request No. 58:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.   Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

59.    For the calendar year 2011 and for the calendar year 2012 to date, Plaintiff's revenue derived from settlements of copyright infringement litigation is more than $5,000,000.

Response to Request No. 59:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

60.    For the calendar year 2011 and for the calendar year 2012 to date, Plaintiff's revenue derived from settlements of copyright infringement litigation is more than $10,000,000.

Response to Request No. 60:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

67.  The Work(s) or any individual Work has not/have not generated any revenues that were not related to litigation since its/their creation.

Response to Request No. 67:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

68.  The Work(s) or any individual Work has not/have not generated any revenues that were not related to litigation since Plaintiff acquired the rights to Work(s).

<u>Response to Request No. 68</u>: Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above. Specifically, Plaintiff is solely seeking statutory damages from Defendant. The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant. And, Plaintiff's settlements with third parties are simply not relevant.

69. The Work(s) have generated non-litigation related revenues since their creation of less than $1,000.

<u>Response to Request No. 69</u>: Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above. Specifically, Plaintiff is solely seeking statutory damages from Defendant. The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant. And, Plaintiff's settlements with third parties are simply not relevant.

70. The Work(s) have generated non-litigation related revenues since their creation of less than $10,000.

<u>Response to Request No. 70</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

71.    The Work(s) have generated non-litigation related revenues since their creation of less than $100,000.

<u>Response to Request No. 71</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

72.    The Work(s) have generated non-litigation related revenues since their creation of less than $1,000,000.

<u>Response to Request No. 72</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

73.    The Work(s) have generated non-litigation related revenues since their creation of less than $5,000,000.

<u>Response to Request No. 73</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

74.    The Work(s) have generated non-litigation related revenues since their transfer to Plaintiff of less than $1,000.

<u>Response to Request No. 74</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

75.    The Work(s) have generated non-litigation related revenues since their transfer to Plaintiff of less than $10,000.

<u>Response to Request No. 75</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

76.    The Work(s) have generated non-litigation related revenues since their transfer to Plaintiff of less than $100,000.

<u>Response to Request No. 76</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

77.     The Work(s) have generated non-litigation related revenues since their transfer to Plaintiff of less than $1,000,000.

<u>Response to Request No. 77</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

78.     The Work(s) have generated non-litigation related revenues since their transfer to Plaintiff of less than $5,000,000.

Response to Request No. 78:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

79.     Because the dates of alleged infringement listed in the Complaint in this action and the Prior Lawsuit are all different, there is no possible way for any of the defendants to have worked together in a Bittorrent swarm.

Response to Request No. 79:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff is solely suing Defendant for direct infringement.  Therefore, whether he worked together with the other Defendants is irrelevant.  Notwithstanding, the foregoing, Plaintiff would and therefore does hereby deny this allegation for myriad irrelevant reasons.

80.     Plaintiff has filed hundreds of lawsuits in jurisdictions across the United States for copyright infringement which are identical to the Prior Lawsuit.

<u>Response to Request No. 80</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection and the arguments made in it response to Request No. 47 above.  Specifically, Plaintiff is solely seeking statutory damages from Defendant.  The amount of money Plaintiff has recovered from infringement is not relevant to the amount of statutory damages that Plaintiff should recovery from Defendant.  And, Plaintiff's settlements with third parties are simply not relevant.

81.     Plaintiff (either directly or by and through its attorneys or agents) utilizes a "call center" which employs individuals who are not lawyers to make phone calls to alleged copyright infringers prior to filing lawsuits against them.

<u>Response to Request No. 81</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

82.     Employees of this "call center" are independent contractors and not employees of Plaintiff.

<u>Response to Request No. 82</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

83.     Employees of this "call center" do not have business email addresses.

Response to Request No. 83:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

84.     Employees of this "call center" are instructed by Plaintiff (either directly or by and through its attorneys, employees and/or agents) not to provide an email address to opposing attorneys, defense counsel or alleged infringers whom they contact or who contact them (whether or not those alleged infringers have actually been sued).

