**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-00886-MEH

MALIBU MEDIA, LLC,

Plaintiff,

v.

JEFF FANTALIS and BRUCE DUNN,

Defendants.

_________________________________/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT JEFF FANTALIS'S AFFIRMATIVE DEFENSES IN HIS SECOND AMENDED ANSWER AND COUNTERCLAIM [DKT. 89]**

Plaintiff, Malibu Media, LLC, pursuant to Fed. R. Civ. P. 12(f), moves for the entry of an Order striking the affirmative defenses [D.E. 89] filed by Defendant/Counter-Plaintiff, Jeff Fantalis, and states:

## I. INTRODUCTION

Plaintiff filed its Complaint [D.E. 1] against Defendant/Counter-Plaintiff on April 4, 2012. Defendant/Counter-Plaintiff has asserted numerous affirmative defenses against the Complaint that are wholly insufficient as a matter of law. Plaintiff, therefore, seeks to strike Defendant/Counter-Plaintiff's Third, Fourth, Sixth, Eighth, Twelfth, Fifteenth, Sixteenth, Eighteenth[1] and Nineteenth Affirmative Defenses.

---

[1] Defendant/Counter-Plaintiff's Seventeenth and Eighteenth Affirmative Defenses have been erroneously numbered as his "Eighteenth" and "Nineteenth" Affirmative Defenses in his pleading. For ease of reference, Plaintiff will refer to these affirmative defenses as they have been numbered by Defendant/Counter-Plaintiff.

[2] To the extent Defendant/Counter-Plaintiff's Third Affirmative Defense is better disposed of on a motion for judgment on the pleadings, Plaintiff respectfully requests that the Court treat the instant motion as such. A motion for judgment on the pleadings "is designed to dispose of cases where material facts are not in dispute and judgment

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides for striking affirmative defenses that are insufficient. Fed. R. Civ. P. 12(f). An affirmative defense "is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Unger v. US West, Inc.*, 889 F.Supp. 419, 422 (D. Colo. 1995).

### A. Defendant/Counter-Plaintiff's Third Affirmative Defense Should be Stricken

Defendant/Counter-Plaintiff's Third Affirmative Defense should be stricken because it is defeated on the face of the pleadings. Defendant/Counter-Plaintiff alleges in his Third Affirmative Defense that "Plaintiff's claims are barred for lack of subject matter jurisdiction because it lacks valid copyright registrations for the intellectual property rights asserted or has not properly or timely registered its works." Affirmative Defenses, at p. 9.

Defendant/Counter-Plaintiff's allegations are belied, however, by Plaintiff's Complaint itself. In its Complaint, Plaintiff provides screenshots from the United States Copyright Office's website of the registration pages for each of the thirteen motion picture works sued upon in Composite Exhibit "B." *See* Complaint, at Composite Exhibit "B." The screenshots provide the titles of the works, registration numbers and dates, and list Plaintiff as the copyright claimant for each of the works. *Id.* Further, Exhibit "C" to the Complaint compares the dates on which the United States Copyright Office registered the works at issue, and the date Plaintiff's forensic investigator recorded Defendant/Counter-Plaintiff's infringement of such works. *See* Complaint, at ¶ 17 and Exhibit "C." Exhibit "C" demonstrates that each of Defendant/Counter-Plaintiff's recorded infringements of the works at issue occurred after the registration date for each such work. *Id.*

Defendant/Counter-Plaintiff's allegations that Plaintiff's registrations are somehow invalid or untimely are thus without merit. Therefore, Defendant/Counter-Plaintiff's Third Affirmative Defense should be stricken.[2]

**B. Defendant/Counter-Plaintiff's Fourth Affirmative Defense Should be Stricken**

Defendant/Counter-Plaintiff's Fourth Affirmative Defense makes the nonsensical claim that the motion picture works sued upon in this case cannot be copyrighted because they lack "originality," and "are thus [sic] not protectable by copyright." Affirmative Defenses, at p. 9.

"Originality" in the field of copyright only requires "that the work be independently created by the author and that it possesses a minimal degree of creativity." *Gates Rubber Co. v. Bando Chemical Industries, Ltd.*, 9 F.3d 823, 837 (D. Colo. 1993), *citing Feist Publications, Inc. v. Rural Telephone Services Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296 (1991). Here, as defined in Plaintiff's Complaint, the "Works" at issue are motion pictures contained on a website that Defendant/Counter-Plaintiff copied and distributed. *See* Complaint, at ¶¶ 2-3, and Composite Exhibit "B."

