# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00886-MEH

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 5 2012

JEFFREY P. COLWELL
CLERK

Malibu Media, LLC,

      Plaintiff,

v.

Jeff Fantalis and Bruce Dunn

      Defendants.

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME FOR PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION TO COMPEL

Defendant, Jeff Fantalis, in response to Plaintiff's motion to extend time for Plaintiff to respond to Defendant's Motion to Compel says:

1. Defendant's Motion to Compel was filed on Thursday, October 11, 2012.

2. Pursuant to Court Rules, Plaintiff had twenty-one days from that day to respond Defendant's Motion to Compel. D.C.COLO.LCivR 7.1(c). Twenty-one days from October 11, 2012, was November 1, 2012. Fed.R.Civ.P. 6(a)(1). Thus, Plaintiff's motion is filed one day late and is not made in a timely manner.

3. In general, Defendant would not oppose a reasonable request for an extension. Defendant opposes this request for an extension because he has

1

good reason to believe, based on Plaintiff's conduct of this case and other cases around the country, that this request is merely a ploy to delay discovery.

4. Plaintiff alleges that "an emergency matter has occupied Plaintiff's attention all day." Plaintiff's Motion For Extension, ¶4. First, while that may the case, that is one day out of twenty-one, and Plaintiff knew and understood that this deadline was approaching. It is unacceptable to leave such an important filing to the last minute and beyond, and then to assume that an extension will be granted. Second, this is simply part of the same pattern of behavior that Plaintiff has demonstrated throughout this case and its other cases across the country.

5. Plaintiff and Plaintiff's attorney have used similar excuses before. In New York, when faced with an Order to Show Cause why sanctions should not be entered against him for failure to comply with the explicit terms of the Court's order, Plaintiff's attorney blamed his "busy caseload," his pregnant wife and small children, as well as his responsibilities to his church for his failure. Declaration of Jason Aaron Kotzker, August 15, 2012, ¶15, In Re BitTorrent Adult Film Copyright Infringement Cases, 2:12-cv-01147-JS-GRB (E.D.N.Y.). Similarly, in the Malibu Media "bellwether" case in Pennsylvania, Plaintiff was ordered by the Court to serve subpoenas on ISPs and claimed that they did; when the Court learned that they did not, the Court ordered Plaintiff to file a memorandum under oath subject to penalty of perjury explaining these discrepancies. Plaintiff's Florida attorney – not the local attorney of record –

2

filed such a memorandum and blamed an assortment of conspiring events, including a flood in his Florida office. Memorandum dated October 23, 2012 (signed by M. Keith Lipscomb, Esq.), Malibu Media, LLC v. John Does 1-14, 2:12-cv-02084-MMB. This memorandum also revealed that Mr. Lipscomb submitted and filed papers to the Pennsylvania court utilizing the local counsel's ECF signature block.

6. Delay and obfuscation are part and parcel of Plaintiff's litigation plan. For example, on October 5, 2012, Defendant sent Plaintiff's attorney an email pursuant to the Protective Order which stated Defendant's objections to certain discovery items that Plaintiff had labeled as "Confidential." Under the terms of the Protective Order, Plaintiff had ten days within which to respond to that email. Plaintiff did not respond in any way to that email. On October 23, 2012, when eighteen days had passed, the parties participated in a conference call with the Court during which this issue was discussed, and the Court expressed its displeasure at Plaintiff's failure to even request more time to respond. Plaintiff's attorney assured the Court and Defendant that Plaintiff was working on its response and that Plaintiff would respond by the end of that week, which would have been October 26, 2012. To date, Plaintiff still has not responded to that email.

7. Plaintiff's position that it will not have to respond to Defendant's discovery requests after the Motion to Dismiss has been decided is without foundation in law. Even assuming, as Plaintiff does, that every one of Defendant's Counterclaims will be dismissed (which is by no means as likely as Plaintiff

thinks it is), Plaintiff's argument fails. Rather than burden the Court with an extensive reiteration of that failure, Defendant will simply refer to the plain language of Fed.R.Civ.P. 26(b)(1) which states in relevant part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Thus, Plaintiff's assertion that the only issue about which Defendant can obtain discovery is whether or not Defendant infringed Plaintiff's copyrights is patently wrong.

8. Plaintiff had the full twenty-one days provided by the Court Rules in which to assure that it prepared its response to the Motion to Compel. Instead of preparing that response, and on the same day when Plaintiff's attorney claims he was too busy to complete that response, Plaintiff filed multiple motions, including a Motion to Dismiss and a Motion to Stay Discovery, in an effort to further delay the progress of this lawsuit and to avoid producing discovery.

9. The one day extension Plaintiff seeks would give Plaintiff until Monday, November 5, 2012, when the parties are expected to be in court for a hearing on this very Motion to Compel. Respectfully, the best way to respond to the Motion to Compel would be to arrive at court with the requested discovery materials in a spirit of open and honest cooperation.

10. It has been Defendant's position since the very beginning that Plaintiff has neither the desire nor the capability to litigate the case against this Defendant

4

or any of the thousands of other defendants Plaintiff has sued around the

country.  Plaintiff's conduct in this case continues to provide evidence of that.

Respectfully submitted,


Jeff Fantalis
Defendant *pro se*
818 Trail Ridge Drive
Louisville CO 80027
(303) 482-1211

Dated:          November 3, 2012

11/04/2007 19:55 3039261088 FANTALIS PAGE 06/06

## CERTIFICATION OF SERVICE

I, Jeff Fantalis, hereby certify that on November 3, 2012, I caused this Opposition To Plaintiff's Motion to Extend Time to be filed with the Clerk of the Court by fax, at the following address:

Clerk's Office
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589
Fax No.: 303-335-2714

On the same date, I served a copy of this Opposition To Plaintiff's Motion to Extend Time upon Plaintiff by U.S. Mail and courtesy e-mail to Plaintiff's attorney of record, pursuant to agreement with counsel:
Jason A. Kotzker
Kotzker Law Group
9609 S. University Blvd. #632134
Highlands Ranch CO 80163
Email: jason@klgip.com

Jeff Fantalis
Defendant *pro se*

Dated:          November 3, 2012

NOV-03-2012  16:15          3039261088          96%          P.06