IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**MAGISTRATE JUDGE MICHAEL E. HEGARTY**

Civil Action No. 12-cv-00886-MEH          Date: November 5, 2012
Courtroom Deputy: Nick Richards          **FTR – Courtroom A501**

MALIBU MEDIA, LLC                          Jason Aaron Kotzker

     Plaintiff,

vs.

JEFF FANTALIS, and                         *Pro Se*
BRUCE DUNN,

     Defendants.

## COURTROOM MINUTES/MINUTE ORDER

**MOTION HEARING**

**Court in session: 2:08 p.m.**

Court calls case.  Appearances of counsel. Mary Anne Fantalis is also present with Defendant.

Opening statements by the Court.

Argument and discussion regarding Plaintiff's Motion for Extension of Time to File Response to
Defendant's Motion to Compel [Doc. No. 99, filed November 2, 2012], Plaintiff's Motion to Stay
Discovery Pending the Resolution of Plaintiff's Motion to Dismiss the Second Amended
Counterclaim [Doc. No. 101, filed November 4, 2012], Defendant/Counterclaimant's Motion
Pursuant to Fed.R.Civ.P. 37(a) to Compel Plaintiff to Produce Answers to Discovery Requests
and Request for Sanctions [Doc. No. 86, filed October 11, 2012], and Plaintiff's Motion to
Modify Schedule [Doc. No. 94, filed October 29, 2012].

**ORDERED:**    Plaintiff's Motion for Extension of Time [99] is **GRANTED** as stated on the
              record.

**ORDERED:**    Plaintiff shall file a Stipulated Motion to Dismiss certain claims as stated on the
              record on or before November 9, 2012.

**ORDERED:**    Defendant may respond to Plaintiff's pending Motion to Dismiss and pending
              Motion to Strike Affirmative Defenses on or before December 31, 2012. Plaintiff's
              reply will be bound by the Federal Rules of Civil Procedure.

**ORDERED:**    Plaintiff shall send a justification for designation of confidential documents to

Defendant by the end of business on November 7, 2012.

The Court warns Plaintiff that if deadlines set are not met, the case may be dismissed for a failure to prosecute.

**ORDERED:**   Plaintiff's Motion to Stay [101] is **GRANTED** as stated on the record.

**ORDERED:**   Defendant/Counterclaimant's Motion Pursuant to Fed.R.Civ.P. 37(a) [86] is **GRANTED IN PART AND DENIED IN PART** as stated on the record.

Plaintiff's objections to Request for Production of Documents Nos. 1, 5, 6, 7, 12, 17, 18, 31, 43, 50 subpart h, 51, and 58, Request for Admissions Nos. 67, 79, 99, 100, 101, 108, 111, 114, 117, 119, 142, 143, 186, 197, 200, and 212 are <u>overruled</u>. Plaintiff will begin production of documents on or before November 9, 2012 and production will be completed on or before November 26, 2012.

As to Request for Production No. 1, Plaintiff must produce any documents describing flaws of deficiencies the company uses to identify IP addresses.

As to Request for Production No. 5, any documents that address the creation of the "File" at issue that are not privileged must be produced.

Request for Production Nos. 6 and 7 are collapsed into one request, and Plaintiff must produce communications between August 2011 and the present.

As to Request for Production No. 17, Plaintiff is required to produce any agreements between Plaintiff, IPP Ltd., Tobias Fieser, Brigham Field a/k/a Brig Field, and Colette Leah a/k/a Coco Leah.

Documents responding to Request for Production No. 21 will be produced to the court for an in-camera review.

Request for Production 51 is overruled and Plaintiff shall provide the total amount received to date in settlement with the thirty Doe Defendants named in the original, related action. The Court warns that this information is to remain confidential and not to be disclosed by Defendant.

Again, Plaintiff will begin production of documents on or before November 9, 2012 and will be completed on or before November 26, 2012.

Plaintiff's objections to Requests for Production Nos. 3, 4, 8, 22, 24, 32, 33, 34, 35, 36, 37, 38, 40, 41, 44, 45, 46, 47, 48, 49, 50 with the exception of subpart h, 54, 55, 56, 57, 59, 60, 63, and 64, Request for Admissions Nos. 46, 47, 48, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 80, 102, 103, 104, 105, 106, 107, 109, 110, 112, 113, 118, 177, 178, 184, 185, 187, 188, 189, 190, 191, 192, 194, 195, 196, 198, 201, 213, 214, and 215, and Interrogatory Nos. 8 (in part), 9, and 10 are <u>sustained</u> and require no further supplementation. Plaintiff shall answer Interrogatory No. 8 the same as required for Request for Production No. 17.

Request for Production Nos. 19, 20, 25, 26, 39, 42, 62 and Request for Admission No. 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 81, 82 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 179, 180, 181, 182, 183, 199, 203, and 204 are denied without prejudice at this time.

**ORDERED:**   Plaintiff's Motion to Modify Schedule [94] is **DENIED** without prejudice as stated on the record.

The Court reminds the parties that ex parte communications are improper and will not be allowed going forward.

**Court in recess: 5:38 p.m.  (Hearing concluded)**
**Total time in court:**  3:30