IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00886-MEH

Malibu Media, LLC,

    Plaintiff,

v.

Jeff Fantalis and Bruce Dunn

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 13 2012

JEFFREY P. COLWELL
CLERK

### DEFENDANT FANTALIS' MOTION FOR LEAVE TO FILE SURREPLY AND MEMORANDUM

Defendant, Jeff Fantalis (hereinafter Defendant), hereby moves the Court for leave to file the following memorandum of law as a surreply to Plaintiff Malibu Media's response to Defendant's opposition to the entry of default judgment against defendant Bruce Dunn (hereinafter Dunn).

### I.  DEFENDANT IS ENTITLED TO A SURREPLY

Defendant respectfully requests leave to file this memorandum as a surreply to address the new issues raised by Plaintiff that were not previously raised by Plaintiff's original moving papers (Docket 41). Defendant provided Plaintiff's attorney with a copy of this motion and memorandum on November 8, 2012, and asked for Plaintiff's consent to file the motion. Plaintiff, by and through counsel, did not consent to the relief sought, and so Defendant is filing this motion to seek leave to file a surreply.

1

In the Tenth Circuit, leave to file a surreply should be granted to address new reasoning and evidence advanced in a moving party's reply brief. See *Beaird v. Seagate Tech.*, Inc., 145 F.3d 1159, 1164 (10th Cir. 1998). In this instance, Plaintiff has stated for the first time on the record to this court that it is waiving all claims to contributory liability as well as actual damages against Defendant, contrary to the allegations in the pleadings in this and other cases[1], and apparently is withdrawing its claims that Defendant is jointly and severally liable with his co-defendants. This is an entirely new argument, and one about which Defendant respectfully requests an opportunity to address the court. In addition, Plaintiff's responding papers fail to accurately cite and discuss the law with regard to damage set-offs and double recovery under the Copyright Act and the common law. Defendant respectfully wishes to set the full and accurate record before the Court and will address these points below.

## II. PLAINTIFF IS ESTOPPED FROM ABANDONING ITS ALLEGATIONS OF JOINT & SEVERAL LIABILITY

Plaintiff's gateway into the Federal Court system was the concept of the "swarm": dozens, if not hundreds, of individuals, utilizing their computers in a single massive net of illegal connections downloading Plaintiff's copyrighted works. This swarm of illegal conduct formed the basis of Plaintiff's argument for permissive joinder, which Plaintiff has argued vigorously in this Court and others, and permitted Plaintiff to engage in litigation on a massive scale at a minimal cost.[2] Now, when Plaintiff has been

---

[1] In both the instant case and in the original "Doe" case through which Plaintiff obtained Defendant's personal identifying information, Malibu Media v. John Does 1-30, 1:12-cv-402, Plaintiff made identical allegations which will be described in detail below. Moreover, the Court may take judicial notice of the dozens of nearly identical Malibu Media cases in the District of Colorado alone. There are hundreds more, against thousands of Does, in Federal District Courts across the nation.

[2] For a more detailed description of Plaintiff's nationwide for-profit litigation business model, see Defendant's Second Amended Answer and Counterclaim, pp. 12-50.

challenged by a litigant who will not settle and who demands his day in court, Plaintiff seeks to back off of this legal principle, claiming that in fact, there is no joint and several liability between these three defendants, or in fact between any of the defendants. In a hearing on November 5, 2012, before Magistrate Judge Hegarty, Plaintiff stated definitively that it intended to amend its pleadings to dismiss the second count of the Complaint for contributory infringement and also to remove the claim for actual damages. The judge required such a motion to be filed by Friday, November 9, 2012. It is and remains Defendant's position that Plaintiff is clearly dropping these claims in order to maximize its damages while minimizing its discovery obligations and its potential exposure to liability to Defendant. Thus, even if Plaintiff amends its pleadings with regard to contributory liability and actual damages, it should be judicially estopped from asserting that there is no joint and several liability between the defendants and/or that the infringement was not a single incident of infringement, as alleged in the Complaint.

The legal principle of judicial estoppel is a discretionary remedy courts may invoke "to prevent 'improper use of judicial machinery.'" *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 (D. Utah 2005) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (citation omitted)). "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Id.* quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895). Although noting that this rule is "'probably not reducible to any general formulation of principle,'" *New Hampshire*, 532

U.S. at 750 (citation omitted), the Supreme Court noted several factors which other courts have typically used to determine when to apply judicial estoppel.

