IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 12-cv-00886-MSK-MEH

MALIBU MEDIA, LLC,

 Plaintiff,

v.

JEFF FANTALIS; and
BRUCE DUNN,

 Defendants.

_____

**OPINION AND ORDER OVERRULING OBJECTIONS,
ADOPTING RECOMMENDATION IN PART, AND GRANTING IN PART
MOTION FOR DEFAULT JUDGMENT**
_____

  **THIS MATTER** comes before the Court pursuant to Mr. Fantalis' Objections **(# 87)** to the Magistrate Judge's October 2, 2012 Recommendation **(# 84)** that Plaintiff Malibu Media, LLC's ("Malibu") Motion for Default Judgment **(# 41)** against Mr. Dunn be granted, and Malibu's response **(# 95)**.

  Malibu's Complaint **(# 1)** alleges that various Defendants, including Mr. Fantalis and Mr. Dunn, were part of an online "swarm" involved in uploading and downloading computer files embodying a collection of works whose copyright is owned by Malibu. Malibu asserted two claims against each Defendant: (i) direct copyright infringement, in violation of 17 U.S.C. § 106 and § 504; and (ii) contributory copyright infringement. (Malibu has since expressed an intent to dismiss the contributory infringement claim against Mr. Fantalis.) Mr. Fantalis has appeared and is actively defending against Malibu's claims; Mr. Dunn has neither appeared nor participated in the suit in any way.

On July 17, 2012, Malibu moved **(# 41)** for a default judgment against Mr. Dunn. It sought, as relief: (i) $ 30,000 in statutory damages pursuant to 17 U.S.C. § 504(c)(1); (ii) $739.26 in attorney's fees and costs pursuant to 17 U.S.C. § 505; (iii) findings that Mr. Dunn "will continue to cause [Malibu irreparable injury]" through subsequent distribution of the copyrighted work, such that a permanent injunction against future infringement by Mr. Dunn would be appropriate; (iv) a directive that Mr. Dunn "destroy all copies of Plaintiff's works that [he] has downloaded onto any computer hard drive or server without Plaintiff's authorization," as well as "destroy all copies of the works transferred onto any physical medium or device" in Mr. Dunn's possession or control; and (v) the Court's retention of jurisdiction over the matter for further proceedings to enforce the judgment.

The Court referred the motion to the Magistrate Judge for a recommendation. On October 2, 2012, the Magistrate Judge issued a Recommendation **(# 84)** that the motion be granted. However, the Magistrate Judge found that "there is no allegation that Defendant Dunn has participated in repeated infringement," and thus, Malibu had not "established entitlement to willful infringement damages." The Magistrate Judge further stated that "as an exercise of judicial discretion, I believe a statutory damage award of $ 2,500.00 is appropriate and just in this case to accomplish the intent set forth by Congress in passing the Copyright Act."[1] The Magistrate Judge found that Malibu's request for injunctive relief (both as against future infringement and requiring Mr. Dunn to delete any copy of Malibu's copyrighted works), was "a reasonable requested and should be granted."

---

[1] The Recommendation does not offer any particular rationale or explanation as to how the $ 2,500 figure was reached. The Court notes, however, that Malibu has not objected to that finding, and thus, this Court need not address it.

Mr. Dunn did not file any objections to the Recommendation, but on October 13, 2012, Mr. Fantalis did, raising various arguments concerned with how findings made by the Court in granting the default judgment could adversely impair Mr. Fantalis' defense of the claims against him.  However, Mr. Fantalis has since settled all claims by and against Malibu **(# 115, 117)**, and thus, his Objections to the Recommendation have thus been rendered moot.

Accordingly, the Court overrules Mr. Fantalis' Objections as moot and finds it appropriate to enter judgment by default against Mr. Dunn.  However, the Court, consider the matter *sua sponte*, finds it necessary to modify the items of injunctive relief recommended by the Magistrate Judge.