Response to Request No. 84:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

85.     Employees of this "call center" only communicate by telephone.

Response to Request No. 85:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

86.     Employees of this "call center" are instructed by Plaintiff (either directly or by and through its attorneys, employees and/or agents) only to communicate by telephone.

Response to Request No. 86:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

87.     Employees of this "call center" do not provide a physical address of their location.

Response to Request No. 87:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

88.     Employees of this "call center" are instructed by Plaintiff (either directly or by and through its attorneys, employees and/or agents) not to provide a physical address of their location to opposing attorneys, defense counsel or alleged infringers whom they contact or who contact them (whether or not those alleged infringers have actually been sued).

Response to Request No. 88:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

89.     Employees of this "call center" contact potential defendants at their place of employment.

Response to Request No. 89:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

90.     Employees of this "call center" are instructed by Plaintiff (either directly or by and through its attorneys, employees and/or agents) to contact potential defendants at their place of employment.

Response to Request No. 90:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

91.     Employees of this "call center" contact potential defendants at their home.

Response to Request No. 91:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

92.     Employees of this "call center" are instructed by Plaintiff (either directly or by and through its attorneys, employees and/or agents) to contact potential defendants at their home.

<u>Response to Request No. 92</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**<u>Argument that Plaintiff's Objection Should be Sustained</u>**

The answer to this request will not make any claim in the case more or less likely to be sustained.

93.     Plaintiff (either directly or by and through its attorneys or agents) authorizes its "call center" employees to make threatening, harassing, and abusive statements to the alleged copyright infringers they call.

<u>Response to Request No. 93</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**<u>Argument that Plaintiff's Objection Should be Sustained</u>**

The answer to this request will not make any claim in the case more or less likely to be sustained.

94.     Plaintiff (either directly or by and through its attorneys or agents) has, through its "call center," knowingly contacted potential defendants and defendants who were represented by counsel.

<u>Response to Request No. 94</u>: Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**<u>Argument that Plaintiff's Objection Should be Sustained</u>**

The answer to this request will not make any claim in the case more or less likely to be sustained.

95.     Plaintiff (either directly or by and through its attorneys or agents) has, through its "call center," knowingly contacted defendants who were represented by counsel in this or the Prior Lawsuit.

Response to Request No. 95:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

96.     Plaintiff (either directly or by and through its attorneys or agents) has, through its "call center," threatened defendants and potential defendants with criminal sanctions.

Response to Request No. 96: Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

97.     Plaintiff (either directly or by and through its attorneys or agents) has, through its "call center," threatened defendants and potential defendants with criminal sanctions in the Prior Lawsuit.

Response to Request No. 97:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

98.     As of the date of the filing of the First Amended Answer and Counterclaim, of the hundreds of "John Doe" lawsuits Plaintiff filed, Plaintiff had filed only two cases against named defendants: this case and one other in Colorado.

Response to Request No. 98: Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

99.     Of the hundreds of "John Doe" lawsuits Plaintiff has filed across the country, Plaintiff has never litigated a case all the way to a judgment in court.

Response to Request No. 99:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

100.     Of the hundreds of "John Doe" lawsuits Plaintiff has filed across the country, Plaintiff has never taken discovery nor been the subject of discovery.

Response to Request No. 100:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

101.    Of the hundreds of "John Doe" lawsuits Plaintiff has filed across the country, Plaintiff has never taken a deposition nor been subject to a deposition.

Response to Request No. 101:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

102.    In at least some of the hundreds of "John Doe" lawsuits Plaintiff has filed across the country, Plaintiff has been offered the opportunity to inspect an individual's computer.

Response to Request No. 102:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

103.    In at least some of the hundreds of "John Doe" lawsuits Plaintiff has filed across the country, Plaintiff has been offered evidence of an individual's innocence.

Response to Request No. 103:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

104.    In at least some of the hundreds of "John Doe" lawsuits Plaintiff has filed across the country, Plaintiff has been offered affidavit evidence of an individual's innocence.

<u>Response to Request No. 104</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**<u>Argument that Plaintiff's Objection Should be Sustained</u>**

The answer to this request will not make any claim in the case more or less likely to be sustained.