Defendant/Counter-Plaintiff cannot argue in good faith to this Court that motion pictures—such as those at issue here—lack sufficient originality to claim copyright protection. *See, e.g.*, 17 U.S.C. § 101 ("Motion pictures" are audiovisual works consisting of a series of related images which, when shown in succession, impart an impression of motion, together with accompanying sounds, if any.). As result, Defendant/Counter-Plaintiff's Fourth Affirmative Defense should be stricken.

---

[2] To the extent Defendant/Counter-Plaintiff's Third Affirmative Defense is better disposed of on a motion for judgment on the pleadings, Plaintiff respectfully requests that the Court treat the instant motion as such. A motion for judgment on the pleadings "is designed to dispose of cases where material facts are not in dispute and judgment on the merits can be rendered based on the content of the pleadings and any facts of which the court will take judicial notice." *Hamilton v. Cunningham*, 880 F.Supp. 1407, 1410 (D. Colo. 1995) (citation omitted); Fed. R. Civ. P. 12(c).

**C. Defendant/Counter-Plaintiff's Sixth Affirmative Defense Should be Stricken**

Defendant/Counter-Plaintiff's Sixth Affirmative Defense asserting that "Plaintiff's claims are barred by the doctrine of fair use" should be stricken as contrary to applicable case law. Affirmative Defenses, at p. 10.

Courts have notably rejected a fair use defense in cases involving copyright infringement in the context of peer-to-peer file sharing. *See, e.g., A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-19 (9th Cir. 2001) (holding that uploading and downloading of digital audio files containing copyrighted music through internet service facilitating transmission and retention of such files by users was not fair use of copyrighted works); *BMG Music v. Gonzalez*, 430 F.3d 888, 890-91 (7th Cir. 2005) (holding that "downloading full copies of copyrighted material without compensation to authors cannot be deemed 'fair use.'").

Defendant/Counter-Plaintiff's Sixth Affirmative Defense thus contradicts established precedent holding that the unauthorized uploading and downloading of copyrighted material over peer-to-peer networks is not fair use. *Id*. Therefore, Defendant/Counter-Plaintiff's Sixth Affirmative Defense should be stricken.

**D. Defendant/Counter-Plaintiff's Eighth Affirmative Defense Should be Stricken**

Defendant/Counter-Plaintiff's Eighth Affirmative Defense should be stricken as insufficiently pled. Defendant/Counter-Plaintiff's Eighth Affirmative Defense only alleges in conclusory fashion that "Plaintiff's claims are barred by the doctrine of unclean hands." Affirmative Defenses, at p. 10.

The doctrine of unclean hands prevents "one who has engaged in improper conduct regarding the subject matter of the cause of action," to pursue the claim at issue. *Sender v. Mann*, 423 F.Supp.2d 1155, 1167 (D. Colo. 2006), *quoting Salzman v. Bachrach*, 996 P.2d 1263, 1269 (Colo. 2000). In the context of claims for copyright infringement, an unclean hands

defense will only "bar enforcement of a valid copyright when a plaintiff commits wrongdoing 'of serious proportions.'" *Saxon v. Blann*, 968 F.2d 676, 680 (8th Cir. 1992) (citation omitted). Further, the defense does not apply "where plaintiff's misconduct is not directly related to the merits of the controversy between the parties, but only where the wrongful acts" affect the equitable relations between the parties with respect to the controversy. *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980).

This District Court has further held that "[u]nclean hands…is an equitable defense that must be pled with the specific elements required to establish the defense," *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 2010 WL 3522409, at *3 (D. Colo. 2010) (citation omitted), and thus that a defendant's pleading "must show that the party seeking equitable relief is (1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and (5) affects the balance of equities between the litigants." *Id.* (citations omitted).

In this case, Defendant/Counter-Plaintiff's conclusory allegation that "Plaintiff's claims are barred by the doctrine of unclean hands" clearly falls short of this Court's pleading requirements. Defendant/Counter-Plaintiff fails to plead any supporting facts, or even the required elements of the unclean hands defense. Accordingly, Defendant/Counter-Plaintiff's Eighth Affirmative Defense should be stricken. *Cartel Asset Mgmt.*, 2010 WL 3522409, at *4, *citing Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *4 (S.D. Fla. 2007) (striking defendant's affirmative defense of unclean hands based on the defendant's failure to plead any supporting facts or the elements of that defense).

**E. Defendant/Counter-Plaintiff's Twelfth Affirmative Defense Should be Stricken**

Because Plaintiff has elected statutory damages as its remedy under the Copyright Act in this case, Defendant/Counter-Plaintiff's Twelfth Affirmative Defense should be stricken. As his Twelfth Affirmative Defense, Defendant/Counter-Plaintiff claims that to the extent "Plaintiff suffered any damages, which Defendant expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained." Affirmative Defenses, at p. 10.