First, a "party's later position must be 'clearly inconsistent' with its earlier position." *Id.* (citation omitted). Moreover, the position to be estopped must generally be one of fact rather than of law or legal theory. *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996). Second, the Court examines "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first of the second court was misled.'" *New Hampshire*, 532 U.S. at 750 (citation omitted). The requirement that a previous court has accepted the prior inconsistent factual position "ensures that judicial estoppel is applied in the narrowest of circumstances." *Lowery*, 92 F.3d at 224. Third, the Court considers "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 751.

In the case at bar, the inconsistency of Plaintiff's position is clear. In the Complaint filed against the Defendant and the other two defendants, Deus[3] and Dunn, Plaintiff alleged:

> Pursuant to Fed.R.Civ.P. 20(a)(2), each of the Defendants was properly joined because, as set forth in more detail below, Plaintiff asserts that: (a) each of the Defendants is **jointly and severally liable** for the infringing activities of each of the other Defendants, and (b) the infringement complained of herein by each of the Defendants was part of

---

[3] Defendant Deus settled with Plaintiff and the case against him was dismissed. Docket 32.

> a **series of transactions, involving the exact same torrent file** containing of Plaintiff's copyrighted Works, and was accomplished by the Defendants **acting in concert** with each other, and (c) there are common questions of law and fact; indeed, **the claims against each of the Defendants are identical** and each of the Defendants used the BitTorrent protocol to infringe Plaintiff's copyrighted Works.

Fantalis, Dunn and Deus Complaint, ¶14 (emphasis added). The identical wording was used in the Doe Complaint (¶12).

Indeed, Plaintiff alleged that the defendants did work collaboratively:

> Here, each Defendant peer member **participated in the same swarm and directly interacted** and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions.

Fantalis, Dunn and Deus Complaint, ¶37 (emphasis added). Again, the same words were used in the Doe Complaint (¶35).

Moreover, Plaintiff alleged it was virtually impossible for the defendants to have worked alone:

> The file containing the subject website is so large that the Defendants' computers **must have worked collaboratively with each other** through the process described below for numerous weeks or months to effectuate a complete download and redistribution of the subject website.

Fantalis, Dunn and Deus Complaint, ¶2. Once again, the identical language was used in the Doe complaint (¶2).

In reliance on these sworn statements, the Court permitted Plaintiff to proceed with filing a single case against thirty anonymous defendants and granted Plaintiff's request for expedited discovery to uncover their personal identifying information. The

5

Court further allowed Plaintiff to bring this second lawsuit against three otherwise unconnected individuals – men who did not even know each other existed until this law suit was brought against them. The Court relied upon Plaintiff's allegations as to these facts to permit joinder under Fed.R.Civ.P. 20.

However, Plaintiff's interests have now changed. Plaintiff has achieved its goal: it obtained the personal identifying information of the Does and has obtained settlements from many of them. It got a settlement from Deus and a default against Dunn. Now Plaintiff simply seeks to maximize the amount it can collect from this lawsuit with as little public exposure as possible. Therefore, it is dropping any claims that would require it to reveal its own financial records – hence, dropping its claim for actual damages – and it is dropping the claim for contributory infringement because in that way, it can attempt to collect maximum statutory damages separately from each individual infringer. In doing so, and its brief in support of the magistrate judge's recommendations for entry of a default judgment, Plaintiff attempts to abandon its foundational argument of joint and several liability and a single incident of infringement occurring by and between all of these defendants.

Thus, under the *New Hampshire* test, Plaintiff should be judicially estopped from altering its position with regard to joint and several liability and a single incident of infringement. Its sudden reversal on these issues is "clearly inconsistent" with the earlier position stated clearly and unequivocally in both Complaints against Defendant and the other defendants. These issues were factual questions alleged in the Complaint. Further, the Court was persuaded to accept Plaintiff's position with regard to this "swarm" theory and all that it encompasses, which led to the Court issuing the *ex*