To obtain prospective injunctive relief, a party must show: (i) it has suffered an irreparable injury; (ii) that legal remedies (*i.e.* money damages), are inadequate to compensate for that injury; (iii) that the balance of hardships favors such relief; and (iv) the injunction is not adverse to the public interest.  *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Although injunctions are directed at future conduct, in deciding whether an irreparable injury has occurred, the Court considers both past harm and any potential for future harm.  *K-Tec v. Vita-Mix*, 765 F.Supp.2d 1304, 1318 (D.Ut. 2011).

Malibu argues in its motion for default judgment that it has suffered irreparable harm in that "absent an injunction, [Mr. Dunn] will continue to cause [Malibu] irreparable injury" because he "continues, and will continue, to harm Plaintiff on a daily basis."  It argues that "absent injunctive relief to force deletion of each torrent file or copy of [Malibu's works] from Defendant's computers . . . infringement of the works can continue unabated."  But neither the Complaint nor Malibu's affidavit in support of the motion for default judgment establish that the file containing Malibu's works remains on Mr. Dunn's computer, or that Mr. Dunn continues to

distribute that file to others. The Complaint's factual allegations refer to Mr. Dunn having distributed Malibu's works on a single day, namely a "hit date" of January 18, 2012. It does not allege that Mr. Dunn distributed the file on any other date, nor that he continues to distribute the file at present, nor that he intends to do so in the future. Indeed, notwithstanding Malibu's argument in its brief, it has not come forward with allegations or evidence that the file even remains on Mr. Dunn's computer at the present time or that Mr. Dunn continues to use the BitTorrent protocol to share any files.[2] It may very well be that Malibu's argument has merit, but simply put, Malibu has not supported that argument with the requisite factual showing.

Under these circumstances, Malibu has not shown that Mr. Dunn "will continue" to cause irreparable injury to Malibu. Malibu has not argued that the past harm caused by Mr. Dunn is sufficiently irreparable that injunctive relief is warranted solely on that basis.[3] Accordingly, the Court finds that Malibu has failed to make a showing sufficient to entitle it to injunctive relief.

The Court also has concerns about the scope of the order directing the destruction by Mr. Dunn of copies of the works in question. 17 U.S.C. § 503(b) provides that "the court may order the destruction . . . of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights." However, the injunction requested by Malibu is broader than that: it seeks destruction of "all copies of Plaintiff's Works that Defendant has downloaded

---

[2] The Court is cognizant of the reality that some internet users are inveterate sharers of copyrighted materials. The Court is also cognizant of the reality that some internet users, once accused of wrongdoing or named in a lawsuit, foreswear all future sharing of copyrighted materials, whether out of fear, embarrassment, a newly-calibrated moral compass, or some other ground. It is impossible to say on the instant record which category (if either) Mr. Dunn falls into.

[3] Malibu's motion seems to suggest that it can quantify the harm in incurred as a result of Mr. Dunn's conduct, stating that "Plaintiff's actual damages are the lost sales of its DVDs [and] in the aggregate, these lost sales far exceed $ 30,000." Nevertheless, apparently for strategic reasons, Malibu has elected to forego seeking actual damages and elected to pursue only statutory damages.

onto any computer hard drive or server without Plaintiff's authorization, and [that Mr. Dunn] shall destroy all copies of the Works transferred onto any physical medium or device in Defendant's possession, custody, or control." An argument could be made that the language chosen by Malibu exceeds that which is permitted under the statute, and there is no reason why deviation from the actual statutory language is required here. It is sufficient that Mr. Dunn be directed to destroy "all copies of the Works made or used by him in violation of Malibu's exclusive rights, as well as all masters in his possession from which such copies may be reproduced."

Accordingly, the Court **OVERRULES** Mr. Fantalis' Objections **(# 87)** as moot, **ADOPTS** the Magistrate Judge's Recommendation in part, and **GRANTS IN PART AND DENIES IN PART** Malibu's Motion for Default Judgment **(# 41)** against Mr. Dunn. The Court will enter a default judgment in Malibu's favor on the terms set forth herein.

Dated this 19th day of March, 2013.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge

5