105.    Of the hundreds of "John Doe" lawsuits Plaintiff has filed across the country, Plaintiff has never inspected (either directly or by and through its attorneys or agents) an individual's computer.

<u>Response to Request No. 105</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**<u>Argument that Plaintiff's Objection Should be Sustained</u>**

The answer to this request will not make any claim in the case more or less likely to be sustained.

106.    In any of the hundreds of "John Doe" lawsuits Plaintiff has filed across the country, Plaintiff has inspected (either directly or by and through its attorneys or agents) an individual's computer and found no evidence of infringement of any of Plaintiff's copyrighted works.

<u>Response to Request No. 106</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**<u>Argument that Plaintiff's Objection Should be Sustained</u>**

The answer to this request will not make any claim in the case more or less likely to be sustained.

107. Of the hundreds of "John Doe" lawsuits Plaintiff has filed across the country, Plaintiff has never accepted an individual's proffer of evidence of innocence.

Response to Request No. 107: Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

108. Prior to filing the Prior Lawsuit, Plaintiff did not issue any DMCA takedown notices pertaining to those 30 alleged incidents of infringement.

Response to Request No. 108: Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

109. Prior to filing the complaint in this action, Plaintiff did not issue any DMCA takedown notices pertaining to those 3 alleged incidents of infringement.

Response to Request No. 109: Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

110. Prior to filing any "John Doe" lawsuits nationwide, Plaintiff has not issued any DMCA takedown notices.

Response to Request No. 110:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

111.    Prior to filing the Prior Lawsuit, Plaintiff did not issue any "cease and desist" letters pertaining to those 30 alleged incidents of infringement.

Response to Request No. 111:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

112.    Prior to filing the complaint in this action, Plaintiff did not issue any "cease and desist" letters pertaining to those 3 alleged incidents of infringement.

Response to Request No. 112:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

113.    Prior to filing any "John Doe" lawsuits nationwide, Plaintiff has not issued any "cease and desist" letters.

Response to Request No. 113:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

114.    Prior to filing the Prior Lawsuit, Plaintiff did not contact any Bittorrent websites such as TorrentZap.com, Btscene.com, ExtraTorrent.com or piratebay.org (as listed in the complaint in the Prior Lawsuit) and demand that Plaintiff's Work(s) be removed from the site.

Response to Request No. 114: Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

115.    Prior to filing the complaint in this action, Plaintiff did not contact any Bittorrent websites such as TorrentZap.com, Btscene.com, ExtraTorrent.com or piratebay.org (as listed in the complaint in this action) and demand that Plaintiff's Work(s) be removed from the site.

Response to Request No. 115:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

116.    Prior to filing any "John Doe" lawsuits nationwide, Plaintiff did not contact any Bittorrent websites such as TorrentZap.com, Btscene.com, ExtraTorrent.com or piratebay.org (as listed in both complaints) and demand that Plaintiff's Work(s) be removed from the site.

Response to Request No. 116:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

117.   At no time has Plaintiff contacted any Bittorrent websites such as TorrentZap.com, Btscene.com, ExtraTorrent.com or piratebay.org (as listed in both complaints) and demanded that Plaintiff's Work(s) be removed from the site.

Response to Request No. 117:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

118.   At no time has Plaintiff attempted to lobby Congress to bring about a change in federal laws that would shut down Bittorrent websites such as TorrentZap.com, Btscene.com, ExtraTorrent.com or piratebay.org (as listed in both complaints).

Response to Request No. 118:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information.

**Argument that Plaintiff's Objection Should be Sustained**

The answer to this request will not make any claim in the case more or less likely to be sustained.

119.   The document attached to Defendant's First Amended Answer and Counterclaim as Exhibit A entitled "Porn Companies File Mass Piracy Lawsuits: Are You At Risk?" by Jason Koebler,     http://www.usnews.com/news/articles/2012/02/02/porn-companies-file-mass-piracy-lawsuits-are-you-at-risk, is authentic.