The defense of failure to mitigate damages is not appropriate, however, in copyright cases where a plaintiff seeks only statutory damages. *See Arista Records, Inc. v. Flea World*, Inc., 356 F.Supp.2d 411, 422 (D. N.J. 2005) (holding that failure to mitigate damages was not appropriate defense in contributory infringement action where plaintiffs were seeking only statutory damages). Plaintiff has elected to recover statutory damages in this case. Plaintiff hereby requests, therefore, that Defendant/Counter-Plaintiff's Twelfth Affirmative Defense be appropriately stricken. *Id.*

**F. Defendant/Counter-Plaintiff's Fifteenth Affirmative Defense Should be Stricken**

Defendant/Counter-Plaintiff's claim in his Fifteenth Affirmative Defense that "Plaintiff's claims are barred, in whole or in part, because Defendant [sic] conduct was in good faith and with non-willful intent, at all times" should be dismissed as a misunderstanding of basic copyright law. Affirmative Defenses, at p. 11.

It is well-settled that "[i]nnocent intent generally is not a defense to copyright infringement […]," and would in no way "bar" Plaintiff's claims. *CyberMedia, Inc. v. Symantec Corp.*, 19 F.Supp.2d 1070, 1079 (N.D. Cal. 1998), *citing Williams Electronics, Inc. v. Artic International, Inc.*, 685 F.2d 870, 878 (3d Cir.1982). Indeed, Plaintiff need not even "demonstrate the defendant's intent to infringe the copyright in order to demonstrate copyright infringement." *UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.*, 446 F.Supp.2d 1164,

1172 (E.D. Cal. 2006), *citing Educational Testing Service v. Simon*, 95 F.Supp.2d 1081, 1087 (C.D. Cal. 1999) (copyright infringement "is a strict liability tort"); *see also Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 829 (8th Cir. 1992) ("The defendant's intent is simply not relevant: The defendant is liable even for 'innocent' or 'accidental' infringements.").

Defendant/Counter-Plaintiff's contention that an examination of his intent should operate in any manner to "bar" Plaintiff's claims is thus at best misinformed. Since this defense is not legally cognizable under applicable law, it is appropriately stricken. *CyberMedia*, 19 F.Supp.2d at 1079.

**G. Defendant/Counter-Plaintiff's Sixteenth Affirmative Defense Should be Stricken**

Defendant/Counter-Plaintiff's Sixteenth Affirmative Defense should be stricken as contrary to established precedent and legal reasoning supporting the imposition of statutory damages. Defendant/Counter-Plaintiff alleges that "Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause." Affirmative Defenses, at p. 11.

Courts have repeatedly rejected due process challenges to the imposition of statutory damages under the Copyright Act. *See, e.g., Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487 (1st Cir. 2011) (declining to evaluate defendant's due process objections to award of statutory damages under Copyright Act, and noting remittitur procedure as available to challenge award); *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 586–88 (6th Cir. 2007) (upholding statutory damage award representing 44:1 ratio of statutory to actual damages ratio); *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 459–60 (D. Md. 2004) (holding award of statutory damages for copyright infringement would not be subject to review

under due process clause in view of difficulties in assessing compensatory damages for actual harm).

Addressing the development of statutory damages under the Copyright Act, the *Tenenbaum* Court noted:

> [The text of Section 504 of the Copyright Act] reflects Congress's intent "to give the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits." *Douglas v. Cunningham*, 294 U.S. 207, 209, 55 S.Ct. 365, 79 L.Ed. 862 (1935). The Supreme Court explained that before statutory damages were available, plaintiffs, "though proving infringement," would often be able to recover only nominal damages and the "ineffectiveness of the remedy encouraged willful and deliberate infringement." *Id*. The Supreme Court has since reaffirmed that "[e]ven for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy." *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952) (upholding statutory damage award of $5,000 for infringement even when actual damages of only $900 were demonstrated); *see also L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 106, 39 S.Ct. 194, 63 L.Ed. 499 (1919) (finding the language chosen by Congress "shows that something other than actual damages is intended—that another measure is to be applied in making the assessment").

*Tenenbaum*, 660 F.3d at 502. Similarly, in this case an award of statutory damages comports with Congress's twin aims of providing a remedy where profits or other damages may be difficult to ascertain, and as a deterrent to further infringement. Defendant/Counter-Plaintiff's due process challenge thus fails as a matter of law, and his Sixteenth Affirmative Defense should be stricken. *Id*.

**H. <u>Defendant/Counter-Plaintiff's Eighteenth Affirmative Defense Should be Stricken</u>**

Defendant/Counter-Plaintiff's assertion in his Eighteenth Affirmative Defense that Plaintiff's statutory damages claim under 17 U.S.C. § 504 is barred "because Plaintiffs [sic]

copyright registrations were not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. § 412" is a misstatement of the applicable law, and is appropriately stricken. Affirmative Defenses, at p. 11.