6

*parte,* early subpoenas that forced the ISPs to turn over the defendants' personal information to Plaintiff. If not for those subpoenas, neither Defendant nor Dunn would be involved in this lawsuit at all. Finally, Plaintiff's inconsistent position puts Defendant at a disadvantage not only because of the potential financial gain Plaintiff seeks to leverage from Dunn (and presumably, from Defendant himself) but also because, as Plaintiff noted in its responding papers, Plaintiff is using this issue as one of its many reasons to avoid answering Defendant's discovery questions. In fact, due to the stay of discovery issued by Magistrate Judge Hegarty at a hearing on Monday, November 5, 2012, all discovery as to Defendant's counterclaims has been stayed. (Docket 109, p. 2). Thus, by dropping the claim of contributory liability and demand for actual damages, Plaintiff has avoided providing discovery in response to any questions that might conceivably touch on anything but direct infringement and statutory damages until a decision is made on Plaintiff's Motion to Dismiss. Moreover, Plaintiff seeks to gain an unfair advantage by avoiding this claim of contributory liability: namely, it seeks to avoid having to engage in a hearing on the issue of damages.

Plaintiff's blatant disregard for any principled application of the law – choosing to argue for joint and several liability so that it can enter the Federal Court system by suing a maximum number of defendants for the minimum cost of one filing fee, but then abandoning the concept when it wants to maximize the damages to be recovered – is not only inconsistent but is unfair and impermissible, and should be estopped.

### III. BECAUSE PLAINTIFF'S ABANDONMENT OF JOINT AND SEVERAL LIABILITY IS IMPERMISSIBLE, ANY DEFAULT JUDGMENT ENTERED AGAINST DUNN WOULD, IN FACT, BE DETRIMENTAL AND PREJUDICIAL TO DEFENDANT

Thus, because Plaintiff is and should be estopped from changing its legal theories in the middle of the case, it would be detrimental and prejudicial to Defendant for this Court to enter a default judgment against Dunn. Moreover, even if Plaintiff were to voluntarily dismiss those claims against Defendant (as it is supposed to do by November 9, 2012), that would not alter the fact that Plaintiff's claims against Defendant (and the other defendants) are grounded in a theory of joint and several liability and therefore, Plaintiff's arguments in its responding papers are ineffectual.

Where, as here, a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants. *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985); *In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega, 82 U.S. 552, 554, (1872)*); see also *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1006-1009 (N.D. Cal. 2001)(noting it would be an abuse of discretion to enter default against co-defendant where joint and several liability is alleged). Specifically, in *Hunt* the Tenth Circuit -- joining the majority of courts that have adopted the standards articulated by the Supreme Court in *Frow* -- reasoned that "consistent damage awards on the same claim are essential among joint and several tortfeasors." *Hunt* 770 F.2d at 148 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1324

8

(7th Cir. 1983)).  Accordingly, a default judgment against Dunn would be premature and prejudicial to Defendant.[4]

As noted above, the allegations of Plaintiff's Complaints against Defendant, both in the Doe case and in this case, were very clear:  these defendants are jointly and severally liable; they participated together in one massive, collective activity; and they could not possibly have acted alone because this was such a huge undertaking – in fact, the nature of the technology requires concerted action.  Thus, for Plaintiff now to say that each act of infringement was discrete and unique is not only disingenuous, it gives the lie to the entire foundation of Plaintiff's cases across the nation.  Either the defendants worked together or they didn't.  Either they participated in the BitTorrent or they didn't.  This is a question of fact without which Plaintiff cannot succeed in its case:  if Plaintiff wants to concede this issue, it should be required to dismiss its entire case against Defendant.  The fact that Deus settled and Dunn defaulted does not change Plaintiff's burden on this score.

### IV.  PLAINTIFF'S JUDGMENT AGAINST DUNN MUST TAKE INTO CONSIDERATION ALL OTHER RECOVERY PLAINTIFF HAS HAD FOR THE SAME INFRINGEMENT

Where, as here, a copyright plaintiff alleges that two or more defendants have joined in or contributed to the same infringement, the Copyright Act provides for joint and several liability and limits any recovery of statutory damages to a single award. 17 U.S.C. § 504(c)(1). See also Nimmer on Copyright § 14.04[E][2][d] at 14-109; *Fitzgerald v. Publ'g Co., Inc. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1117 (2d Cir. 1986). It is well settled that "[a] plaintiff is not entitled to recover twice for the same injury." *Sparaco*

---

[4] Defendant also respectfully incorporates its arguments offered in its previous filing in this matter, Docket 87.