<u>Response to Request No. 119</u>:  Plaintiff objects on the basis that the word "authentic" as used in ambiguous.  To the extent Defendant seeks for Plaintiff to admit to the purported author wrote the article, Plaintiff does not have any information in possession, custody or control which would enable Plaintiff to respond to this request.  Notwithstanding the foregoing, Plaintiff hereby objects to the introduction of the article on the basis that it contains hearsay.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.

142.    Tobias Fieser has, or is employed by a firm that has a financial interest in any settlement in this case.

<u>Response to Request No. 142</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. IPP, Ltd.'s process is not susceptible to subjective interference.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.

143.    Tobias Fieser has, or is employed by a firm that has a financial interest in any judgment in this case.

<u>Response to Request No. 143</u>:  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. IPP, Ltd.'s process is not susceptible to subjective interference.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.

177.    Plaintiff has been threatened with, admonished, or subjected to sanctions by a Court in connection with any similar Bittorrent copyright infringement lawsuit.

**Response to Request No. 177:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.

178.    Plaintiff's attorney(s) has/have been threatened with, admonished, or subjected to sanctions by a Court in connection with any similar Bittorrent copyright infringement lawsuit.

**Response to Request No. 178:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.

179.    Even if Plaintiff obtained identifying information for every IP address for which such information is sought through "John Doe" litigation, Plaintiff does not have the capability (human resources, finances, etc.) to litigate against every subscriber attached to every IP address.

**Response to Request No. 179:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.  Specifically, Plaintiff has demonstrated that it has the ability and is litigating against this Defendant and that is all that matters.

180.    Even if Plaintiff obtained identifying information for every IP address for which such information is sought through "John Doe" litigation, Plaintiff's attorneys do not have

capability (human resources, facilities, etc.) necessary to litigate against every subscriber attached to every IP address.

**Response to Request No. 180:** Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection. Specifically, Plaintiff has the ability and is litigating against this Defendant and that is all that matters.

181. Plaintiff's business plan is to pursue copyright infringement cases to settlement, not to litigation.

**Response to Request No. 181:** Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection. Plaintiff is litigating against this Defendant. What Plaintiff does in third party suits is simply not relevant.

182. Plaintiff's business plan is to maximize the out-of-court settlement for copyright infringement cases.

**Response to Request No. 182:** Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection. Plaintiff is litigating against this Defendant. What Plaintiff does in third party suits is simply not relevant.

183.     Plaintiff's goal in this case is to maximize its out-of-court settlement.

**Response to Request No. 183:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.    Plaintiff is litigating against this Defendant.  What Plaintiff does in third party suits is simply not relevant.

185.     It is possible that individuals who were not infringers have settled claims with Plaintiff out of fear and/or embarrassment.

**Response to Request No. 185:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.    What third party infringers have done is not relevant.

186.     Individuals who were not infringers have in fact settled claims with Plaintiff out of fear and/or embarrassment.

**Response to Request No. 186:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.    What third party infringers have done is not relevant.

187.    Plaintiff does not have the human resources and/or financial means necessary to litigate every "John Doe" case filed across the United States.

**Response to Request No. 187:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection.    Plaintiff is litigating against Defendant. Plaintiff's ability to more than that is not relevant in a suit which is limited to ascertaining whether Defendant infringed Plaintiff's copyrights.

188.    Plaintiff does not have any corporate insurance policies.

**Response to Request No. 188:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection.    Whether Plaintiff has insurance is simply not relevant to any claim in this litigation.

189.    Plaintiff has total corporate assets of less than $10,000.

**Response to Request No. 189:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

### Argument that Plaintiff's Objection Should be Sustained

Plaintiff adopts and incorporates its objection.    The quantum of Plaintiff's corporate assets is not relevant to any issue in this case.

190.    Plaintiff has total corporate assets of less than $100,000.

**Response to Request No. 190:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.   The quantum of Plaintiff's corporate assets is not relevant to any issue in this case.

191.    Plaintiff has total corporate assets of less than $1,000,000.

**Response to Request No. 191:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.   The quantum of Plaintiff's corporate assets is not relevant to any issue in this case.