17 U.S.C. § 412 provides, in pertinent part, that:

> In any action under this title . . . no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412(1)-(2) ("§ 412"). Contrary to Defendant/Counter-Plaintiff's assertion, the above statute makes no mention of the "first publication" of "allegedly infringing works." Instead, it only provides that the failure to register a work for which copyright protection is claimed prior to its publication or within a three month grace period thereafter results in ineligibility for relief under § 412. *Id*.

In brief, the applicability of § 412 is of no moment to this case. Plaintiff has clearly alleged and provided evidence that each of the infringements sued upon "occurred after the registration date" for each particular work, as follows:

> 15. Plaintiff registered 13 of the 107 movies contained in the siterip with the United States Copyright Office.
>
> 16. An internet screen shot from www.copyright.gov of each Registration is attached as Composite Exhibit B along with a list of the titles of the other 94 works.
>
> 17. The date on which the United States Copyright Office registered the works and the date IPP Limited recorded each Defendant's infringement is set forth on Exhibit C. Exhibit C

> demonstrates that each infringement occurred after the registration date.

Complaint, at ¶¶ 15-17, Composite Exhibit "B" and Exhibit "C." Accordingly, Plaintiff is entitled to claim an award of statutory damages and attorney's fees under § 412. 17 U.S.C. § 412(1). Defendant/Counter-Plaintiff's Eighteenth Affirmative Defense is thus legally and factually wrong on the pleadings, and should be stricken.

**I. Defendant/Counter-Plaintiff's Nineteenth Affirmative Defense Should be Stricken**

Defendant/Counter-Plaintiff's Nineteenth Affirmative Defense should be stricken because irreparable injury is presumed to Plaintiff in cases—such as here—where a prima facie case for copyright infringement has been stated. Defendant/Counter-Plaintiff alleges in his Nineteenth Affirmative Defense that "Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law." Affirmative Defenses, at p. 11.

However, "as to a copyright claim, once a party makes out a prima facie case of a copyright violation, courts typically presume that irreparable injury will occur." *Bestland v. Smith*, 2006 WL 3218893, at *5 (D. Colo. 2006), *citing County Kids N City Slicks, Inc.,* 77 F.3d 1280, 1288-89 (10th Cir. 1996) ("Because the financial impact of copyright infringement is hard to measure and often involves intangible qualities such as customer goodwill, we join the overwhelming majority of our sister circuits and recognize a presumption of injury at the preliminary injunction stage once a copyright infringement plaintiff has demonstrated a likelihood of success on the merits."); *see also National Football League v. McBee & Bruno's, Inc.*, 792 F.2d 726, 729 (8th Cir. 1986) ("Copyright law has long held that irreparable injury is presumed when the exclusive rights of the holder are infringed.").

Here, Plaintiff has made a prima facie case of copyright infringement by a showing of: (1) ownership of valid copyright registrations in the works at issue, and (2) the copying by Defendant/Counter-Plaintiff of the elements of the works that are original. *See, e.g.*, Complaint, at ¶¶ 15-17, 50-51, 57-58, Composite Exhibit "B" and Exhibit "C." *See also K-Beech, Inc. v. Doe*, 2012 WL 592898, at *1 (D. Colo. 2012) ("…to make a prima facie case for copyright infringement, a plaintiff must prove (1) ownership of a valid copyright in a work, and (2) the copying of elements of the work that are original.") (citations omitted).

Accordingly, irreparable injury to Plaintiff is presumed in this case, and Defendant/Counter-Plaintiff's Nineteenth Affirmative Defense must fail as a matter of law. *Bestland*, 2006 WL 3218893, at *5. Defendant/Counter-Plaintiff's Nineteenth Affirmative Defense should thus be stricken.

## III. CONCLUSION

For the foregoing reasons, Defendant/Counter-Plaintiff's Third, Fourth, Sixth, Eighth, Twelfth, Fifteenth, Sixteenth, Eighteenth and Nineteenth Affirmative Defenses should be stricken as a matter of law.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an Order:

(A) Striking Defendant/Counter-Plaintiff's Defendant/Counter-Plaintiff's Third, Fourth, Sixth, Eighth, Twelfth, Fifteenth, Sixteenth, Eighteenth and Nineteenth Affirmative Defenses; and

(B) For such other and further relief as this Court deems just and proper.

Dated: November 5, 2012

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system. In addition, a copy of the foregoing was provided to Defendant, Mr. Fantalis, via email.

By: /s/ *Jason Kotzker*