*v. Lawler, Matusky, Skelly Engineers LLP*, 313 F. Supp. 2d 247, 250 (S.D.N.Y. 2004); *see also Fitzgerald v. CBS Broad., Inc.*, 491 F. Supp. 2d 177, 182-83 (D. Mass. 2007) (infringements of the same work by two divisions of a corporation cannot give rise to duplicative statutory damages claims in distinct actions against each division).

Even if the "infringers are sued in separate actions, a satisfaction of the judgment in the first action will constitute a defense to any succeeding actions." Terence P. Ross, *Intellectual Property Law: Damages and Remedies* § 2.02[3][h][iv], at 2-51 (2005). Non-settling defendants "are entitled to a reduction in the judgment against them by the amounts received by [plaintiff] in settlement of claims for the same injury." *BUC Int'l Corp. v. Int'l Yacht Council*, 517 F.3d 1271, 1278 (11th Cir. 2008). "[T]he modern view ... is that an offset is conventional where needed to prevent recovering twice for the same harm." *Id.* at 473, aff'g Civ. No. 00-1338 (RLA), 2009 U.S. Dist. LEXIS 25864, *3 (D.P.R. Mar. 27, 2009) ("The one-satisfaction rule, which provides that payments previously made by persons jointly liable shall be credited to the sums due by judgment, has been found applicable to infringement suits brought under the Copyright Act.") (citing *BUC Int'l*).

As "copyright infringement is in the nature of a tort, for which all who participate in the infringement are jointly and severally liable... under elementary principles of tort law a plaintiff is entitled to only one recovery for a wrong. Payments made in partial satisfaction of a claim are credited against the remaining liability." *Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.*, 453 F.2d 552, 554 (2d Cir. 1972) (citations omitted). In this way, "plaintiffs cannot enrich themselves unjustly by receiving

double indemnity for a single injury." *Torres-Troche v. Yauco*, 873 F.2d 499, 501 (1st Cir. 1989).

Plaintiff sued John Does 1 through 30 in the original Doe complaint in February, accusing them of participating in the same swarm, downloading pornography and thereby infringing upon Plaintiff's copyrights. Plaintiff explicitly asserted that they were all jointly and severally liable for this conduct. See Doe Complaint ¶12, quoted above. Once Plaintiff had obtained the personal identifying information for these Does, Plaintiff selectively sued Defendant, Deus and Dunn, once again alleging that they were jointly and severally liable. See Complaint ¶14, quoted above. Based upon a review of the PACER website, at least eight of the original thirty Doe defendants in this case settled before they were even named as defendants; Deus also settled with Plaintiff. It is impossible to tell whether Plaintiff has actually named and served any of the remaining Does besides Defendant and Dunn. Apparently, Plaintiff has already recovered – at a minimum – NINE separate times for this same alleged infringement. Yet, Plaintiff has not provided this Court with any information regarding those settlements so that the Court may determine whether a default judgment against Dunn would not result in the Plaintiff's "enrich[ing] themselves unjustly by receiving double indemnity for a single injury." *Torres-Troche*, supra, at 501.

Accordingly, for all of these reasons and for the reasons stated in Defendant's original objections, it is respectfully requested that a default judgment against Dunn not be entered at this time as it would be prejudicial to Defendant's ongoing case.

Respectfully submitted,

Jeff Fantalis
Defendant *pro se*
818 Trail Ridge Drive
Louisville CO 80027
(303) 482-1211

Dated:       November 9, 2012

**CERTIFICATION OF SERVICE**

I, Jeff Fantalis, hereby certify that on November 9, 2012, I caused this Motion For Leave To File A Surreply And Memorandum to be filed with the Clerk of the Court by U.S. Mail, delivery confirmation, at the following address:

Clerk's Office
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589

On the same date, I served a copy of this Motion For Leave To File A Surreply And Memorandum upon Plaintiff by U.S. Mail and courtesy e-mail to Plaintiff's attorney of record, pursuant to agreement with counsel:

Jason A. Kotzker
Kotzker Law Group
9609 S. University Blvd. #632134
Highlands Ranch CO 80163
Email: jason@klgip.com

Jeff Fantalis
Defendant *pro se*
Dated:       November 9, 2012