192.    Plaintiff has total corporate assets of more than $1,000,000.

**Response to Request No. 192:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.   The quantum of Plaintiff's corporate assets is not relevant to any issue in this case.

194.    The claim made by Lipscomb to Brad Patrick that the average cost of litigating a copyright infringement claim is $600,000 is accurate.

**Response to Request No. 194:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.  The cost of litigation is not relevant to any issue in this case.

195.  Counsel for Plaintiff receives a portion of any settlement or judgment in any copyright infringement matter pursued by Plaintiff.

**Response to Request No. 195:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.  How Plaintiffs' attorneys are compensated is not relevant to any issue in this litigation.

196.  The portion of the settlement or judgment received by counsel increases as additional litigation steps are taken.

**Response to Request No. 196:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection.  How Plaintiffs' attorneys are compensated is not relevant to any issue in this litigation.

197.  IPP Ltd., receives a portion of any settlement or judgment in any copyright infringement matter pursued by Plaintiff.

**Response to Request No. 197:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. IPP, Ltd. is a fact witness who provides an objective service. The method by which it is compensated is not relevant to any issue in this case.

198. The type of copyright infringement litigation pursued by Plaintiff has been described by more than one judge, including Judge Martinez in Colorado, as "extortion."

**Response to Request No. 198:** Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. What third party judges have said about third party litigations is not relevant to any issue in this case.

199. Plaintiff did not offer Defendant any opportunity to prove his innocence prior to filing this case.

**Response to Request No. 199:** Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. Plaintiff's presuit correspondence with Defendant is not relevant to any issue in this case.

200. Plaintiff or its representative told Defendant that his name would be searchable on Google as associated with this lawsuit.

**Response to Request No. 200:** Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. Plaintiff's presuit correspondence with Defendant is not relevant to any issue in this case.

201.    The allegations against Defendant are searchable by anyone on Google.

**Response to Request No. 201:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. Whether third parties can obtain copies of the pleadings in this matter is not relevant to any claim in this case.

203.    Plaintiff has already been compensated multiple times for infringement of the same Work(s).

**Response to Request No. 203:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. The quantum of damages recovered by Plaintiff against third parties is not relevant to any issue in this case. See Plaintiff's response to Request No. 47 which hereby incorporated herein.

204.    Plaintiff has already been compensated for infringement related to the "swarm" alleged in this case through other settlements.

**Response to Request No. 204:**  Plaintiff objects to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. The Work(s) depict sexual activity.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. The quantum of damages recovered by Plaintiff against third parties is not relevant to any issue in this case. See Plaintiff's response to Request No. 47 which hereby incorporated herein.

212. The Work(s) depict sexual activity.

Response to Request No. 212: Plaintiff object to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discoverable information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. The nature of Plaintiff's works do not affect their copyrightability. See Plaintiff's Motion to Dismiss, the applicable section of which is hereby incorporated herein.

213. The Work(s) solely depict sexual activity.

**Response to Request No. 213:** Plaintiff object to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discoverable information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. The nature of Plaintiff's works do not affect their copyrightability. See Plaintiff's Motion to Dismiss, the applicable section of which is hereby incorporated herein.

214. The Work(s) are meant to generate sexual arousal.

**Response to Request No. 214:** Plaintiff object to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discoverable information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. The nature of Plaintiff's works do not affect their copyrightability. See Plaintiff's Motion to Dismiss, the applicable section of which is hereby incorporated herein.

215. The Work(s) are obscene.

**Response to Request No. 215:** Plaintiff object to this request on the basis that it seeks information that is neither relevant nor likely to lead to the discoverable information.

**Argument that Plaintiff's Objection Should be Sustained**

Plaintiff adopts and incorporates its objection. The nature of Plaintiff's works do not affect their copyrightability. See Plaintiff's Motion to Dismiss, the applicable section of which is hereby incorporated herein.

Dated: November 4, 2012

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system. In addition, an electronic copy of the foregoing document was sent to Defendant via email.

By: /s/ *Jason Kotzker*